# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

10X GENOMICS, INC. and PRESIDENT
AND FELLOWS OF HARVARD
COLLEGE,

   Plaintiffs,

  v.

NANOSTRING TECHNOLOGIES, INC.,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)

C.A. No. 22-261 (MFK)

**JURY TRIAL DEMANDED**

## NANOSTRING TECHNOLOGIES, INC. ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT

OF COUNSEL:

Edward R. Reines
Derek C. Walter
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

FARNAN LLP
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant*
*Nanostring Technologies, Inc.*

Date: May 26, 2022

Defendant NanoString Technologies, Inc. ("NanoString"), answers and responds to each of the allegations in the First Amended Complaint ("FAC") of Plaintiffs 10x Genomics, Inc. ("10x") and President and Fellows of Harvard College ("Harvard") (collectively "Plaintiffs"). Unless expressly admitted, NanoString denies each and every allegation in Plaintiffs' FAC.  To the extent the allegations in the FAC purport to characterize the nature or contents of the Exhibits to the FAC, NanoString lacks sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them.  Additionally, to the extent that the headings or any other non-numbered statements in the FAC contain any allegations, NanoString denies each and every such allegation.

## NATURE OF THE ACTION

1.      NanoString admits that the FAC purports to state a claim for patent infringement of United States Patent Nos. 10,227,639 ("the 639 Patent), 11,021,737 ("the 737 Patent"), 11,293,051 ("the 051 Patent"), 11,293,052 ("the 052 Patent"), and 11,293,054 ("the 054 Patent") (collectively, the "Asserted Patents") arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271.  Except as so admitted, NanoString denies any remaining allegations in paragraph 1.

## THE PARTIES

2.      Admitted.

3.      Denied.

4.      NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 4 and on that basis denies them.

5.      NanoString admits that it is a Delaware Corporation with its principal place of business is located in Seattle, WA. Except as so admitted, NanoString denies any remaining allegations in paragraph 5.

6.      Denied.

## JURISDICTION AND VENUE

7.      NanoString incorporates by reference and restates its responses to paragraphs 1-6 of the FAC as though fully set forth herein.

8.      NanoString admits that the FAC purports to state a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., including in particular 35 U.S.C. §§ 271. NanoString further admits that this Court has subject matter jurisdiction over causes of action for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      NanoString admits that it is an entity organized under the laws of Delaware and that venue is proper in this District. Except as so admitted, NanoString denies any remaining allegations of paragraph 9.

### A.      Response to Allegations Regarding 10x's Products

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

### B.      Response To Allegations Regarding 10x and *In Situ* Technologies

15.     Paragraph 15 of the FAC includes allegations that are vague, ambiguous, and incomplete, and on that basis NanoString denies the allegations of paragraph 15.

16.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 and on that basis denies them.

17.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 and on that basis denies them.

**C.     Response to Allegations Regarding NanoString's Products**

18.     NanoString admits that it announced the launch of its Technology Access Program for the Spatial Molecular Imager Platform in March 2021.  NanoString further admits that it issued a press release referencing the new CosMx Spatial Molecular Imager in November 2021. NanoString admits that Paragraph 18 accurately quotes a portion of NanoString's website. Paragraph 18 of the FAC further includes allegations that purport to characterize technical aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 18.

19.     Denied.

20.     NanoString admits that it markets certain products under the trade name CosMx. Paragraph 20 of the FAC further includes allegations that purport to characterize technical aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 20.

**D.     Response to Allegations Regarding the Patents In Suit**

21.     Denied.

22.     NanoString admits that, on its face, the 639 Patent states that it was issued on March 12, 2019 and that it lists the named inventors as Daniel Levner, Jehyuk Lee, George M. Church, and Michael Super.  Except as so admitted, NanoString denies any remaining allegations of paragraph 22.

23.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 and on that basis denies them.

24.     NanoString admits that, on its face, the 737 Patent states that it was issued on June 1, 2021 and that it lists the named inventors as Daniel Levner, Jehyuk Lee, George M. Church, and Michael Super.  Except as so admitted, NanoString denies any remaining allegations of paragraph 24.

25.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 25 and on that basis denies them.

26.     NanoString admits that, on its face, the 051 Patent states that it was issued on April 5, 2022, and that it lists the named inventors as Daniel Levner, Jehyuk Lee, George M. Church, and Michael Super.  Except as so admitted, NanoString denies any remaining allegations of paragraph 26.

