IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-261 (MFK) |
| NANOSTRING TECHNOLOGIES, INC., | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**PLAINTIFFS 10X GENOMICS, INC. AND PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S ANSWER AND DEFENSES TO NANOSTRING'S COUNTERCLAIMS**

Plaintiffs 10x Genomics, Inc. ("10x") and President and Fellows of Harvard College ("Harvard") (together, "Plaintiffs") hereby answer the allegations in Defendant NanoString Technologies, Inc.'s Counterclaims ("Counterclaims") against Plaintiffs (D.I. 19). Unless expressly admitted, Plaintiffs deny each and every allegation in Defendant's Counterclaims. To the extent that any non-numbered statements in the Counterclaims contain allegations, Plaintiffs deny each and every such allegation.

**DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFFS**

**DEFENDANT'S ALLEGATIONS RE: NATURE OF THE ACTION**

1. Plaintiffs admit that Defendant's Counterclaims purport to seek declaratory judgment of non-infringement of United States Patent Nos. 11,227,639 ("639 Patent"); 11,021,737 ("737 Patent"); 11,293,051 ("051 Patent"); 11,293,052 ("052 Patent"); and 11,293,054 ("054 Patent") (collectively, the "Asserted Patents") and declaratory judgment that the Asserted Patents are invalid, arising under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq*. Except as so admitted, Plaintiffs deny any remaining allegations of this paragraph.

### DEFENDANT'S ALLEGATIONS RE: THE PARTIES

2. Admitted.

3. Admitted.

4. Admitted.

### DEFENDANT'S ALLEGATIONS RE: JURISDICTION AND VENUE

5. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs admit that the Court has subject matter jurisdiction over NanoString's counterclaims pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, 10x admits that it is a Delaware corporation. Plaintiffs admit that they filed their original Complaint and First Amended Complaint in Delaware in this action, and that the Court has personal jurisdiction over Plaintiffs for purposes of this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

7. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, 10x admits that it is a Delaware corporation. Plaintiffs admit that they filed their original Complaint and First Amended Complaint in Delaware in this action, and that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) for purposes of this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

### DEFENDANT'S FIRST COUNTERCLAIM:
### Seeking a Declaration of Non-Infringement of United States Patent No. 10,227,639

8. Plaintiffs incorporate and restate by reference their responses to paragraphs 1-7 of Defendant's Counterclaims as though fully set forth herein.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 639 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

14. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 17.

15. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

16. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

17. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

18. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

19. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

20. Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 639 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

21. Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

### DEFENDANT'S SECOND COUNTERCLAIM:

### Seeking a Declaration of Non-Infringement of United States Patent No. 11,021,737

22. Plaintiffs incorporate and restate by reference their responses to paragraphs 1-21 of Defendant's Counterclaims as though fully set forth herein.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 737 Patent but deny that

Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

28. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 17.

29. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

30. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

31. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

32. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

33. Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 737 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

34. Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural

schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## DEFENDANT'S THIRD COUNTERCLAIM:

### Seeking a Declaration of Non-Infringement of United States Patent No. 11,293,051

35. Plaintiffs incorporate and restate by reference their responses to paragraphs 1-34 of Defendant's Counterclaims as though fully set forth herein.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 051 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

41. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 17.

42. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

43. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

44. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

45. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

46. Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 051 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

47. Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

**DEFENDANT'S FOURTH COUNTERCLAIM:**

**Seeking a Declaration of Non-Infringement of United States Patent No. 11,293,052**

48. Plaintiffs incorporate and restate by reference their responses to paragraphs 1-47 of Defendant's Counterclaims as though fully set forth herein.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 052 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

54. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 17.

55. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

56. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

57. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

58. Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 052 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

59. Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

### DEFENDANT'S FIFTH COUNTERCLAIM:

### Seeking a Declaration of Non-Infringement of United States Patent No. 11,293,054

60. Plaintiffs incorporate and restate by reference their responses to paragraphs 1-59 of Defendant's Counterclaims as though fully set forth herein.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 054 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

66. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 17.

67. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

68. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

69. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

70. Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 054 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

71. Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

**DEFENDANT'S SIXTH COUNTERCLAIM:**

**Seeking a Declaration of Invalidity of U.S. Patent No. 10,227,639**

72. Plaintiffs incorporate and restate by reference their responses to paragraphs 1-71 of Defendant's Counterclaims as though fully set forth herein.

