IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Plaintiffs,<br><br>    v.<br><br>NANOSTRING TECHNOLOGIES, INC.,<br><br>        Defendant. | C.A. No. 22-cv-261-MFK |

**JOINT STATUS REPORT**

Plaintiffs 10x Genomics, Inc. ("10x") and President and Fellows of Harvard College ("Harvard") and Defendant NanoString Technologies, Inc. ("NanoString") submit this Joint Status Report. *See* D.I. 22. The parties met and conferred on July 6 pursuant to the Court's June 28, 2022 Order. D.I. 22. In accordance with the Court's Order, the parties discussed whether and to what extent this case should be coordinated with Case No. 21-cv-653 ("the 653 Case"), the proposed case schedule, and the proposed discovery stipulation and order, protective order, and scheduling order. The parties have reached agreement on and will jointly submit a proposed protective order on July 12, 2022. The parties have also reached agreement on a proposed discovery stipulation and order and certain discovery limits set forth in a proposed scheduling order.[1] The parties have not reached agreement on a proposed case schedule and their respective positions on that dispute are set forth below.

---

[1] The parties will update the joint proposed scheduling order filed with this joint status report with dates following resolution of the dispute regarding their different proposed schedules.

1

I.  **EXTENT TO WHICH THIS CASE SHOULD BE COORDINATED WITH THE 653 CASE**

The parties agree that this case should not be coordinated with the 653 Case because the two cases are at different stages of litigation (this case was filed ten months later than the 653 Case), and they involve different co-plaintiffs (Prognosys Biosciences, Inc. ("Prognosys") in the 653 Case and Harvard in this case), different asserted patents, different technologies, and different and non-overlapping accused products. The parties agree to the efficient cross-use and cross-production of documents and privilege logs between the two cases, so that 10x's and NanoString's documents and privilege logs produced in one case will also be deemed produced in the other case. The cross-use and cross-production of documents and privilege logs do not apply to documents and logs produced by non-overlapping parties (Prognosys and Harvard) or to third parties. The parties will memorialize this agreement in their agreed proposed discovery stipulation and order.

II. **DISCOVERY AND PRETRIAL SCHEDULE**

The parties' respective case schedule proposals differ in various respects, including how much of the schedule to set now, the proposed trial date, and the sequencing of certain case events. A side-by-side chart of the two proposed schedules is included below.[2] The parties also present here short statements of their positions about the differences between these two schedules.

| EVENT | PLAINTIFFS' PROPOSED DEADLINE | NANOSTRING'S PROPOSED DEADLINE |
|---|---|---|
| Proposed Protective Order | July 12, 2022 (agreed) | July 12, 2022 (agreed) |

---

[2] NanoString also intends to seek leave to amend its counterclaims to add a counterclaim for infringement of U.S. Patent No. 11,377,689. NanoString has not yet provided a copy of its proposed amendment to Plaintiffs. NanoString states that it intends to move for leave to amend its pleadings on July 15, 2022. If leave to amend is granted, NanoString proposes that Plaintiffs respond to NanoString's amended counterclaim within 14 days following entry.

| EVENT | PLAINTIFFS' PROPOSED DEADLINE | NANOSTRING'S PROPOSED DEADLINE |
|---|---|---|
| Rule 26(a)(1) Initial Disclosures, including Initial Disclosures required by Section 3 of the Court's Default Standard for Discovery | July 19, 2022 (agreed) | July 19, 2022 (agreed) |
| Plaintiffs shall identify the accused product(s), including accused methods and systems, as well as the asserted patent(s), and file history for each asserted patent (¶ 7(a)) | July 25, 2022 (agreed) | July 25, 2022 (agreed) |
| Defendant shall produce core technical documents and sales figures for the accused product(s) and copies of prior art (¶ 7(b)) | July 25, 2022 | September 2, 2022 (Friday) |
| Plaintiffs shall produce its initial infringement contentions (¶ 7(c))<br><br>(50 asserted claims) | August 19, 2022 | September 23, 2022 |
| Defendant shall produce its initial invalidity contentions (¶ 7(d))<br><br>(50 or fewer prior art references; 10 or fewer prior art grounds per claim; 6 or fewer non-prior art grounds) | September 9, 2022 | October 24, 2022 (Mon) |
| Substantial completion of ESI production using Party's own search terms | October 7, 2022 | *NanoString proposes this and all of the deadlines below in the alternative to coordination with Vizgen*:<br><br>November 18, 2022 (Friday) |
| Exchange of ESI search terms for opposing party's custodians and sources | October 21, 2022 | December 16, 2022 (Friday) |
| Exchange list of claim terms | November 4, 2022 | December 2, 2022 |
| Substantial Completion of Document Production | December 16, 2022 | February 17, 2023 |
| Plaintiffs' Identification of 20 or Fewer Claims | Two weeks prior to serving final infringement and | Two weeks after the substantial completion of document |

