IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>Plaintiffs,<br><br>v.<br><br>NANOSTRING TECHNOLOGIES, INC.,<br><br>Defendant. | C.A. No. 22-261-MFK |

**DEFENDANT NANOSTRING TECHNOLOGIES, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Pursuant to Federal Rules of Civil Procedure 15(d) and District of Delaware Local Rule 15.1, Defendant NanoString Technologies, Inc. ("NanoString") respectfully move for leave to file its First Amended Answer, Affirmative Defenses, and Counterclaims (D.I. 19) to Plaintiffs' First Amended Complaint (D.I. 17) in this case to assert new counterclaims for infringement by 10x Genomics, Inc. ("10x") of recently issued U.S. Patent No. 11,377,689 ("'689 Patent"). Clean and redlined copies of NanoString's proposed amended pleading are submitted herewith as Exhibits A (clean with exhibits) and Exhibit B (redline without exhibits).

Pursuant to D. Del. L. R. 7.1.1, the parties met and conferred. 10x and President and Fellows of Harvard College ("Harvard") do not oppose this motion. The parties agree that the question of whether NanoString's '689 Patent counterclaims are heard in the same trial as 10x's claims will be reserved for a status conference at an appropriate time later in the case. By this motion, neither party waives any arguments or positions on that issue. 10x and Harvard further

1

reserve all rights to contest the merits of the amended counterclaim and to move, answer, or other respond thereto.

A proposed order granting the unopposed motion for leave to amend Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' First Amended Complaint is attached hereto as Exhibit C.

In support of this unopposed motion, NanoString states as follows:

1. The purpose of NanoString's Amended Answer is to add counterclaims of infringement of the '689 Patent.

2. Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading "only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." Federal Rules of Civil Procedure 15(d) also provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The decision to grant or deny leave to amend lies within the discretion of the court. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to pleading amendments. See *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). In the absence of undue delay, bad faith, repeated failure to cure deficiencies by previous amendment, or dilatory motives on the part of the moving party, amendment should be freely granted, unless it would be futile or unfairly prejudicial to the non-moving party. See *Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. Each factor favors permitting Defendants to amend at this early stage.

3. On July 5, 2022, the United States Patent and Trademark Office duly and legally issued the 689 Patent, entitled "Chemical Compositions and Uses Thereof". By operation of law and as a result of written assignment agreements, NanoString obtained the entire right, title, and interest to and in the '689 Patent. Only two week passed from the issuance of the '689 Patent to the filing of this motion. Moreover, the deadline for moving for leave to amend the pleadings is January 27, 2023. D.I. 30. Discovery is still in its very early stages, and the amendment was sought without undue delay. None of the reasons why a motion to amend should not be freely given are present here.

4. In view of the Court's liberal policy in favor of pleading amendments set forth in the Federal Rules of Civil Procedure and the Third Circuit's decisions, and the unopposed nature of this motion, NanoString contends that this motion for leave to file a First Amended Answer, Affirmative Defenses, and Counterclaims should be granted.

Dated: August 2, 2022

OF COUNSEL:

Edward R. Reines
Derek C. Walter
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

Respectfully submitted,

FARNAN LLP

By: */s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant
NanoString Technologies, Inc.*