**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | |
| Plaintiffs, | |
| v. | C.A. No. 22-261 (MFK) |
| NANOSTRING TECHNOLOGIES, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |
| NANOSTRING TECHNOLOGIES, INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| 10X GENOMICS, INC., | |
| Counterclaim Defendant. | |

**10X GENOMICS, INC.'S AND PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S
ANSWER, DEFENSES, AND COUNTERCLAIMS TO NANOSTRING'S AMENDED
COUNTERCLAIMS AGAINST PLAINTIFFS**

Plaintiffs 10x Genomics, Inc. ("10x") and President and Fellows of Harvard College ("Harvard") (together, "Plaintiffs") hereby answer the allegations in Defendant NanoString Technologies, Inc.'s Amended Counterclaims ("Counterclaims") against Plaintiffs (D.I. 43). Unless expressly admitted, Plaintiffs deny each and every allegation in Defendant's Counterclaims. To the extent that any non-numbered statements in the Counterclaims contain allegations, Plaintiffs deny each and every such allegation.

## NANOSTRINGS'S COUNTERCLAIMS AGAINST 10X AND HARVARD

## NATURE OF THE ACTION

1.      Plaintiffs admit that Defendant's Counterclaims purport to seek declaratory judgment of non-infringement of United States Patent Nos. 11,227,639 ("639 Patent"); 11,021,737 ("737 Patent"); 11,293,051 ("051 Patent"); 11,293,052 ("052 Patent"); and 11,293,054 ("054 Patent") (collectively, the "Asserted Patents") and declaratory judgment that the Asserted Patents are invalid, arising under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.* 10x admits that NanoString also seeks a finding of infringement of U.S. Patent No. 11,377,689 ("the 689 Patent") by 10x, but denies that the allegations have any merit. Except as so admitted, Plaintiffs deny any remaining allegations of this paragraph, including denying that Harvard has an obligation to answer allegations for counterclaims directed only at 10x.

## THE PARTIES

2.      Admitted.

3.      Admitted.

4.      Admitted.

## JURISDICTION AND VENUE

5.      This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that the Court has subject matter jurisdiction over NanoString's counterclaims pursuant to 28 U.S.C. §§ 2201 and 2202, and 10x admits that the Court has subject matter jurisdiction over NanoString's 689 Patent counterclaims pursuant to U.S.C. §§ 1331 and 1338(a) and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, provided that standing and other requirements are met. Except as so admitted, Plaintiffs deny any remaining allegations of this paragraph.

6.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that it is a Delaware corporation. Plaintiffs admit that they filed their First Amended Complaint in this action, and that the Court has personal jurisdiction over Plaintiffs for purposes of this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

7.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that it is a Delaware corporation. Plaintiffs admit that they filed their original Complaint in this action, and that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) for purposes of this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## BACKGROUND

8.    10x denies the allegations in this paragraph. Harvard lacks sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies them and also denies that it has an obligation to answer NanoString's allegations directed only at NanoString's 689 Patent counterclaims.

9.    10x admits that Exhibit 1 appears to be an uncertified copy of the 689 Patent, titled "Chemical Compositions and Uses Thereof," which states on its face that it was issued on July 5, 2022, and states on its face that the inventors are Joseph Beechem, Dae Kim, Margaret Hoang, Mark Gregory, Erin Piazza, and Denise Zhou. This paragraph states legal conclusions to which no response is required. Except as so admitted, 10x denies the remaining allegations of this paragraph. Harvard denies that it has an obligation to answer NanoString's allegations directed only at NanoString's 689 Patent counterclaims.

10.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x lacks sufficient knowledge or information to form a belief

as to the truth of these allegations and on that basis denies them. Harvard denies that it has an obligation to answer NanoString's allegations directed only at NanoString's 689 Patent counterclaims.

11.     10x denies the allegations of this paragraph. Harvard denies that it has an obligation to answer allegations for counterclaims directed only at 10x. Harvard denies that it has an obligation to answer NanoString's allegations directed only at NanoString's 689 Patent counterclaims.

