# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>   Plaintiffs,<br> v.<br><br>VIZGEN, INC.,<br><br>   Defendant. | C.A. No. 22-595-MFK |
| VIZGEN, INC.,<br><br>   Counterclaim-Plaintiff,<br><br> v.<br><br>10X GENOMICS, INC.,<br><br>   Counterclaim Defendant as to certain claims.<br><br>and<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>   Counterclaim Defendant as to certain claims. | |
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>   Plaintiffs,<br><br> v. | C.A. No. 22-261-MFK |

1

NANOSTRING TECHNOLOGIES, INC.,

    Defendant.

---

NANOSTRING TECHNOLOGIES, INC.,

    Counterclaim-Plaintiff,

v.

10X GENOMICS, INC.,

    Counterclaim-Defendant

**STIPULATION AND ORDER AMENDING THE COURT'S DEFAULT STANDARD FOR DISCOVERY, INCLUDING ELECTRONICALLY STORED INFORMATION**

Except as otherwise incorporated into this Court's Scheduling Order (D.I. 45) with respect to Paragraphs 3 and 4 of this Court's Default Standard For Discovery, the parties stipulate that this Order replaces the Default Standard For Discovery and therefore governs the parties' discovery of electronically stored information ("ESI").

**1.    General Provisions**

    **a.    Cooperation.** Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36.[1] In the event that the parties are unable to agree on

---

[1] The parties agree that they will separately negotiate a stipulation related to the production and review of source code in the event it becomes a necessary category of ESI discovery.

the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement.

      b.    **Proportionality**. Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[2] This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

      c.    **Preservation of Discoverable Information**. A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

      (i)    Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive non-duplicative discoverable data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

      (ii)    Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

      d.    **Electronic Service.** The parties consent to electronic service pursuant to Rule 5(b)(2) of the Federal Rules of Civil Procedure to the following service addresses:

- 10x's electronic service addresses are:
  10x_Harvard_NSTG_Service@tensegritylawgroup.com (for the 261 Case) and

---

[2] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

- 10x_Vizgen_Service@tensegritylawgroup.com (for the 595 Case), which includes 10x's Delaware counsel;

- Harvard's electronic service addresses are: BOST-F-10Xv.Nanostring@foley.com (for the 261 Case) and BOST-F-10Xv.Vizgen@foley.com (for the 595 Case), which does not include Harvard's Delaware counsel;

- Vizgen's service address is vizgen@quinnemanuel.com, which does not include Vizgen's Delaware counsel;

- NanoString's service address is Nanostring.10X@weil.com, which does not include NanoString's Delaware counsel.

Computation of time for electronic service shall be as provided in Rule 6.

    e.    **Cross-Production of Discovery between the 653 and 261 Cases**. Documents produced in *10x Genomics Inc. et al. v. NanoString Technologies*, Inc., Case No. 21-cv-653-MFK (D. Del.) ("653 Case") by 10x (e.g., bearing production prefixes 10XN653) and/or NanoString (e.g., bearing production prefixes NANO10x) are deemed produced in Case No. 22-cv-261-MFK (D. Del.) ("261 Case"). Documents produced in the 261 Case by 10x (e.g., bearing production prefixes 10XN261) and/or NanoString (e.g., bearing production prefixes NanoHC) are deemed produced in the 653 Case.[3] This cross-production of discovery excludes any documents produced

---

[3] **10x's Position:** To the extent a dispute arises that cannot be cooperatively resolved about the use in the 653 Case of documents that were cross-produced from the 261 Case where production occurred *after* the close of fact discovery in the 653 Case, it is 10x's position that the parties reserve the right to seek leave to use those late-produced documents in the 653 Case or to oppose their use, including to the extent they are untimely and therefore prejudicial. 10x's agreement in the 261 Case to cross-production was not an agreement to disregard this Court's ordered October 21, 2022, cutoff of fact discovery in the 653 Case. **NanoString's Position:** In a provision of a discovery order entitled "Cross-Use of Discovery between the 653 and 251 cases," 10x previously stipulated that "Documents produced in this case by 10x (e.g., bearing production prefixes 10XN261) and/or NanoString (e.g., bearing production prefixes NanoHC) are deemed produced in the 653 Case." *See* D.I. 28 in No. 22-cv-261. This stipulation was entered and ordered by the Court. *Id.* 10x now wishes to limit cross-use of documents from the 261 case in the 653 case to only documents produced prior to the close of fact discovery in the 653 case. NanoString does not agree to this

