IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>NANOSTRING TECHNOLOGIES, INC.,)<br>)<br>Defendant. )<br>-------------------------------------------------  )<br>)<br>NANOSTRING TECHNOLOGIES, INC.,)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>10X GENOMICS, INC., )<br>)<br>Defendant. ) | Case No. 22-cv-261-MFK |

**ORDER ON 10X GENOMICS' MOTION TO SEVER AND CONSOLIDATE
(FILED IN CASE NO. 22-CV-261) AND ON NANOSTRING TECHNOLOGIES,
INC.'S MOTION TO CONSOLIDATE (FILED IN CASE NO. 22-CV-1375)**

MATTHEW F. KENNELLY, District Judge:

10X Genomics and co-plaintiff President and Fellows of Harvard College (collectively 10X) have sued NanoString Technologies for patent infringement in Case No. 22-cv-261 (the 261 case). In the 261 case, 10X alleges infringement of five patents owned by Harvard and licensed by 10X. NanoString asserted as a counterclaim a claim that 10X was infringing a patent owned by NanoString, the '689 patent. 10X did not oppose adding this counterclaim but reserved the question of whether the counterclaim regarding the '689 patent should be tried together with 10X's patent infringement claims.

About 10 weeks after NanoString added the '689 infringement counterclaim in the

261 case, it filed Case No. 22-cv-1375 against 10X (the 1375 case).  The 1375 case concerns NanoString's '142 patent.  The '142 patent arises from the same patent application as NanoString's '689 patent.  In addition, NanoString's infringement claims against 10X regarding both the '142 and the '689 patents involve the same 10X product that is claimed to infringe.

     10X has filed a motion in the 261 case asking to sever NanoString's counterclaim regarding the '689 patent from the 261 case and join it with the 1375 case.  NanoString opposes the motion and has moved (in the 1375 case) to consolidate the 261 case in its entirety with the 1375 case.

     The Court grants 10X's motion (with one point reserved, noted below) and overrules NanoString's motion.  The subject matter in these cases is already highly complex, and conducting pretrial proceedings (e.g., claim construction), summary judgment proceedings, and a trial regarding the 10X patents that are involved in the 261 case is going to be complicated enough.  Including a claim of infringement by a separate party involving a different patent runs a very high risk of overcomplicating the proceedings in the 261 case.  For this reason, severing NanoString's infringement counterclaim is appropriate.

     The only real downside to severing the NanoString infringement counterclaim is that the 261 case is, at this point, a bit further along than the 1375 case.  But any delay severance might cause with respect to the '689 infringement counterclaim is likely to be minimal.  In sum, severing the '689 infringement counterclaim from the 261 case and consolidating it with the 1375 case will promote expedition and economy and will cause no unfair prejudice.

By contrast, NanoString's proposal to combine the two cases in their entirety would be highly likely to cause unnecessary and unwarranted overcomplexity. Among other things, the Court believes it to be extraordinarily unlikely that a joint jury trial involving all of the infringement claims made by both sides in the two cases could be done in a manageable way.

Any scheduling hiccups that might result from taking the '689 infringement counterclaim out of the 261 case and adding it to the 1375 case can and should be addressed by way of proposed revisions to the case management schedule in the 1375 case. In addition, the Court acknowledges that there are witnesses who are common to both cases, and there is an interest in not making them appear twice, at least for depositions, unless that is not reasonably avoidable. This, too, should be addressed by way of proposed revisions to the case management schedules in the two cases. The parties are directed to confer on these points and are to submit a proposed revision by no later than February 3, 2022.

The Court reserves until later whether all claims in the 1375 case in its new form should be tried together as part of a single trial. That's a decision better made far closer to trial.

## Conclusion

In sum, 10X Genomics' motion to sever and consolidate (Case No. 22-cv-261, dkt. no. 65) is granted, and NanoString's motion to consolidate (Case No. 22-cv-1375, dkt. no. 16) is denied. NanoString's infringement counterclaim regarding the '689 patent, now part of Case No. 22-cv-261, is stricken without prejudice, and NanoString is directed to promptly file an amended complaint in Case No. 22-cv-1375 that includes

that claim of infringement.

Date: January 24, 2023

_____
MATTHEW F. KENNELLY
United States District Judge