27.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 27 and on that basis denies them.

28.     NanoString admits that, on its face, the 052 Patent states that it was issued on April 5, 2022, and that it lists the named inventors as Daniel Levner, Jehyuk Lee, George M. Church, and Michael Super.  Except as so admitted, NanoString denies any remaining allegations of paragraph 28.

29.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 and on that basis denies them.

30.     NanoString admits that, on its face, the 054 Patent states that it was issued on April 5, 2022, and that it lists the named inventors as Daniel Levner, Jehyuk Lee, George M. Church,

and Michael Super. Except as so admitted, NanoString denies any remaining allegations of paragraph 30.

31.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 31 and on that basis denies them.

## COUNT I

32.     NanoString incorporates and restates by reference its responses to paragraphs 1-31 of the FAC as though fully set forth herein.

33.     Denied.

34.     Denied.

35.     Denied.

## COUNT II

36.     NanoString incorporates and restates by reference its responses to paragraphs 1-35 of the FAC as though fully set forth herein.

37.     Denied.

38.     Denied.

39.     Denied.

## COUNT III

40.     NanoString incorporates and restates by reference its responses to paragraphs 1-39 of the FAC as though fully set forth herein.

41.     Denied.

42.     Denied.

43.     Denied.

**COUNT IV**

44.     NanoString incorporates and restates by reference its responses to paragraphs 1-43 of the FAC as though fully set forth herein.

45.     Denied.

46.     Denied.

47.     Denied.

**COUNT V**

48.     NanoString incorporates and restates by reference its responses to paragraphs 1-47 of the FAC as though fully set forth herein.

49.     Denied.

50.     Denied.

51.     Denied.

**PRAYER FOR RELIEF**

NanoString denies that Plaintiffs are entitled to any relief whatsoever, including the relief stated in paragraphs A through F, from either NanoString or the Court.  Plaintiffs' prayer for relief should be denied in its entirety.

**AFFIRMATIVE DEFENSES**

NanoString hereby sets forth defenses to the FAC in order to place Plaintiffs on notice regarding applicable defenses.  By listing any matter as a defense herein, NanoString does not assume the burden of proving any matter upon which Plaintiffs, or any other party, bears the burden of proof under applicable law.

## FIRST DEFENSE – NON-INFRINGEMENT

NanoString has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

## SECOND DEFENSE – INVALIDITY

The asserted claims of the Asserted Patents are invalid for failing to comply with one or more of the requirements for patentability under, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112 et seq., and the rules, regulations, and laws pertaining to those provisions, including the applicable provisions of Title 37 of the Code of Federal Regulations.

## THIRD DEFENSE – 35 U.S.C. § 287

Plaintiffs' patent infringement claims and Prayer for Relief are limited by 35 U.S.C. § 287.

## FOURTH DEFENSE – ADEQUATE REMEDY AT LAW

Plaintiffs have an adequate remedy at law and the alleged injury to Plaintiffs is not immediate or irreparable. Accordingly, Plaintiffs are not entitled to injunctive relief even if it were able to establish liability.

## FIFTH DEFENSE – NO EXCEPTIONAL CASE

NanoString has not engaged in any conduct that would make this an exceptional case or that would entitle Plaintiffs to an award of attorneys' fees.

## SIXTH DEFENSE – FAILURE TO STATE A CLAIM

Plaintiffs' FAC fails to state a claim upon which relief may be granted.

## NANOSTRING'S COUNTERCLAIMS AGAINST PLAINTIFFS

In support of its counterclaims against Plaintiffs, NanoString alleges as follows:

## NATURE OF THE ACTION

1.      In response to Plaintiffs' allegations in the FAC, NanoString seeks a declaratory judgment that it has not infringed the Asserted Patents and that the Asserted Patents are invalid, arising under the Patent Laws of the United States 35 U.S.C. § 271 *et seq.*

## THE PARTIES

2.      Plaintiff 10x is a Delaware corporation with its principal place of business at 6230 Stoneridge Mall Road, Pleasanton, CA 94588.

3.      Plaintiff Harvard is a Massachusetts educational institution according to its allegations in the FAC.

4.      NanoString is a Delaware corporation with its principal place of business at 530 Fairview Ave. N, Seattle, WA 98109.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over NanoString's declaratory judgment counterclaims pursuant to 28 U.S.C. §§ 2201 & 2202.