73. Admitted.

74. Admitted.

75. Admitted.

76. Admitted.

77. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 639 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

78. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

79. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

80. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

81. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

82. Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 639 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

83. Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

**DEFENDANT'S SEVENTH COUNTERCLAIM:**

**Seeking a Declaration of Invalidity of U.S. Patent No. 11,021,737**

84. Plaintiffs incorporate and restate by reference their responses to paragraphs 1-83 of Defendant's Counterclaims as though fully set forth herein.

85. Admitted.

86. Admitted.

87. Admitted.

88. Admitted.

89. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 737 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

90. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

91. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

92. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

93. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

94. Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 737 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

95. Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

### DEFENDANT'S EIGHTH COUNTERCLAIM:
### Seeking a Declaration of Invalidity of U.S. Patent No. 11,293,051

96. Plaintiffs incorporate and restate by reference their responses to paragraphs 1-95 of Defendant's Counterclaims as though fully set forth herein.

97. Admitted.

98. Admitted.

99. Admitted.

100. Admitted.

101. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 051 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

102. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

103. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

104. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

105. Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 051 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

106. Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## DEFENDANT'S NINTH COUNTERCLAIM:
### Seeking a Declaration of Invalidity of U.S. Patent No. 11,293,052

107. Plaintiffs incorporate and restate by reference their responses to paragraphs 1-106 of Defendant's Counterclaims as though fully set forth herein.

108. Admitted.

109. Admitted.

110. Admitted.

111. Admitted.

112. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 052 Patent but deny that

Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

113. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

114. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

115. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

116. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

117. Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 052 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

118. Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

<b><u>DEFENDANT'S TENTH COUNTERCLAIM:</u></b>

<b><u>Seeking a Declaration of Invalidity of U.S. Patent No. 11,293,054</u></b>

119. Plaintiffs incorporate and restate by reference their responses to paragraphs 1-118 of Defendant's Counterclaims as though fully set forth herein.

120. Admitted.

121. Admitted.

122. Admitted.

123. Admitted.

124. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 054 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

125. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

126. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

127. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

128. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

129. Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 054 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

130. Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural

schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## PLAINTIFFS' DEFENSES

By listing any matter as a defense herein, Plaintiffs do not assume the burden of proving any matter about which Defendant, or any other party, bears the burden of proof under applicable law.

### PLAINTIFFS' FIRST DEFENSE—FAILURE TO STATE A CLAIM

Defendant's Counterclaims fail to state a claim upon which relief can be granted.

### PLAINTIFFS' SECOND DEFENSE—INFRINGEMENT

Each of the asserted claims of the Asserted Patents is infringed.

### PLAINTIFFS' THIRD DEFENSE—VALIDITY

Each of the asserted claims of the Asserted Patents is valid and enforceable.

### PLAINTIFFS' FOURTH DEFENSE—NO EXCEPTIONAL CASE

Plaintiffs have not engaged in any conduct that would make this case exceptional and/or would entitle Defendant to an award of attorneys' fees.

## JURY DEMAND

Plaintiffs hereby request a jury trial on all matters so triable.

## PRAYER FOR RELIEF

Plaintiffs deny that Defendant is entitled to any relief whatsoever from either Plaintiffs or the Court, including the relief requested in paragraphs A-E of Defendant's Counterclaims.

Wherefore, in addition to the relief requested by Plaintiffs in their First Amended Complaint, Plaintiffs pray that the Court enter a judgment as follows:

    A.    That Defendant take nothing by way of its Counterclaims; and

B. That Plaintiffs be awarded such other and further relief as the Court may deem appropriate.

Respectfully Submitted,

OF COUNSEL:

Matthew Powers
Paul Ehrlich
Stefani Smith
Robert Gerrity
Li Shen
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA  94065
(650) 802-6000

Samantha Jameson
Kiley White
TENSEGRITY LAW GROUP LLP
8260 Greensboro Dr.
Suite 260
McLean, VA  22102-3848
(650) 802-6000

June 6, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Cameron P. Clark*

Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiffs 10x Genomics, Inc. and President and Fellows of Harvard College*

18

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 6, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Edward R. Reines, Esquire<br>Derek C. Walter, Esquire<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA  94065<br>*Attorneys for Defendant* | *VIA ELECTRONIC FILING* |

*/s/ Cameron P. Clark*
_____
Cameron P. Clark (#6647)

1