| EVENT | PLAINTIFFS' PROPOSED DEADLINE | NANOSTRING'S PROPOSED DEADLINE |
|---|---|---|
| | invalidity contentions | production |
| Supplementation of Accused Products | January 13, 2023 | February 17, 2023 |
| Motions to Amend or Supplement Pleadings (except willfulness and inequitable conduct) | January 13, 2023 | January 27, 2023 (Friday) |
| Final Infringement Contentions; 20 or fewer asserted claims | January 20, 2023 | 30 days after Court's claim construction order |
| Final Invalidity Contentions; no more than 25 prior art references; 4 prior art grounds per claim; 4 non-prior art grounds per claim) | | |
| Motion to Amend or Supplement Pleadings for Inequitable Conduct and Willfulness | February 1, 2023 | March 10, 2023 |
| Parties shall exchange proposed constructions | February 1, 2023 | January 6, 2023 |
| Agreement regarding 10 terms to be submitted for construction | February 8, 2023 | January 20, 2023 |
| Fact Discovery Cut Off (excepting claim construction evidence) | February 22, 2023 | 90 days after Court's claim construction order |
| Submit joint claim construction chart | February 22, 2023 | February 17, 2023 (Friday) |
| Final Non-Infringement Contentions | February 22, 2023 | 60 days after Court's claim construction order |
| Final Validity Contentions | | |
| Defendant shall serve their opening claim construction brief (20 pages) | March 7, 2023 | March 3, 2023 (Friday) |
| Plaintiffs shall serve its answering claim construction brief (30 pages) | April 4, 2023 | March 31, 2023 (Friday) |
| Parties shall make expert witnesses available for deposition | April 10-14, 2023 | April 4-11, 2023 |
| Defendant shall serve their reply claim construction brief (20 pages) | April 19, 2023 | April 14, 2023 (Friday) |
| Plaintiffs shall serve its sur-reply claim construction brief (10 pages) | April 26, 2023 | April 21, 2023 (Friday) |

4

| EVENT | PLAINTIFFS' PROPOSED DEADLINE | NANOSTRING'S PROPOSED DEADLINE |
|---|---|---|
| Parties shall file a Joint Claim Construction Brief; technology tutorials; and joint letter regarding live testimony and amount of time for the claim construction hearing | May 3, 2023 | April 28, 2023 (Friday) |
| **Claim Construction Hearing** | Week of May 15, 2023 (subject to the Court's availability) | Week of May 15, 2023 (subject to the Court's availability) |
| Opening Expert Reports | July 14, 2023 | October 13, 2023 (Friday) |
| Rebuttal Expert Reports | August 11, 2023 | November 10, 2023 (Thursday) |
| Reply Expert Reports | September 1, 2023 | December 8, 2023 (Friday) |
| Completion of Expert Discovery | September 27, 2023 | January 8, 2024 (Thursday) |
| Opening briefs for dispositive motions and Daubert motions | October 18, 2023 | February 2, 2024 (Friday) |
| Responsive briefs for dispositive motions and Daubert motions | November 8, 2023 | February 23, 2024 (Friday) |
| Reply briefs for dispositive motions and Daubert motions | November 22, 2023 | March 15, 2024 (Friday) |
| The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference | January 12, 2024 | May 17, 2024 |
| Jury Instructions, Voir Dire, and Special Verdict Forms | January 19, 2024 | May 24, 2024 |
| Pretrial Conference | Week of January 22, 2024 (subject to the Court's availability) | Week of May 28, 2024 |
| Trial (five days) | February 12-16, 2024 (subject to the Court's availability) | Week of June 3, 2024 |

A.      **Plaintiffs' Position Statement Regarding the Parties' Schedule Proposals**

Plaintiffs' proposed schedule and February 2024 trial date closely track the timing of events set by the Northern District of Illinois's Local Patent Rules ("N.D. Ill. LPR") and are consistent

with the schedules set by Courts of the District of Delaware for similar cases. A February 2024 trial date represents a 24-month time to trial from the filing of the Complaint (D.I. 1)—very similar to the time to trial and corresponding schedule adopted in the 653 Case that also involves 10x Genomics and NanoString Technologies in this District. In the 653 Case, the Court set an initial trial date for roughly 25 months after the filing of the complaint and entered a schedule very similar to what Plaintiffs propose here. *10x Genomics Inc. v. NanoString Techs. Inc.*, Case No. 21-cv-653, D.I. 39. Adopting Plaintiffs' proposed schedule will promote a speedy resolution of Plaintiffs' infringement claims and Plaintiffs respectfully request that the Court enter their proposed schedule.

As to whether to set the schedule for this case now or to wait for Vizgen's response to the complaint in a different case, Plaintiffs respectfully submit that setting the schedule for this case now will best promote the efficient resolution of both cases. Setting a schedule now will allow the Court to reserve time on its calendar for key events such as the claim construction hearing, summary judgment hearing, and trial. Once Vizgen responds to the complaint in its case (and its lead counsel enters an appearance), all parties can discuss appropriate pretrial consolidation and coordination—including whether to consolidate the claim construction hearing and summary judgment hearing in the Vizgen case with the dates set for those hearings in this case. Until Vizgen responds, the scope of that case remains uncertain (for example, Vizgen may move to dismiss or may bring patent infringement counterclaims), as does the anticipated timing for resolution of the pleadings in that case. Also, to the extent these events are coordinated, adjustments can be made to the schedule, if needed, at that time. The pendency of that case is not a basis to delay the prompt scheduling and progress of this case.