12.     10x admits that column 16, lines 30-32 of the 689 Patent states that it "provides a higher degree of multiplexing than is possible with standard immunohistochemical or in situ hybridization methods." 10x admits that U.S. Patent No. 10,961,566 states at column 1, lines 58-61 that "laser capture microdissection has permitted the analysis of many genes at a small number of locations, but it is very expensive, laborious, and does not scale well." 10x admits that the 689 Patent at column 16, lines 37-43 states "[t]he present disclosure provides detection of large combinations of nucleic acid targets and/or protein targets from a defined region of a sample. The present disclosure provides an increase in objective measurements by digital quantification and increased reliability and consistency, thereby enabling comparison of results among multiple centers[]" and that column 16, lines 21-23 states that "[t]here is no pre-defined upper limit to the number of regions of interest and comparisons that can be made." This paragraph states legal conclusions to which no response is required. Except as so admitted, 10x denies the remaining allegations of this paragraph. Harvard denies that it has an obligation to answer NanoString's allegations directed only at NanoString's 689 Patent counterclaims.

13.     10x admits that it launched and began shipping its first Visium Spatial Gene Expression Solution product in November 2019. Except as so admitted, 10x lacks sufficient

knowledge or information to form a belief as to what NanoString includes by "[10x's] commercial spatial profiling products, Visium Spatial system . . . and related products," and on that basis denies the allegations of this paragraph. Harvard denies that it has an obligation to answer NanoString's allegations directed only at NanoString's 689 Patent counterclaims.

14.     10x admits that it makes, uses, offers for sale, sells, and/or imports Visium CytAssist, Visium Spatial Gene Expression slides, Visium Spatial Gene Expression reagents, and Space Ranger and Loupe Browser in the United States. 10x admits that Space Ranger is analysis software for Visium Spatial Gene Expression experiments for supported libraries. 10x admits that Loupe Browser is visualization software. 10x admits that Visium Spatial Gene Expression Solution allows researchers to "map the whole transcriptome within the tissue context" and "[c]ombine histological and gene expression data with easy-to-use software." *See* https://www.10xgenomics.com/products/spatial-gene-expression. 10x lacks sufficient knowledge or information to form a belief as to what NanoString means by "[10x's] commercial spatial profiling products, Visium Spatial system . . . and related products" and "when used together allow researchers," and on that basis denies the allegations of this paragraph. This paragraph states legal conclusions to which no response is required. Except as so admitted, 10x denies the remaining allegations of this paragraph. Harvard denies that it has an obligation to answer NanoString's allegations directed only at NanoString's 689 Patent counterclaims.

15.     10x admits that use of Visium Spatial Gene Expression for FFPE provides spatial profiling for RNA in a tissue sample. 10x lacks sufficient knowledge or information to form a belief as to what NanoString means by "10x offers," "workflows compatible with standard next generation sequencing (NGS) applications," and "Visium" and on that basis denies the allegations of this paragraph. 10x admits, as stated in its Visium Spatial Gene Expression