4

in the 261 Case by the President and Fellows of Harvard College and excludes any documents produced in the 653 Case by Prognosys Technologies, Inc. and any third party in in the 261 or the 653 Cases, or documents containing any confidential information from a third party in the 261 or 653 Cases[4].

    **f.    Privilege**.

        (i)    The parties will serve privilege logs for documents responsive to requests for production that are withheld for privilege or other immunities. The log of withheld documents shall be due 30 days after the deadline for substantial completion of document production. The privilege log shall identify for each withheld document: all sender/authors and recipients; the date of authorship or transmission; the subject(s) of the withheld information; the basis of the privilege (e.g., attorney-client privilege); and any attorney authors or recipients along with their affiliations.

        (ii)    Parties and non-parties are not required to produce a privilege log of withheld information that was generated after May 6, 2021. Parties are not required to produce a privilege log of any withheld communications with litigation counsel. This exception does not apply when a privilege log is due for clawed-back documents.

        (iii)    Privilege Logs for Cross-Produced Documents for the 653 and 261 Cases. The privilege logs produced in the 653 Case are deemed produced in the 261 Case. Privilege logs produced in the 261 Case will be deemed produced in the 653 Case to the extent the log

---

change. To the extent 10x wishes to impose such limitations on the use of documents from the 261 case in the 653 case, it will seek further relief from the Court.

[4] For the avoidance of doubt, this provision does not prohibit seeking production of documents via third party subpoena if necessary.

corresponds to documents cross-produced to the 653 Case (i.e., because the documents were produced prior to the 653 Case fact cutoff).

    (iv)  Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

**2.**  **Initial Discovery Conference.**

The parties have participated in an initial discovery conference and continued to confer about the timing, content, and parameters of their anticipated discovery in the 261 and 595 Cases.

**3.**  **Initial Disclosures**.

The parties in the 595 case exchanged initial disclosures pursuant to Fed. R. Civ. P. 26 and Paragraph 3 of the Delaware Default Standard For Discovery on September 13, 2022.

**4.**  **Specific E-Discovery Issues.**

  **a.**  **On-site inspection of electronic media.** Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

  **b.**  **Format.** ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text

files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

  **c.** **Native files.** The only files that should be produced in native format are files not easily converted to image format, such as Excel, Access, and PowerPoint files.

  **d.** **Metadata fields.** The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, and File Extension. Database load files shall also include the following generated production data (or equivalents thereof): Custodian, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, Attachment End, and Confidentiality.

**5.** **ESI Search Protocols**

 **Search methodology.** In certain circumstances (e.g., email discovery), it may be appropriate to use search terms to locate potentially responsive ESI. If a producing party elects to use search terms to locate potentially responsive ESI, it shall disclose to the requesting party the search terms, ESI sources, and discovery requests for which it is using such search terms, and the requesting party may object to the appropriateness of using search terms for such ESI sources and discovery requests and raise that issue with the Court. Absent a showing of good cause and/or where the Court has deemed in response to a raised dispute that search terms are not appropriate in the specific circumstance, each side shall coordinate to request no more than 10 additional search terms to be used in connection with the producing party's search-term based electronic search for

each adverse custodian[5]. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed. The parties will confer in good faith to develop additional agreed-upon protocols for ESI searches so as to ensure that ESI review and production for the producing party is not unduly burdensome. In any case, the producing party or side reserves the right to seek additional limits on search terms if the requesting side's proposed search terms are insufficiently focused or result in undue burden.

Documents hitting on search term may be reviewed for responsiveness in accordance with the producing party's served objections to requests for production. Documents identified through search terms that are responsive but withheld for privilege or other immunity are subject to the logging requirements of paragraph 1(f). The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 3(b) of the Delaware Default Standard For Discovery; and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 3(a) of the Delaware Default Standard For Discovery.