6.      The Court has personal jurisdiction over Plaintiffs because Plaintiff 10x is a Delaware corporation and both Plaintiffs have consented to jurisdiction in this District by filing their FAC in this action.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Plaintiff 10x is a Delaware corporation and both Plaintiffs have consented to this venue by filing their original Complaint in this action.

**FIRST COUNT**

**(Declaration of Non-Infringement of United States Patent No. 10,227,639)**

8.      NanoString incorporates by references and restates the preceding Paragraphs 1-7 of its Counterclaims as though fully set forth herein.

9.      Plaintiffs have brought an action asserting the 639 Patent against NanoString.

10.     Plaintiff Harvard has alleged that it is the legal owner by assignment of the 639 Patent.

11.     Plaintiff 10x has alleged that it is the exclusive licensee of the 639 Patent.

12.     Plaintiffs have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 639 Patent.

13.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 639 Patent.

14.     NanoString's products are not infringing directly or in any other manner any valid and enforceable claim of the 639 Patent.

15.     For example, as described therein, when properly construed, the 639 Patent claims require analytes to be immobilized in the sample for analyte identification.   In contrast, NanoString's CosMx SMI does not immobilize analytes for analyte identification.

16.     Also, as described therein, when properly construed, the 639 Patent claims require pre-determined subsequences to form an identifier of analyte.  In contrast, to the extent they are used in CosMx SMI, pre-determined subsequences are not identifiers, but intermediate sequences for hybridization of probes.

17.     Furthermore, as described therein, when properly construed, the 639 Patent claims require a first decoder probe to be removed before the hybridization of the second decoder probe. In contrast, CosMx SMI do not remove any such decoder probes during hybridization.

18.     Moreover, as described therein, when properly construed, the 639 Patent claims require identification of a probe for analyte identification. In contrast, NanoString's CosMx SMI does not identify a probe to identify an analyte.

19.     Besides, as described therein, when properly construed, the 639 Patent claims require the use of two detectable labels for analyte identification. To the extent any accused products do not use two detectable labels for analyte identification, they do not infringe the 639 Patent.

20.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 639 Patent.

21.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SECOND COUNT

### (Declaration of Non-Infringement of United States Patent No. 11,021,737)

22.     NanoString incorporates by references and restates the preceding Paragraphs 1-21 of its Counterclaims as though fully set forth herein.

23.     Plaintiffs have brought an action asserting the 737 Patent against NanoString.

24.     Plaintiff Harvard has alleged that it is the legal owner by assignment of the 737 Patent.

25.     Plaintiff 10x has alleged that it is the exclusive licensee of the 737 Patent.

26.     Plaintiffs have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 737 Patent.

27.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 737 Patent.

28.     NanoString's products are not infringing directly or in any other manner any valid and enforceable claim of the 737 Patent.

29.     For example, as described therein, when properly construed, the 737 Patent claims require the analytes to be in the cell or tissue sample during analyte identification.  In contrast, NanoString's CosMx SMI does not identify analytes in the cell or tissue sample.

30.     Furthermore, as described therein, when properly construed, the 737 Patent claims require signal signatures to be associated with one or more pre-determined subsequences.  In contrast, to the extent they are used in CosMx SMI, signal signatures are not associated with pre-determined subsequences, but with the hybridized decoder probes.

31.     Moreover, as described therein, when properly construed, the 737 Patent claims require first decoder probe to be removed before the hybridization of the second decoder probe. In contrast, CosMx SMI does not remove the decoder probes during serial hybridization.

32.     Besides, as described therein, when properly construed, the 737 Patent require a temporal order of signal signatures for analyte identification. To the extent any accused products do not use a temporal order of signal signatures for analyte identification, they do not infringe the 639 Patent.

33.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 737 Patent.

34.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## THIRD COUNT

### (Declaration of Non-Infringement of United States Patent No. 11,293,051)

35.     NanoString incorporates by references and restates the preceding Paragraphs 1-34 of its Counterclaims as though fully set forth herein.

36.     Plaintiffs have brought an action asserting the 051 Patent against NanoString.

37.     Plaintiff Harvard has alleged that it is the legal owner by assignment of the 051 Patent.

38.     Plaintiff 10x has alleged that it is the exclusive licensee of the 051 Patent.

39.     Plaintiffs have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 051 Patent.

40.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 051 Patent.

41.     NanoString's products are not infringing directly or in any other manner any valid and enforceable claim of the 051 Patent.