NanoString's proposed schedule and June 2024 trial date include multiple unreasonable periods of delay. Even NanoString's proposed preliminary schedule would have the parties make

no progress on this case for the next seven weeks while Plaintiffs await NanoString's production of core technical documents. Under the N.D. Ill. LPRs, NanoString's production of core technical documents would already have been due on June 9 (14 days after NanoString's answer to the amended complaint, D.I. 19) rather than the September 2 deadline NanoString proposes. *See* N.D. Ill. LPR 2.1. NanoString does not need seven additional weeks to prepare that production; NanoString has been on notice of Plaintiffs' infringement contentions and the accused products since the February 2022 Complaint (D.I. 1) and May 2022 Amended Complaint (D.I. 17). NanoString's counsel also represents NanoString in the 653 Case and is already very familiar with the types of technical documentation kept by NanoString, how those materials are organized, and how to efficiently collect and produce them, having made multiple productions of technical documents in the 653 Case. NanoString also proposes a five-month delay between its proposed May 2023 claim construction hearing date and the October 2023 submission of opening expert reports. The amended schedule recently agreed to by NanoString in the 653 Case allows only a little more than a month between those same case events. 653 Case Docket at D.I. 81 at 4. With these two periods of delay eliminated, NanoString's June 2024 proposed trial date effectively reduces to the February 2024 date Plaintiffs propose.

Although both Plaintiffs' and NanoString's proposed schedules request a May 2023 claim construction hearing, the schedules differ in how final infringement and invalidity contentions are staged relative to the claim construction hearing. Plaintiffs propose that the parties prepare and serve their final infringement and invalidity contentions in parallel with discovery before the claim construction hearing. That approach will aid the parties and the Court in identifying and crystalizing the claim construction related disputes that are most likely to impact infringement and invalidity issues before the claim construction process. Plaintiffs' proposed approach also matches

7

the N.D. Ill. LPRs and the 653 Case schedule. N.D. Ill. LPR 3.1, 4.1; 653 Case Docket at D.I. 39 at 2. NanoString's proposal, in contrast, departs from those local rules and the 653 Case, adds unnecessary delay to the schedule, and increases the risk that important claim construction disputes may go unrecognized between the parties until final contentions are served after the Court has already conducted the claim construction hearing.

   **B.**  **NanoString's Position Statement Regarding the Parties' Schedule Proposals**

NanoString proposes that this case be coordinated with related case 22-cv-00595, filed by Plaintiffs against Vizgen, Inc. The present case and the Vizgen case were filed close in time and include claims of infringement for four overlapping patents (U.S. Patent Nos. 11,021,737; 11,293,051; 11,293,052; 11,293,054). Without coordination and under 10x's proposed schedule, the Court and parties risk duplicative efforts for critical events like claim construction and summary judgment. Thus, in the interest of conserving the Court and parties resources, NanoString proposes setting only initial case deadlines through preliminary contentions until Vizgen has responded to the complaint and the parties are able to coordinate schedules.

NanoString provides a schedule for the remaining deadlines in the alternative that will allow for the orderly progression of discovery. In particular, NanoString proposes that final contentions occur after claim construction, so that the parties may incorporate any such constructions in setting forth their final positions and before engaging in expert discovery.

**III.**  **SETTLEMENT DISCUSSIONS**

The parties have not engaged in settlement discussions.

**IV.**  **SUMMARY OF PENDING MOTIONS**

Two *pro hac vice* motions are pending: Plaintiffs' *pro hac vice* motion for Matthew Powers, Paul Ehrlich, Stefani Smith, Samantha Jameson, and Kiley White (D.I. 8), and NanoString's *pro hac vice* motion for Amanda Branch and Christopher Pepe (D.I. 23).

|  |  |
|---|---|
| *Of Counsel*:<br><br>TENSEGRITY LAW GROUP LLP<br><br>Matthew Powers<br>Paul Ehrlich<br>Stefani Smith<br>Robert Gerrity<br>Li Shen<br>555 Twin Dolphin Drive<br>Suite 650<br>Redwood Shores, CA 94065<br>Tel: (650) 802-6000<br><br>Samantha Jameson<br>Kiley White<br>8260 Greensboro Dr.<br>Suite 260<br>McLean, VA 22102-3848<br>Tel: (650) 802-6000 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Cameron P. Clark*<br>Karen Jacobs (#2881)<br>Cameron P. Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>kjacobs@morrisnichols.com<br>cclark@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |
| *Of Counsel*:<br><br>WEIL, GOTSHAL & MANGES LLP<br><br>Edward R. Reines<br>Derek C. Walter<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>(650) 802-3000<br><br>Amanda Branch<br>Christopher Pepe<br>2001 M Street NW, Suite 600<br>Washington, DC 20036 | FARNAN LLP<br><br>*/s/ Michael J. Farnan*<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>(302) 777-0301 (Fax)<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys for Defendant* |

Dated: July 12, 2022