Product Sheet (https://pages.10xgenomics.com/rs/446-PBO-704/images/10x_LIT059_ProductSheet_VisiumSpatialGeneExpression_Letter_digital.pdf) and in that context, that one can, "[w]ith whole transcriptome analysis, discover and reveal the spatial organization of cell types, states, and biomarkers." 10x admits, as stated in its Visium Spatial Gene Expression Product Sheet for FFPE (https://pages.10xgenomics.com/rs/446-PBO-704/images/10x_LIT000128_PS_Spatial_biology_without_limits_Spatial_gene_expression_in_FFPE.pdf) and in that context, that with Visium Spatial Gene Expression for FFPE one can "[s]patially profile RNA expression for over 18,000 genes in human and mouse FFPE samples with high resolution across entire tissue sections." 10x admits, as shown on its Visium Spatial Proteogenomics product webpage (https://www.10xgenomics.com/products/spatial-proteogenomics) and in that context, 10x offers "tissue profiling with transcriptomics and protein co-detection." 10x admits, as stated in its Visium Spatial Gene and Protein Expression Product sheet (https://pages.10xgenomics.com/rs/446-PBO-704/images/10x_LIT088_RevA_ProductSheet_Immunofluorescence%20Capability_Letter_digital.pdf) and in that context, that Visium Gene Expression with Immunofluorescence offers a solution allowing users to "[b]roaden [their] reach beyond predefined regions of interest" and allows users to "gain the ability to define regions of interest after [they] have all the data, so as not to miss out on important or unexpected results." 10x admits that as stated in its Visium Spatial Gene and Protein Expression Product sheet (https://pages.10xgenomics.com/rs/446-PBO-704/images/10x_LIT088_RevA_ProductSheet_Immunofluorescence%20Capability_Letter_digital.pdf) and in that context, that Visium Gene Expression with Immunofluorescence is "[e]asy to integrate with current histological laboratory methods and tools for tissue analysis." Except as so admitted, 10x lacks sufficient knowledge or information to form a belief as to what NanoString

means by "Visium and related products" and on that basis denies the allegations of this paragraph. This paragraph states legal conclusions to which no response is required. Except as so admitted, 10x denies the remaining allegations of this paragraph. Harvard denies that it has an obligation to answer NanoString's allegations directed only at NanoString's 689 Patent counterclaims.

16.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. Harvard denies that it has an obligation to answer NanoString's allegations directed only at NanoString's 689 Patent counterclaims.

17.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. Harvard denies that it has an obligation to answer NanoString's allegations directed only at NanoString's 689 Patent counterclaims.

18.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. Harvard denies that it has an obligation to answer NanoString's allegations directed only at NanoString's 689 Patent counterclaims.

19.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. Harvard denies that it has an obligation to answer NanoString's allegations directed only at NanoString's 689 Patent counterclaims.

## **FIRST COUNT**

### **(Declaration of Non-Infringement of United States Patent No. 10,227,639)**

20.     Plaintiffs incorporate and restate by reference their responses to paragraphs 1-19 of Defendant's Counterclaims as though fully set forth herein.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 639 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

26.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 17.

27.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

28.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

29.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

30.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

31.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

32.     Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 639 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

33.     Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## **SECOND COUNT**

## **(Declaration of Non-Infringement of United States Patent No. 11,021,737)**

34.     Plaintiffs incorporate and restate by reference their responses to paragraphs 1-33 of Defendant's Counterclaims as though fully set forth herein.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 737 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

40.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 17.

41.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

42.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

43.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

44.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

45.     Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 737 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

46.     Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

**THIRD COUNT**

**(Declaration of Non-Infringement of United States Patent No. 11,293,051)**

47.     Plaintiffs incorporate and restate by reference their responses to paragraphs 1-46 of Defendant's Counterclaims as though fully set forth herein.

48.     Admitted.

49.     Admitted.

50.     Admitted.

51.     Admitted.

52.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 051 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

53.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 17.

54.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

55.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

56.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

57.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

58.     Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 051 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

59.     Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## FOURTH COUNT

### (Declaration of Non-Infringement of United States Patent No. 11,293,052)

60.     Plaintiffs incorporate and restate by reference their responses to paragraphs 1-59 of Defendant's Counterclaims as though fully set forth herein.

61.     Admitted.

62.     Admitted.

63.     Admitted.

64.     Admitted.

65.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 052 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

66.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 17.

67.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

68.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

69.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

70.     Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 052 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

71.     Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## FIFTH COUNT

### (Declaration of Non-Infringement of United States Patent No. 11,293,054)

72.     Plaintiffs incorporate and restate by reference their responses to paragraphs 1-71 of Defendant's Counterclaims as though fully set forth herein.

73.     Admitted.

74.     Admitted.

75.     Admitted.

76.     Admitted.

77.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 054 Patent but deny that

Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

78.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 17.

79.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

80.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

81.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of this paragraph.