---

[5] To clarify, the coordination shall mean:

For each of 10x's common custodians in two cases, NanoString, Vizgen, and Harvard (as Counterclaim Plaintiff with respect to the 303 Patent infringement counterclaim, to the extent the custodian has any relevant information) shall coordinate to jointly request no more than 10 search terms;

For each of Vizgen's and NanoString's custodians, 10x and Harvard (with respect to all claims except for Vizgen's 303 Patent infringement counterclaim) shall coordinate to jointly request no more than 10 search terms;

For Harvard custodians that are inventors of the 10x Asserted Patents, NanoString and Vizgen shall coordinate to jointly request no more than 10 search terms for each custodian; for Harvard custodians that are inventors of the 303 Patent, 10x shall request no more than 10 search terms for each custodian; for Harvard custodians that have relevant information about the licensing and commercialization of the 303 Patent, Vizgen and 10x each shall separately request no more than 10 search terms for each custodian.

## SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6. Voice messages.

7. Non-published/non-public videoconference recordings. For clarity, recordings of public webinars or presentations or other recordings made available to the public are not subject to this exclusion.

8. Instant messages that are not ordinarily printed, e.g., Slack or similar direct message and message boards, or maintained in a server dedicated to instant messaging.

9. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

10. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

11. Logs of calls made from mobile devices.

12. Server, system or network logs.

13. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

14. Data remaining from systems no longer in use that is unintelligible on the systems in use.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| *Of Counsel*:<br><br>TENSEGRITY LAW GROUP LLP<br><br>Matthew Powers<br>Paul Ehrlich<br>Stefani Smith<br>Robert Gerrity<br>Li Shen<br>555 Twin Dolphin Drive<br>Suite 650<br>Redwood Shores, CA 94065<br>Tel: (650) 802-6000<br><br>Samantha Jameson<br>Ron Pabis<br>Kiley White<br>8260 Greensboro Dr.<br>Suite 260<br>McLean, VA 22102-3848<br>Tel: (650) 802-6000 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Cameron P. Clark*<br>Karen Jacobs (#2881)<br>Cameron P. Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>kjacobs@morrisnichols.com<br>cclark@morrisnichols.com<br><br>*Attorneys for 10x Genomics, Inc.* |
| *Of Counsel*:<br><br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br><br>David Bilsker<br>Sam Stake<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br><br>Kevin Johnson<br>Victoria Maroulis<br>Andrew Bramhall<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Pilar G. Kraman*<br>James L. Higgins (No. 5021)<br>Pilar G. Kraman (No. 5199)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>jhiggins@ycst.com<br>pkraman@ycst.com<br><br>*Attorneys for Vizgen, Inc.* |

*Of Counsel*:

WEIL, GOTSHAL & MANGES LLP

Edward R. Reines
Derek C. Walter
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Amanda Branch
Christopher Pepe
2001 M Street NW, Suite 600
Washington, DC 20036

*Of Counsel:*

FOLEY & LARDNER LLP
Geoffery M. Raux
Ruben J. Rodrigues
Michael J. Tuteur
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
(617) 342-4016
graux@foley.com
rrodrigues@foley.com
mtuteur@foley.com

Dated: September 30, 2022

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for NanoString Technologies, Inc.*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for President and Fellows of Harvard College*

*Of Counsel*:

WEIL, GOTSHAL & MANGES LLP

Edward R. Reines
Derek C. Walter
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Amanda Branch
Christopher Pepe
2001 M Street NW, Suite 600
Washington, DC 20036

*Of Counsel:*

FOLEY & LARDNER LLP
Geoffery M. Raux
Ruben J. Rodrigues
Michael J. Tuteur
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
(617) 342-4016
graux@foley.com
rrodrigues@foley.com
mtuteur@foley.com

Dated: September 30, 2022

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for NanoString Technologies, Inc.*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for President and Fellows of Harvard College*

SO ORDERED.

Dated: October 3, 2022

_____
MATTHEW F. KENNELLY
United States District Court Judge