42.     For example, as described therein, when properly construed, the 051 Patent claims require the analytes to be in the cell or tissue sample for analyte identification.  In contrast, NanoString's CosMx SMI does not identify analytes in the cell or tissue sample.

43.     Also, as described therein, when properly construed, the 051 Patent claims require a temporal order of signal signatures to correspond to a location in a cell or tissue sample. In contrast, NanoString's CosMx SMI does not use a temporal order of signal signatures corresponding to a location.

44.     Furthermore, as described therein, when properly construed, the 051 Patent claims require first plurality of signal signatures to be removed from the cell or tissue sample before the

second readout cycle.  In contrast, CosMx SMI does not remove the first signal signatures from the cell or tissue sample, but from the bound probes.

45.     Moreover, as described therein, when properly construed, the 051 Patent claims require the first subset of detection reagents associated with the first set of decoding reagents and the second set of detection reagents associated with the second set of decoding reagents to overlap. To the extent any of the accused products do not let the first subset of detection reagents and the second subset of detection reagents to overlap, they do not infringe the 051 Patent.

46.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 051 Patent.

47.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## FOURTH COUNT

### (Declaration of Non-Infringement of United States Patent No. 11,293,052)

48.     NanoString incorporates by references and restates the preceding Paragraphs 1-47 of its Counterclaims as though fully set forth herein.

49.     Plaintiffs have brought an action asserting the 052 Patent against NanoString.

50.     Plaintiff Harvard has alleged that it is the legal owner by assignment of the 052 Patent.

51.     Plaintiff 10x has alleged that it is the exclusive licensee of the 052 Patent.

52.     Plaintiffs have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 052 Patent.

53.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 052 Patent.

54.     NanoString's products are not infringing directly or in any other manner any valid and enforceable claim of the 052 Patent.

55.     For example, as described therein, when properly construed, the 052 Patent claims require the analyte to be at a location in a biological sample during identification.  In contrast, NanoString's CosMx SMI does not identify the analyte at the location in a biological sample.

56.     Furthermore, as described therein, when properly construed, the 052 Patent claims require the first optical signal to be removed from the location in the biological sample before the second readout cycle.  In contrast, CosMx SMI does not remove the first optical signal from the sample, but from the bound probes.

57.     Moreover, as described therein, when properly construed, the 052 Patent claims require the detection of multiple signal signatures and the absence thereof during analyte identification. To the extent any of the accused products do not detect multiple signal signatures for analyte detection, they do not infringe the 052 Patent.

58.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 052 Patent.

59.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**FIFTH COUNT**

**(Declaration of Non-Infringement of United States Patent No. 11,293,054)**

60.     NanoString incorporates by references and restates the preceding Paragraphs 1-59 of its Counterclaims as though fully set forth herein.

61.     Plaintiffs have brought an action asserting the 054 Patent against NanoString.

62.     Plaintiff Harvard has alleged that it is the legal owner by assignment of the 054 Patent.

63.     Plaintiff 10x has alleged that it is the exclusive licensee of the 054 Patent.

64.     Plaintiffs have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 054 Patent.

65.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 054 Patent.

66.     NanoString's products are not infringing directly or in any other manner any valid and enforceable claim of the 054 Patent.

67.     For example, as described therein, when properly construed, the 054 Patent claims require generation of signal signatures in a cell or tissue sample.  In contrast, NanoString's CosMx SMI does not generate a signal signatures in a cell or tissue sample.

68.     Furthermore, as described therein, when properly construed, the 054 Patent claims require a nucleic acid label coupled to a probe to permit the said probe to bind to an analyte. In contrast, to the extent it is used in NanoString's CosMx SMI, the nucleic acid label does not permit the probe to bind to an analyte.  Rather, the probe is itself designed to target an analyte.

69.     Moreover, as described therein, when properly construed, the 054 Patent claims require first decoder probe to be removed before the hybridization of the second decoder probe. In contrast, CosMx SMI do not remove the decoder probes during serial hybridization.

70.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 054 Patent.

71.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SIXTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 10,227,639)

72.     NanoString incorporates by references and restates the preceding Paragraphs 1-71 of its Counterclaims as though fully set forth herein.

73.     Plaintiffs have brought an action asserting the 639 Patent against NanoString.

74.     Plaintiff Harvard has alleged that it is the legal owner by assignment of the 639 Patent.

75.     Plaintiff 10x has alleged that it is the exclusive license of the 639 Patent.

76.     Plaintiffs have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 639 Patent.

77.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 639 Patent.