82.     Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 054 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

83.     Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## SIXTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 10,227,639)

84.     Plaintiffs incorporate and restate by reference their responses to paragraphs 1-83 of Defendant's Counterclaims as though fully set forth herein.

85.     Admitted.

86.     Admitted.

87.     Admitted.

88.     Admitted.

89.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 639 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

90.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

91.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

92.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

93.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

94.     Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 639 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

95.     Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## SEVENTH COUNT

## (Declaration of Invalidity of U.S. Patent No. 11,021,737)

96.     Plaintiffs incorporate and restate by reference their responses to paragraphs 1-95 of Defendant's Counterclaims as though fully set forth herein.

97.     Admitted.

98.     Admitted.

99.     Admitted.

100.    Admitted.

101.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 737 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

102.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

103.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

104.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

105.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

106.    Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 737 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

107.    Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## EIGHTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,293,051)

108.    Plaintiffs incorporate and restate by reference their responses to paragraphs 1-107 of Defendant's Counterclaims as though fully set forth herein.

109.    Admitted.

110.    Admitted.

111.    Admitted.

112.    Admitted.

113.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning

of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 051 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

114.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

115.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

116.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

117.    Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 051 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

118.    Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## NINTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,293,052)

119.    Plaintiffs incorporate and restate by reference their responses to paragraphs 1-118 of Defendant's Counterclaims as though fully set forth herein.

120.    Admitted.

121.    Admitted.

122.    Admitted.

123.    Admitted.

124.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 052 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

125.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

126.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

127.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

128.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

129.    Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 052 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

130.    Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural

schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## **TENTH COUNT**

### **(Declaration of Invalidity of U.S. Patent No. 11,293,054)**

131.    Plaintiffs incorporate and restate by reference their responses to paragraphs 1-130 of Defendant's Counterclaims as though fully set forth herein.

132.    Admitted.

133.    Admitted.

134.    Admitted.

135.    Admitted.

136.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 054 Patent but deny that Defendant's allegations have any merit. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

137.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

138.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

139.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

140.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

141.    Plaintiffs admit that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 054 Patent. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

142.    Plaintiffs admit that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, Plaintiffs deny the remaining allegations of this paragraph.

## ELEVENTH COUNT

### (Alleged Infringement of United States Patent No. 11,377,689 by 10x)

143.    10x incorporates and restates by reference its responses to paragraphs 1-142 of Defendant's Counterclaims as though fully set forth herein.

144.    10x lacks sufficient knowledge or information to form a belief as to what NanoString means by "all products, components, and services in connection with 10x's Visium" and "other products and services sold by 10x for use in 10x's Visium workflows" and on that basis denies the allegations in this paragraph. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x denies the allegations in this paragraph.

145.    10x admits that it has been aware since around July 11, 2022, that NanoString had stated its intent to add a counterclaim of infringement of U.S. Patent 11,377,689 to the 22-cv-261 litigation. This paragraph seeks disclosure of privileged communications and attorney work-product, to which no response is required. 10x lacks sufficient knowledge or information to form a belief as to what NanoString means by "10x's products" and on that basis denies the allegations in this paragraph. This paragraph states legal conclusions to which no response is

required. To the extent that a response is required, 10x denies the remaining allegations in this paragraph.

146.    10x lacks sufficient knowledge or information to form a belief as to what NanoString means by "Visium and related products" and on that basis denies the allegations in this paragraph. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x denies the allegations in this paragraph.

147.    10x lacks sufficient knowledge or information to form a belief as to what NanoString means by "Visium and related products" and on that basis denies the allegations in this paragraph. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x denies the allegations in this paragraph.

148.    10x admits that Exhibit 2 is a chart titled "Exemplary Infringement of U.S. Patent No. 11, 277,689 ("the '689 Patent")." 10x lacks sufficient knowledge or information to form a belief as to NanoString's intentions and on that basis denies the allegations in this paragraph. 10x denies that Exhibit 2 is a set of properly formed allegations and on that basis denies the allegations in this paragraph. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x denies the remaining allegations in this paragraph.