78.     The claims of the 639 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

79.     For example, the asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent No. 10,961,566 ("Chee"), alone or in combination with additional prior art, including U.S. Patent App. Pub. No. 2005/0064435 ("Su"), Göransson et al., A single molecule array for digital targeted molecular analyses, 37 Nucleic Acids Research e7 (2008) ("Göransson"), or U.S. Patent No. 8,741,566 ("Winther"), which disclose and/or render obvious all elements of the claims of the Asserted Patents.

80.     All claims of the Asserted Patents are further invalid for failure to satisfy the requirements of 35 U.S.C. § 112.  For example, the claim term "temporal order", read in light of the specification and the prosecution history, fails to inform, with reasonable certainty, those skilled in the art of the boundaries of protected subject matter, and therefore does not meet the definiteness standard.

81.     Moreover, the specifications of the Asserted Patents fail to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claims.  For example, there is a lack of an adequate written description and a lack of enablement for signal detection in the cell or tissue sample.

82.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 639 Patent.

83.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SEVENTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,021,737)

84.     NanoString incorporates by references and restates the preceding Paragraphs 1-83 of its Counterclaims as though fully set forth herein.

85.     Plaintiffs have brought an action asserting the 737 Patent against NanoString.

86.     Plaintiff Harvard has alleged that it is the legal owner by assignment of the 737 Patent.

87.     Plaintiff 10x has alleged that it is the exclusive license of the 737 Patent.

88.     Plaintiffs have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 737 Patent.

89.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 737 Patent.

90.     The claims of the 737 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

91.     For example, the asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent No. 10,961,566 ("Chee"), alone or in combination with additional prior art, including U.S. Patent App. Pub. No. 2005/0064435 ("Su"), Göransson et al., A single molecule array for digital targeted molecular analyses, 37 Nucleic Acids Research e7 (2008) ("Göransson"), or U.S. Patent No. 8,741,566 ("Winther"), which disclose and/or render obvious all elements of the claims of the Asserted Patents.

92.     All claims of the Asserted Patents are further invalid for failure to satisfy the requirements of 35 U.S.C. § 112.  For example, the claim term "temporal order", read in light of the specification and the prosecution history, fails to inform, with reasonable certainty, those skilled in the art of the boundaries of protected subject matter, and therefore does not meet the definiteness standard.

93.     Moreover, the specifications of the Asserted Patents fail to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claims.  For example, there is a lack of an adequate written description and a lack of enablement for generating a three dimensional matrix of nucleic acids in situ in a cell or tissue sample and amplifying, detecting, and sequencing such nucleic acids within the matrix;

there is also a lack of an adequate written description and a lack of enablement for analyte detection while allowing spatial movement of an analyte in a sample.

94.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 737 Patent.

95.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## EIGHTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,293,051)

96.     NanoString incorporates by references and restates the preceding Paragraphs 1-95 of its Counterclaims as though fully set forth herein.

97.     Plaintiffs have brought an action asserting the 051 Patent against NanoString.

98.     Plaintiff Harvard has alleged that it is the legal owner by assignment of the 051 Patent.

99.     Plaintiff 10x has alleged that it is the exclusive license of the 051 Patent.

100.     Plaintiffs have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 051 Patent.

101.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 051 Patent.

102.     The claims of the 051 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

103.     For example, the asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent No. 10,961,566 ("Chee"), alone or in combination with additional prior art, including U.S. Patent App. Pub. No. 2005/0064435 ("Su"), Göransson et al., A single molecule array for digital targeted molecular analyses, 37 Nucleic Acids Research e7 (2008) ("Göransson"), or U.S. Patent No. 8,741,566 ("Winther"), which disclose and/or render obvious all elements of the claims of the Asserted Patents.

104.     Moreover, the specifications of the Asserted Patents fail to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claims.  For example, there is a lack of an adequate written description and a lack of enablement for generating a three dimensional matrix of nucleic acids in situ in a cell or tissue sample and amplifying, detecting, and sequencing such nucleic acids within the matrix; there is also a lack of an adequate written description and a lack of enablement for analyte detection while allowing spatial movement of an analyte in a sample.

105.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 051 Patent.