149.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x denies the allegations in this paragraph.

150.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x denies the allegations in this paragraph.

## PLAINTIFFS' DEFENSES TO DEFENDANT'S COUNTERCLAIMS

By listing any matter as a defense herein, Plaintiffs do not assume the burden of proving any matter about which Defendant, or any other party, bears the burden of proof under applicable law.

### FIRST DEFENSE—FAILURE TO STATE A CLAIM

Defendant's Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE—INFRINGEMENT

Each of the asserted claims of Plaintiffs' Asserted Patents is infringed.

### THIRD DEFENSE—VALIDITY

Each of the asserted claims of Plaintiffs' Asserted Patents is valid and enforceable.

### FOURTH DEFENSE—NON-INFRINGEMENT OF THE 689 PATENT

10x has not infringed and is not infringing directly, indirectly, or in any other manner any valid and enforceable claim of the 689 Patent, either literally or under the doctrine of equivalents.

### SIXTH DEFENSE—INVALIDITY OF THE 689 PATENT

The claims of the 689 Patent are invalid for failing to comply with one or more of the requirements for patentability under, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112 *et seq.*, and the rules, regulations, and laws pertaining to those provisions, including the applicable provisions of Title 37 of the Code of Federal Regulations.

### SEVENTH DEFENSE—LIMITATION ON DAMAGES RELATING TO THE 689 PATENT

NanoString's 689 Patent infringement claims and Prayer for Relief are limited by 35 U.S.C. § 287.

**EIGHTH DEFENSE—ADEQUATE REMEDY AT LAW FOR ALLEGED LIABILITY RELATING TO THE 689 PATENT**

NanoString is not entitled to equitable relief with respect to the 689 Patent under any theory because NanoString has not and will not suffer irreparable harm, is not without adequate remedy at law, the balance of the hardships do not favor entry of an injunction, and/or public policy concerns weigh against any equitable relief.

**NINTH DEFENSE—NO EXCEPTIONAL CASE**

Plaintiffs have not engaged in any conduct that would make this case exceptional and/or would entitle Defendant to an award of attorneys' fees.

**10X'S DECLARATORY JUDGMENT COUNTERCLAIMS**

Counterclaim Defendant 10x hereby alleges declaratory judgment counterclaims against NanoString.

**NATURE OF ACTION**

1.      These are counterclaims for declarations of non-infringement, invalidity, and/or unenforceability of one or more claims of U.S. Patent No. 11,377,689 (the "689 Patent").

**PARTIES**

2.      10x is a Delaware corporation with its principal place of business at 6230 Stoneridge Mall Road, Pleasanton, CA 94588.

3.      NanoString is a Delaware corporation with its principal place of business at 530 Fairview Ave N, Seattle, WA 98109.

**JURISDICTION AND VENUE**

4.      This is an action for declaratory judgment of non-infringement, invalidity, and unenforceability of the 689 Patent arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq* and the Declaratory Judgment Act, 28 U.S.C §§ 2201-2202. An actual case and

controversy exists under the Declaratory Judgment Act because Counterclaim Plaintiff NanoString has sued 10x asserting that the 689 Patent is valid, enforceable, and infringed by 10x, and 10x denies Counterclaim Plaintiff's allegations.

5.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-2202.

6.      This Court has personal jurisdiction over NanoString because NanoString is a Delaware corporation and NanoString filed its 689 Patent Counterclaim in this action.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because NanoString is a Delaware corporation and NanoString filed its 689 Patent Counterclaim in this action.

## **BACKGROUND**

8.      In the Background to NanoString's Eleventh Counterclaim, NanoString alleges that NanoString is the owner of the 689 Patent.

9.      NanoString's Eleventh Counterclaim expressly accuses 10x of infringing the 689 Patent.

10.     As a result of NanoString's actions and statements, including the filing and continued assertion of its Eleventh Counterclaim, an actual and justiciable controversy exists between 10x and NanoString with regard to the validity, infringement, and enforceability of the 689 Patent.