106.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## NINTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,293,052)

107.     NanoString incorporates by references and restates the preceding Paragraphs 1-106 of its Counterclaims as though fully set forth herein.

108.     Plaintiffs have brought an action asserting the 052 Patent against NanoString.

109.     Plaintiff Harvard has alleged that it is the legal owner by assignment of the 052 Patent.

110.    Plaintiff 10x has alleged that it is the exclusive license of the 052 Patent.

111.    Plaintiffs have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 052 Patent.

112.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 052 Patent.

113.    The claims of the 052 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

114.    For example, the asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent No. 10,961,566 ("Chee"), alone or in combination with additional prior art, including U.S. Patent App. Pub. No. 2005/0064435 ("Su"), Göransson et al., A single molecule array for digital targeted molecular analyses, 37 Nucleic Acids Research e7 (2008) ("Göransson"), or U.S. Patent No. 8,741,566 ("Winther"), which disclose and/or render obvious all elements of the claims of the Asserted Patents.

115.    All claims of the Asserted Patents are further invalid for failure to satisfy the requirements of 35 U.S.C. § 112.  For example, the claim terms "signal signature" and "temporal order", read in light of the specification and the prosecution history, fails to inform, with reasonable certainty, those skilled in the art of the boundaries of protected subject matter, and therefore does not meet the definiteness standard.

116.    Moreover, the specifications of the Asserted Patents fail to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to

practice the full scope of the claims.  For example, there is a lack of an adequate written description and a lack of enablement for analyte identification at a location in a biological sample.

117.    By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 052 Patent.

118.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## **TENTH COUNT**

### **(Declaration of Invalidity of U.S. Patent No. 11,293,054)**

119.    NanoString incorporates by references and restates the preceding Paragraphs 1-118 of its Counterclaims as though fully set forth herein.

120.    Plaintiffs have brought an action asserting the 054 Patent against NanoString.

121.    Plaintiff Harvard has alleged that it is the legal owner by assignment of the 054 Patent.

122.    Plaintiff 10x has alleged that it is the exclusive license of the 054 Patent.

123.    Plaintiffs have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 054 Patent.

124.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 054 Patent.

125.    The claims of the 054 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

126.     For example, the asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent No. 10,961,566 ("Chee"), alone or in combination with additional prior art, including U.S. Patent App. Pub. No. 2005/0064435 ("Su"), Göransson et al., A single molecule array for digital targeted molecular analyses, 37 Nucleic Acids Research e7 (2008) ("Göransson"), or U.S. Patent No. 8,741,566 ("Winther"), which disclose and/or render obvious all elements of the claims of the Asserted Patents.

127.     All claims of the Asserted Patents are further invalid for failure to satisfy the requirements of 35 U.S.C. § 112.  For example, the claim term "temporal order", read in light of the specification and the prosecution history, fails to inform, with reasonable certainty, those skilled in the art of the boundaries of protected subject matter, and therefore does not meet the definiteness standard.

128.     Moreover, the specifications of the Asserted Patents fail to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claims.  For example, there is a lack of an adequate written description and a lack of enablement for signal detection in the cell or tissue sample.

129.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 054 Patent.

130.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## **REQUEST FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' FAC and having asserted Affirmative Defenses, and Counterclaims, NanoString respectfully requests the following relief:

      A.     That this Court enter judgment on Plaintiffs' FAC and NanoString's Counterclaims in favor of NanoString, against Plaintiffs, with Plaintiffs being awarded no relief of any kind in this action;

      B.     That this Court enter judgment and/or declarations that NanoString does not infringe the Asserted Patents and that the Asserted Patents are invalid;

      C.     That this Court enter a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding NanoString its attorneys' fees and prejudgment and post-judgment interest;

      D.     That this Court award NanoString all of its costs of this action; and

      E.     That this Court grant such other and further relief as the Court shall deem just and proper.

Dated: May 26, 2022

OF COUNSEL:

Edward R. Reines
Derek C. Walter
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

Respectfully submitted,

FARNAN LLP

By: */s/ Michael J. Farnan*
    Brian E. Farnan (Bar No. 4089)
    Michael J. Farnan (Bar No. 5165)
    919 N. Market St., 12th Floor
    Wilmington, DE 19801
    (302) 777-0300
    (302) 777-0301 (Fax)
    bfarnan@farnanlaw.com
    mfarnan@farnanlaw.com

    *Attorneys for Defendant*
    *Nanostring Technologies, Inc.*