11.     A judicial declaration and determination is necessary and appropriate at this time given NanoString's allegations and in order that 10x may ascertain its rights and duties with respect to the 689 Patent.

## COUNT VI:  DECLARATORY JUDGMENT OF 10X'S NON-INFRINGEMENT OF U.S. PATENT NO. 11,377,689

12.     10x restates and incorporates by reference the denials, admissions, allegations, and defenses contained in its Answer, Defenses, and Counterclaims to NanoString's Amended Counterclaims against 10x as if fully set forth herein. 10x further restates and incorporates by reference its allegations in paragraphs 1 through 11 of its Declaratory Judgment Counterclaims.

13.     In its Eleventh Counterclaim, NanoString has expressly accused 10x of infringing the 689 Patent.

14.     10x has not been and is not now infringing, directly or indirectly, literally or under the doctrine of equivalents, or willfully, any valid and enforceable claim of the 689 Patent.

15.     10x does not infringe any valid and enforceable claims of the 689 Patent at least because neither 10x nor anyone else has used or uses 10x's products to practice each and every step of the independent claims of the 689 Patent.

16.     For example, as properly construed, the 689 Patent claims require collecting probes or portions thereof in solution before the incorporation of a nucleic acid sequence that identifies a location of the tissue sample. In contrast, 10x's products including without limitation Visium Spatial Gene Expression for FFPE, i.e., the instrumentalities described as meeting the limitations of Claim 1 of the 689 Patent in NanoString's Exhibit 2, are not used to collect probes or portions thereof in solution either literally or under the doctrine of equivalents.

17.     Additionally, as properly construed, the 689 Patent claims require collecting probes or portions thereof from user-defined regions of interest of the tissue sample. In contrast, 10x's products including without limitation Visium Spatial Gene Expression for FFPE, i.e., the instrumentalities described as meeting the limitations of Claim 1 of the 689 Patent in

NanoString's Exhibit 2, are not used to collect probes or portions thereof from user-defined regions of interest of the tissue sample either literally or under the doctrine of equivalents.

18.     In another example, as properly construed, the 689 Patent claims require application of location-specific forces to release probes or portions thereof from locations in the tissue sample without releasing probes from other locations. In contrast, 10x's products including without limitation Visium Spatial Gene Expression for FFPE, i.e., the instrumentalities described as meeting the limitations of Claim 1 of the 689 Patent in NanoString's Exhibit 2, are not used for applying conditions that release probes from specific locations either literally or under the doctrine of equivalents.

19.     In another example, as properly construed, the 689 Patent claims require an extension reaction that incorporates a nucleic acid sequence that identifies a location into each nucleic acid probe. In contrast, 10x's products including without limitation Visium Spatial Gene Expression for FFPE, i.e., the instrumentalities described as meeting the limitations of Claim 1 of the 689 Patent in NanoString's Exhibit 2, are not used to incorporate a nucleic acid sequence that identifies a location into each probe either literally or under the doctrine of equivalents.

20.     In another example, as properly construed, the 689 Patent claims require spatially detecting the at least one target analyte in locations of the tissue sample. In contrast, under NanoString's contentions, the 10x's products including without limitation Visium Spatial Gene Expression for FFPE, i.e., the instrumentalities described as meeting the limitations of Claim 1 of the 689 Patent in NanoString's Exhibit 2, are not used to spatially detect target analytes at locations in the tissue sample either literally or under the doctrine of equivalents.

21.     Additionally, each of the claims of the 689 Patent are invalid and unenforceable as set forth below in Count VII of 10x's Declaratory Judgment Counterclaims. An invalid claim cannot be infringed.

22.     In view of the Eleventh Counterclaim against 10x, there is an actual controversy between NanoString and 10x regarding the 689 Patent. Accordingly, a valid and justiciable controversy has arisen and exists between NanoString and 10x with respect to the alleged infringement of the 689 Patent. 10x desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate so that the parties may ascertain their respective rights and duties.

23.     10x is entitled to a declaratory judgment that: (a) it has not infringed and is not infringing, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the 689 Patent, and (b) it is not liable for any alleged infringement of the 689 Patent.

## COUNT VII: DECLARATORY JUDGMENT OF INVALIDITY OF
## U.S. PATENT NO. 11,377,689

24.     10x restates and incorporates by reference the denials, admissions, allegations, and defenses contained in its Answer, Defenses, and Counterclaims to NanoString's Amended Counterclaims against 10x as if fully set forth herein. 10x further restates and incorporates by reference its allegations in paragraphs 1 through 23 of its Declaratory Judgment Counterclaims.

25.     The claims of the 689 Patent are invalid for failure to comply with the conditions of patentability, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

26.     For example, all claims of the 689 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent No. 10,961,566 ("Chee"), alone or in combination with

additional prior art, including U.S. Patent No. 10,155,981 ("Brenner"), which disclose(s) and/or render obvious all elements of the claims of the 689 Patent.

27.     All of the claims of the 689 Patent are further invalid for failure to satisfy the requirements of 35 U.S.C. § 112. For example, the specification of the 689 Patent fails to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claims. For example, there is a lack of written description support for and lack of enablement of "collecting the nucleic acid probes," "conditions that release the nucleic acid probes, or portions thereof," and limitations related to "ligated probes."

28.     Accordingly, a valid and justiciable controversy has arisen and exists between NanoString and 10x with respect to the validity of the 689 Patent. 10x desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate so that the parties may ascertain their respective rights and duties.

29.     10x is entitled to a declaratory judgment that the claims of the 689 Patent are invalid and/or unenforceable.

## **PRAYER FOR RELIEF**

Plaintiffs deny that Defendant is entitled to any relief whatsoever, including the relief requested in paragraphs A-I of NanoString's Request for Relief.

Wherefore, in addition to the relief requested by Plaintiffs in their First Amended Complaint, Plaintiffs pray that the Court enter a judgment as follows:

A.     That NanoString's Counterclaims be dismissed with prejudice and NanoString take nothing;

B.     That 10x and Harvard be awarded such other and further relief as the Court may deem appropriate.

C.     Judgment in favor of 10x and Harvard against NanoString's First through Tenth Counterclaims;

D.     Judgment in favor of 10x against NanoString's Eleventh Counterclaim;

E.     A declaration that the 689 Patent is invalid;

F.     A declaration that 10x has not infringed the 689 Patent;

G.     That NanoString be required to pay 10x's attorneys' fees and costs;

H.     A declaration that the case is an exceptional case and that NanoString be required to pay Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285;

I.     A judgment awarding 10x such other and further relief as the Court may deem just, reasonable, and proper.

10x and Harvard reserve the right to amend its Answer and Counterclaims to raise additional defenses and counterclaims as warranted by subsequent investigation and/or analysis or if NanoString is granted leave to amend its counterclaims.

## DEMAND FOR JURY TRIAL

Plaintiffs acknowledge NanoString's request for a jury trial on its counterclaims and, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs also demand a jury trial on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

OF COUNSEL:

_____
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

Matthew Powers
Paul Ehrlich
Stefani Smith
Robert Gerrity
Li Shen
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA  94065
(650) 802-6000

*Attorneys for Plaintiffs 10x Genomics, Inc. and
President and Fellows of Harvard College*

Samantha Jameson
Ronald J. Pabis
Kiley White
TENSEGRITY LAW GROUP LLP
8260 Greensboro Dr.
Suite 260
McLean, VA  22102-3848
(650) 802-6000

August 30, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 30, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Edward R. Reines, Esquire<br>Derek C. Walter, Esquire<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA  94065<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Amanda Branch, Esquire<br>Christopher M. Pepe, Esquire<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC  20036<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Natalie C. Kennedy, Esquire<br>Yi Zhang, Esquire<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY  10153-0119<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

_____

Karen Jacobs (#2881)