**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>　　　　10x and Harvard,<br><br>　　v.<br><br>NANOSTRING TECHNOLOGIES, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 22-261 (MFK)

**JURY TRIAL DEMANDED**

## NANOSTRING TECHNOLOGIES, INC. ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO 10X AND HARVARD' SECOND AMENDED COMPLAINT

Defendant NanoString Technologies, Inc. ("NanoString"), answers and responds to each of the allegations in the Second Amended Complaint ("SAC") of 10x and Harvard 10x Genomics, Inc. ("10x") and President and Fellows of Harvard College ("Harvard") (collectively "10x and Harvard"). Unless expressly admitted, NanoString denies each and every allegation in 10x and Harvard' SAC. To the extent the allegations in the SAC purport to characterize the nature or contents of the Exhibits to the SAC, NanoString lacks sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them. Additionally, to the extent that the headings or any other non-numbered statements in the SAC contain any allegations, NanoString denies each and every such allegation.

## NATURE OF THE ACTION

1. NanoString admits that the SAC purports to state a claim for patent infringement of United States Patent Nos. 10,227,639 ("the 639 Patent), 11,021,737 ("the 737 Patent"), 11,293,051 ("the 051 Patent"), 11,293,052 ("the 052 Patent"), 11,293,054 ("the 054 Patent"), and 11,542,554 (the "554 Patent") (collectively the "Asserted Patents") arising under the patent laws

of the United States, Title 35, United States Code, including 35 U.S.C. § 271.  Except as so admitted, NanoString denies any remaining allegations in paragraph 1.

## THE PARTIES

2.     Admitted.

3.     Denied.

4.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 4 and on that basis denies them.

5.     NanoString admits that it is a Delaware Corporation with its principal place of business is located in Seattle, WA. Except as so admitted, NanoString denies any remaining allegations in paragraph 5.

6.     Denied.

## JURISDICTION AND VENUE

7.     NanoString incorporates by reference and restates its responses to paragraphs 1-6 of the SAC as though fully set forth herein.

8.     NanoString admits that the SAC purports to state a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., including in particular 35 U.S.C. §§ 271. NanoString further admits that this Court has subject matter jurisdiction over causes of action for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     NanoString admits that it is an entity organized under the laws of Delaware and that venue is proper in this District. Except as so admitted, NanoString denies any remaining allegations of paragraph 9.

### A.     Response to Allegations Regarding 10x's Products

10.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10 and on that basis denies them.

11.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 and on that basis denies them.

12.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 and on that basis denies them.

13.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 and on that basis denies them.

14.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 and on that basis denies them.

**B.      Response To Allegations Regarding 10x and *In Situ* Technologies**

15.     Paragraph 15 of the SAC includes allegations that are vague, ambiguous, and incomplete, and on that basis NanoString denies the allegations of paragraph 15.

16.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 and on that basis denies them.

17.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 and on that basis denies them.

**C.      Response to Allegations Regarding NanoString's Products**

18.     NanoString admits that it announced the launch of its Technology Access Program for the Spatial Molecular Imager Platform in March 2021.  NanoString further admits that it issued a press release referencing the new CosMx Spatial Molecular Imager in November 2021. NanoString admits that Paragraph 18 accurately quotes a portion of NanoString's website. Paragraph 18 of the SAC further includes allegations that purport to characterize technical aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 18.  NanoString further denies that it

practices the Asserted Patents by using the CoxMx SMI workflow on behalf of its own scientists and researchers and for its CosMx SMI TAP customers.

19.     NanoString admits that it advertises, offers for sale, and now sells and ships the CosMx SMI platform to and for customers in the United States.  Paragraph 19 of the SAC further includes allegations that are vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 19.

20.     NanoString admits that it makes, uses, sells, and supplies products, components, and services in connection with NanoString's CosMx Spatial Molecular Imaging platform. Paragraph 20 of the SAC otherwise includes allegations that purport to characterize NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 20.

**D.      Response to Allegations Regarding the Patents In Suit**

21.     Denied.

22.     NanoString admits that, on its face, the 639 Patent states that it was issued on March 12, 2019 and that it lists the named inventors as Daniel Levner, Jehyuk Lee, George M. Church, and Michael Super.  Except as so admitted, NanoString denies any remaining allegations of paragraph 22.

23.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 and on that basis denies them.

24.     NanoString admits that, on its face, the 737 Patent states that it was issued on June 1, 2021 and that it lists the named inventors as Daniel Levner, Jehyuk Lee, George M. Church, and Michael Super.  Except as so admitted, NanoString denies any remaining allegations of paragraph 24.

25.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 25 and on that basis denies them.

26.     NanoString admits that, on its face, the 051 Patent states that it was issued on April 5, 2022, and that it lists the named inventors as Daniel Levner, Jehyuk Lee, George M. Church, and Michael Super.  Except as so admitted, NanoString denies any remaining allegations of paragraph 26.

27.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 27 and on that basis denies them.

28.     NanoString admits that, on its face, the 052 Patent states that it was issued on April 5, 2022, and that it lists the named inventors as Daniel Levner, Jehyuk Lee, George M. Church, and Michael Super.  Except as so admitted, NanoString denies any remaining allegations of paragraph 28.

29.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 and on that basis denies them.

30.     NanoString admits that, on its face, the 054 Patent states that it was issued on April 5, 2022, and that it lists the named inventors as Daniel Levner, Jehyuk Lee, George M. Church, and Michael Super.  Except as so admitted, NanoString denies any remaining allegations of paragraph 30.

31.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 31 and on that basis denies them.

32.     NanoString admits that, on its face, the 554 Patent states that it was issued on January 3, 2023, and that it lists the named inventors as Evan R. Daugharthy, Richard C. Terry,

Je-Hyuk Lee, George M. Church, and Benjamin W. Pruitt.  Except as so admitted, NanoString denies any remaining allegations of paragraph 32.

33.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 33 and on that basis denies them.

34.     NanoString admits that it has been aware of the 639 and 737 Patents since February 28, 2022, when 10x and Harvard filed their Complaint.  NanoString admits that it has been aware of the 051, 052, and 054 Patents since May 12, 2022, when 10x and Harvard filed their First Amended Complaint.  NanoString admits that it has been aware of the 554 Patent since February 2, 2023, when 10x stated its intent to add a claim of infringement of the 554 Patent to the 22-cv-261 litigation.  Paragraph 34 otherwise states legal conclusions to which no response is required. To the extent that a response is required, NanoString denies the remaining allegations in this paragraph.

35.     NanoString admits that it presented studies regarding the CosMx Spatial Molecular Imager at AGBT in July 2022.  NanoString further admits it announced the first commercial shipment of the CosMx Spatial Molecular Imager in December 2022.  Except as so admitted, NanoString denies any remaining allegations of paragraph 35.

## COUNT I

36.     NanoString incorporates and restates by reference its responses to paragraphs 1-35 of the SAC as though fully set forth herein.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT II

44. NanoString incorporates and restates by reference its responses to paragraphs 1-43 of the SAC as though fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT III

52. NanoString incorporates and restates by reference its responses to paragraphs 1-51 of the SAC as though fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

**COUNT IV**

60.     NanoString incorporates and restates by reference its responses to paragraphs 1-59 of the SAC as though fully set forth herein.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

**COUNT V**

68.     NanoString incorporates and restates by reference its responses to paragraphs 1-67 of the SAC as though fully set forth herein.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

**COUNT VI**

76.     NanoString incorporates and restates by reference its responses to paragraphs 1-75 of the SAC as though fully set forth herein.

77.     Paragraph 77 of the SAC further includes allegations that purport to characterize NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 77.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

## PRAYER FOR RELIEF

NanoString denies that 10x and Harvard are entitled to any relief whatsoever, including the relief stated in paragraphs A through G, from either NanoString or the Court.  10x and Harvard' prayer for relief should be denied in its entirety.

## AFFIRMATIVE DEFENSES

NanoString hereby sets forth defenses to the SAC in order to place 10x and Harvard on notice regarding applicable defenses.  By listing any matter as a defense herein, NanoString does not assume the burden of proving any matter upon which 10x and Harvard, or any other party, bears the burden of proof under applicable law.

## FIRST DEFENSE – NON-INFRINGEMENT

NanoString has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

## SECOND DEFENSE – INVALIDITY

The asserted claims of the Asserted Patents are invalid for failing to comply with one or more of the requirements for patentability under, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112 et seq., and the rules, regulations, and laws pertaining to those provisions, including the applicable provisions of Title 37 of the Code of Federal Regulations.

## THIRD DEFENSE – 35 U.S.C. § 287

10x and Harvard' patent infringement claims and Prayer for Relief are limited by 35 U.S.C. § 287.

## FOURTH DEFENSE – ADEQUATE REMEDY AT LAW

10x and Harvard have an adequate remedy at law and the alleged injury to 10x and Harvard is not immediate or irreparable.  Accordingly, 10x and Harvard are not entitled to injunctive relief even if it were able to establish liability.

## FIFTH DEFENSE – NO EXCEPTIONAL CASE

NanoString has not engaged in any conduct that would make this an exceptional case or that would entitle 10x and Harvard to an award of attorneys' fees.

## SIXTH DEFENSE – FAILURE TO STATE A CLAIM

10x and Harvard' SAC fails to state a claim upon which relief may be granted.

## NANOSTRING'S COUNTERCLAIMS AGAINST 10X AND HARVARD

In support of its counterclaims against 10x and Harvard, NanoString alleges as follows:

### NATURE OF THE ACTION

1.      In response to 10x and Harvard' allegations in the SAC, NanoString seeks a declaratory judgment that it has not infringed the Asserted Patents, and that the Asserted Patents are invalid.

### THE PARTIES

2.      10x is a Delaware corporation with its principal place of business at 6230 Stoneridge Mall Road, Pleasanton, CA 94588.

3.      Harvard is a Massachusetts educational institution according to its allegations in the SAC.

4.      NanoString is a Delaware corporation with its principal place of business at 530 Fairview Ave. N, Seattle, WA 98109.

### JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over NanoString's declaratory judgment counterclaims pursuant to 28 U.S.C. §§ 2201 & 2202.

6.      The Court has personal jurisdiction over 10x and Harvard because 10x is a Delaware corporation and both 10x and Harvard have consented to jurisdiction in this District by filing their SAC in this action.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because 10x is a Delaware corporation and both 10x and Harvard have consented to this venue by filing their original Complaint in this action.

## FIRST COUNT

### (Declaration of Non-Infringement of United States Patent No. 10,227,639)

8.    NanoString incorporates by references and restates the preceding Paragraphs 1-7 of its Counterclaims as though fully set forth herein.

9.    10x and Harvard have brought an action asserting the 639 Patent against NanoString.

10.    Harvard has alleged that it is the legal owner by assignment of the 639 Patent.

11.    10x has alleged that it is the exclusive licensee of the 639 Patent.

12.    10x and Harvard have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 639 Patent.

13.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between 10x and Harvard and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 639 Patent.

14.    NanoString's products are not infringing directly or in any other manner any valid and enforceable claim of the 639 Patent.

15.    For example, as described therein, when properly construed, the 639 Patent claims require analytes to be immobilized in the sample for analyte identification.   In contrast, NanoString's CosMx SMI does not immobilize analytes for analyte identification.

16.    Also, as described therein, when properly construed, the 639 Patent claims require pre-determined subsequences to form an identifier of analyte.  In contrast, to the extent they are used in CosMx SMI, pre-determined subsequences are not identifiers, but intermediate sequences for hybridization of probes.

17.     Furthermore, as described therein, when properly construed, the 639 Patent claims require a first decoder probe to be removed before the hybridization of the second decoder probe. In contrast, CosMx SMI do not remove any such decoder probes during hybridization.

18.     Moreover, as described therein, when properly construed, the 639 Patent claims require identification of a probe for analyte identification. In contrast, NanoString's CosMx SMI does not identify a probe to identify an analyte.

19.     Besides, as described therein, when properly construed, the 639 Patent claims require the use of two detectable labels for analyte identification. To the extent any accused products do not use two detectable labels for analyte identification, they do not infringe the 639 Patent.

20.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 639 Patent.

21.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SECOND COUNT

### (Declaration of Non-Infringement of United States Patent No. 11,021,737)

22.     NanoString incorporates by references and restates the preceding Paragraphs 1-21 of its Counterclaims as though fully set forth herein.

23.     10x and Harvard have brought an action asserting the 737 Patent against NanoString.

24.     Harvard has alleged that it is the legal owner by assignment of the 737 Patent.

25.     10x has alleged that it is the exclusive licensee of the 737 Patent.

26.     10x and Harvard have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 737 Patent.

27.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between 10x and Harvard and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 737 Patent.

28.     NanoString's products are not infringing directly or in any other manner any valid and enforceable claim of the 737 Patent.

29.     For example, as described therein, when properly construed, the 737 Patent claims require the analytes to be in the cell or tissue sample during analyte identification.  In contrast, NanoString's CosMx SMI does not identify analytes in the cell or tissue sample.

30.     Furthermore, as described therein, when properly construed, the 737 Patent claims require signal signatures to be associated with one or more pre-determined subsequences.  In contrast, to the extent they are used in CosMx SMI, signal signatures are not associated with pre-determined subsequences, but with the hybridized decoder probes.

31.     Moreover, as described therein, when properly construed, the 737 Patent claims require first decoder probe to be removed before the hybridization of the second decoder probe. In contrast, CosMx SMI does not remove the decoder probes during serial hybridization.

32.     Besides, as described therein, when properly construed, the 737 Patent require a temporal order of signal signatures for analyte identification. In contrast, CosMx SMI does not use a temporal order of signal signatures for analyte identification.

33.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 737 Patent.

34.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## THIRD COUNT

### (Declaration of Non-Infringement of United States Patent No. 11,293,051)

35.     NanoString incorporates by references and restates the preceding Paragraphs 1-34 of its Counterclaims as though fully set forth herein.

36.     10x and Harvard have brought an action asserting the 051 Patent against NanoString.

37.     Harvard has alleged that it is the legal owner by assignment of the 051 Patent.

38.     10x has alleged that it is the exclusive licensee of the 051 Patent.

39.     10x and Harvard have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 051 Patent.

40.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between 10x and Harvard and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 051 Patent.

41.     NanoString's products are not infringing directly or in any other manner any valid and enforceable claim of the 051 Patent.

42.     For example, as described therein, when properly construed, the 051 Patent claims require the analytes to be in the cell or tissue sample for analyte identification.  In contrast, NanoString's CosMx SMI does not identify analytes in the cell or tissue sample.

43.     Also, as described therein, when properly construed, the 051 Patent claims require a temporal order of signal signatures to correspond to a location in a cell or tissue sample. In contrast, NanoString's CosMx SMI does not use a temporal order of signal signatures corresponding to a location.

44.     Furthermore, as described therein, when properly construed, the 051 Patent claims require first plurality of signal signatures to be removed from the cell or tissue sample before the

15

second readout cycle.  In contrast, CosMx SMI does not remove a first plurality of signal signatures from the cell or tissue sample, but from the bound probes.

45.     Moreover, as described therein, when properly construed, the 051 Patent claims require the first subset of detection reagents associated with the first set of decoding reagents and the second set of detection reagents associated with the second set of decoding reagents to overlap. To the extent any of the accused products do not let the first subset of detection reagents and the second subset of detection reagents to overlap, they do not infringe the 051 Patent.

46.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 051 Patent.

47.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## **FOURTH COUNT**

### **(Declaration of Non-Infringement of United States Patent No. 11,293,052)**

48.     NanoString incorporates by references and restates the preceding Paragraphs 1-47 of its Counterclaims as though fully set forth herein.

49.     10x and Harvard have brought an action asserting the 052 Patent against NanoString.

50.     Harvard has alleged that it is the legal owner by assignment of the 052 Patent.

51.     10x has alleged that it is the exclusive licensee of the 052 Patent.

52.     10x and Harvard have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 052 Patent.

53.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between 10x and Harvard and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 052 Patent.

54.     NanoString's products are not infringing directly or in any other manner any valid and enforceable claim of the 052 Patent.

55.     For example, as described therein, when properly construed, the 052 Patent claims require the analyte to be at a location in a biological sample during identification.  In contrast, NanoString's CosMx SMI does not identify the analyte at the location in a biological sample.

56.     Furthermore, as described therein, when properly construed, the 052 Patent claims require the first optical signal to be removed from the location in the biological sample before the second readout cycle.  In contrast, CosMx SMI does not remove the first optical signal from the sample, but from the bound probes.

57.     Moreover, as described therein, when properly construed, the 052 Patent claims require the detection of multiple signal signatures and the absence thereof during analyte identification. To the extent any of the accused products do not detect multiple signal signatures for analyte detection, they do not infringe the 052 Patent.

58.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 052 Patent.

59.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## FIFTH COUNT

### (Declaration of Non-Infringement of United States Patent No. 11,293,054)

60.     NanoString incorporates by references and restates the preceding Paragraphs 1-59 of its Counterclaims as though fully set forth herein.

61.     10x and Harvard have brought an action asserting the 054 Patent against NanoString.

62.     Harvard has alleged that it is the legal owner by assignment of the 054 Patent.

63.     10x has alleged that it is the exclusive licensee of the 054 Patent.

64.     10x and Harvard have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 054 Patent.

65.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between 10x and Harvard and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 054 Patent.

66.     NanoString's products are not infringing directly or in any other manner any valid and enforceable claim of the 054 Patent.

67.     For example, as described therein, when properly construed, the 054 Patent claims require generation of signal signatures in a cell or tissue sample.  In contrast, NanoString's CosMx SMI does not generate a signal signatures in a cell or tissue sample.

68.     Furthermore, as described therein, when properly construed, the 054 Patent claims require a nucleic acid label coupled to a probe to permit the said probe to bind to an analyte. In contrast, to the extent it is used in NanoString's CosMx SMI, a nucleic acid label does not permit the probe to bind to an analyte.  Rather, the probe is itself designed to target an analyte.

69.     Moreover, as described therein, when properly construed, the 054 Patent claims require first decoder probe to be removed before the hybridization of the second decoder probe. In contrast, CosMx SMI do not remove the decoder probes during serial hybridization.

70.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 054 Patent.

71.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SIXTH COUNT

**(Declaration of Non-Infringement of United States Patent No. 11,542,554)**

72.     NanoString incorporates by references and restates the preceding Paragraphs 1-71 of its Counterclaims as though fully set forth herein.

73.     10x and Harvard have brought an action asserting the 554 Patent against NanoString.

74.     Harvard has alleged that it is the legal owner by assignment of the 554 Patent.

75.     10x has alleged that it is the exclusive licensee of the 554 Patent.

76.     10x and Harvard have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 554 Patent.

77.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between 10x and Harvard and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 554 Patent.

78.     NanoString's products are not infringing directly or in any other manner any valid and enforceable claim of the 554 Patent.

79.     For example, as described therein, when properly construed, the 554 Patent claims require light signals associated with nucleic acid molecules within a sample.  In contrast, to the extent they are used in NanoString's CosMx SMI, light signals are not associated with nucleic acid molecules within a sample.

80.     Similarly, as described therein, when properly construed, the 554 Patent claims require optically-encoded signal associated with a nucleic acid molecule within a sample.  In contrast, to the extent it is used in NanoString's CosMx SMI, the optically-encoded signal is not associated with a nucleic acid molecule within a sample.

81.     Furthermore, as described therein, when properly construed, the 554 Patent claims require a plurality of images comprise a plurality of light signals received during a plurality of readout cycles.  In contrast, to the extent they are used in NanoString's CosMx SMI, the images may not comprise light signals.

82.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 554 Patent.

83.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SEVENTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 10,227,639)

84.     NanoString incorporates by references and restates the preceding Paragraphs 1-83 of its Counterclaims as though fully set forth herein.

85.     10x and Harvard have brought an action asserting the 639 Patent against NanoString.

86.     Harvard has alleged that it is the legal owner by assignment of the 639 Patent.

87.     10x has alleged that it is the exclusive license of the 639 Patent.

88.     10x and Harvard have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 639 Patent.

89.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between 10x and Harvard and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 639 Patent.

90.     The claims of the 639 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more

of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

91.     For example, the asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent No. 10,961,566 ("Chee"), alone or in combination with additional prior art, including U.S. Patent App. Pub. No. 2005/0064435 ("Su"), Göransson et al., A single molecule array for digital targeted molecular analyses, 37 Nucleic Acids Research e7 (2008) ("Göransson"), or U.S. Patent No. 8,741,566 ("Winther"), which disclose and/or render obvious all elements of the claims of the Asserted Patents.

92.     All claims of the Asserted Patents are further invalid for failure to satisfy the requirements of 35 U.S.C. § 112.  For example, the claim term "temporal order", read in light of the specification and the prosecution history, fails to inform, with reasonable certainty, those skilled in the art of the boundaries of protected subject matter, and therefore does not meet the definiteness standard.

93.     Moreover, the specifications of the Asserted Patents fail to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claims.  For example, there is a lack of an adequate written description and a lack of enablement for signal detection in the cell or tissue sample.

94.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 639 Patent.

95.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## EIGHTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,021,737)

96.     NanoString incorporates by references and restates the preceding Paragraphs 1-95 of its Counterclaims as though fully set forth herein.

97.     10x and Harvard have brought an action asserting the 737 Patent against NanoString.

98.     Harvard has alleged that it is the legal owner by assignment of the 737 Patent.

99.     10x has alleged that it is the exclusive license of the 737 Patent.

100.    10x and Harvard have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 737 Patent.

101.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between 10x and Harvard and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 737 Patent.

102.    The claims of the 737 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

103.    For example, the asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent No. 10,961,566 ("Chee"), alone or in combination with additional prior art, including U.S. Patent App. Pub. No. 2005/0064435 ("Su"), Göransson et al., A single molecule array for digital targeted molecular analyses, 37 Nucleic Acids Research e7 (2008) ("Göransson"), or U.S. Patent No. 8,741,566 ("Winther"), which disclose and/or render obvious all elements of the claims of the Asserted Patents.

104.    All claims of the Asserted Patents are further invalid for failure to satisfy the requirements of 35 U.S.C. § 112.  For example, the claim term "temporal order", read in light of the specification and the prosecution history, fails to inform, with reasonable certainty, those skilled in the art of the boundaries of protected subject matter, and therefore does not meet the definiteness standard.

105.    Moreover, the specifications of the Asserted Patents fail to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claims.  For example, there is a lack of an adequate written description and a lack of enablement for generating a three dimensional matrix of nucleic acids in situ in a cell or tissue sample and amplifying, detecting, and sequencing such nucleic acids within the matrix; there is also a lack of an adequate written description and a lack of enablement for analyte detection while allowing spatial movement of an analyte in a sample.

106.    By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 737 Patent.

107.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

### NINTH COUNT

**(Declaration of Invalidity of U.S. Patent No. 11,293,051)**

108.    NanoString incorporates by reference and restates the preceding Paragraphs 1-107 of its Counterclaims as though fully set forth herein.

109.    10x and Harvard have brought an action asserting the 051 Patent against NanoString.

110.    Harvard has alleged that it is the legal owner by assignment of the 051 Patent.

111.    10x has alleged that it is the exclusive license of the 051 Patent.

23

112.    10x and Harvard have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 051 Patent.

113.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between 10x and Harvard and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 051 Patent.

114.    The claims of the 051 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

115.    For example, the asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent No. 10,961,566 ("Chee"), alone or in combination with additional prior art, including U.S. Patent App. Pub. No. 2005/0064435 ("Su"), Göransson et al., A single molecule array for digital targeted molecular analyses, 37 Nucleic Acids Research e7 (2008) ("Göransson"), or U.S. Patent No. 8,741,566 ("Winther"), which disclose and/or render obvious all elements of the claims of the Asserted Patents.

116.    Moreover, the specifications of the Asserted Patents fail to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claims.  For example, there is a lack of an adequate written description and a lack of enablement for generating a three dimensional matrix of nucleic acids in situ in a cell or tissue sample and amplifying, detecting, and sequencing such nucleic acids within the matrix; there is also a lack of an adequate written description and a lack of enablement for analyte detection while allowing spatial movement of an analyte in a sample.

117.    By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 051 Patent.

118.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**TENTH COUNT**

**(Declaration of Invalidity of U.S. Patent No. 11,293,052)**

119.    NanoString incorporates by references and restates the preceding Paragraphs 1-118 of its Counterclaims as though fully set forth herein.

120.    10x and Harvard have brought an action asserting the 052 Patent against NanoString.

121.    Harvard has alleged that it is the legal owner by assignment of the 052 Patent.

122.    10x has alleged that it is the exclusive licensee of the 052 Patent.

123.    10x and Harvard have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 052 Patent.

124.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between 10x and Harvard and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 052 Patent.

125.    The claims of the 052 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

126.    For example, the asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent No. 10,961,566 ("Chee"), alone or in combination with additional prior art, including U.S. Patent App. Pub. No. 2005/0064435 ("Su"), Göransson et

al., A single molecule array for digital targeted molecular analyses, 37 Nucleic Acids Research e7 (2008) ("Göransson"), or U.S. Patent No. 8,741,566 ("Winther"), which disclose and/or render obvious all elements of the claims of the Asserted Patents.

127.    All claims of the Asserted Patents are further invalid for failure to satisfy the requirements of 35 U.S.C. § 112.  For example, the claim terms "signal signature" and "temporal order", read in light of the specification and the prosecution history, fails to inform, with reasonable certainty, those skilled in the art of the boundaries of protected subject matter, and therefore does not meet the definiteness standard.

128.    Moreover, the specifications of the Asserted Patents fail to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claims.  For example, there is a lack of an adequate written description and a lack of enablement for analyte identification at a location in a biological sample.

129.    By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 052 Patent.

130.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## ELEVENTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,293,054)

131.    NanoString incorporates by references and restates the preceding Paragraphs 1-130 of its Counterclaims as though fully set forth herein.

132.    10x and Harvard have brought an action asserting the 054 Patent against NanoString.

133.    Harvard has alleged that it is the legal owner by assignment of the 054 Patent.

134.    10x has alleged that it is the exclusive licensee of the 054 Patent.

135.    10x and Harvard have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 054 Patent.

136.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between 10x and Harvard and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 054 Patent.

137.    The claims of the 054 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

138.    For example, the asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent No. 10,961,566 ("Chee"), alone or in combination with additional prior art, including U.S. Patent App. Pub. No. 2005/0064435 ("Su"), Göransson et al., A single molecule array for digital targeted molecular analyses, 37 Nucleic Acids Research e7 (2008) ("Göransson"), or U.S. Patent No. 8,741,566 ("Winther"), which disclose and/or render obvious all elements of the claims of the Asserted Patents.

139.    All claims of the Asserted Patents are further invalid for failure to satisfy the requirements of 35 U.S.C. § 112.  For example, the claim term "temporal order", read in light of the specification and the prosecution history, fails to inform, with reasonable certainty, those skilled in the art of the boundaries of protected subject matter, and therefore does not meet the definiteness standard.

140.    Moreover, the specifications of the Asserted Patents fail to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to

practice the full scope of the claims.  For example, there is a lack of an adequate written description and a lack of enablement for signal detection in the cell or tissue sample.

141.    By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 054 Patent.

142.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## TWELFTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,542,554)

143.    NanoString incorporates by references and restates the preceding Paragraphs 1-142 of its Counterclaims as though fully set forth herein.

144.    10x and Harvard have brought an action asserting the 554 Patent against NanoString.

145.    Harvard has alleged that it is the legal owner by assignment of the 554 Patent.

146.    10x has alleged that it is the exclusive licensee of the 554 Patent.

147.    10x and Harvard have alleged and continue to allege that NanoString has infringed and continues to infringe one or more claims of the 554 Patent.

148.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between 10x and Harvard and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the 554 Patent.

149.    The claims of the 554 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

150.    For example, the asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of Lee, Je Hyuk, et al. "Highly multiplexed subcellular RNA sequencing in situ." science 343.6177 (2014): 1360-1363 ("Lee"), alone or in combination with additional prior art, including Lubeck, Eric, et al. "Single-cell in situ RNA profiling by sequential hybridization." Nature methods 11.4 (2014): 360-361 ("Lubeck"), U.S. Pat. Pub. No. 2012/0046203, Walsh et al., February 23, 2012 ("Walsh"), or Heinzman, Jamie M., Shara D. Rice, and L. A. Corkan. "Robotic liquid handlers and semiautomated cell quantification systems increase consistency and reproducibility in high-throughput, cell-based assay." JALA: Journal of the Association for Laboratory Automation 15.1 (2010): 7-14 ("Heinzman"), which disclose and/or render obvious all elements of the claims of the Asserted Patents.

151.    All claims of the Asserted Patents are further invalid for failure to satisfy the requirements of 35 U.S.C. § 112.  For example, the claim terms "optically-encoded signals" and "nucleic acid molecules within said volume", read in light of the specification and the prosecution history, fails to inform, with reasonable certainty, those skilled in the art of the boundaries of protected subject matter, and therefore does not meet the definiteness standard.

152.    As another example, the claim language "a computing system comprising at least one computer readable storage medium having program instructions stored thereon, which program instructions are executable by at least one processor of said computing system to cause said at least one processor to perform a method comprising" is directed to both an apparatus and a method of using the apparatus, and when read in light of the specification and the prosecution history, fails to inform, with reasonable certainty, those skilled in the art of the boundaries of protected subject matter, and therefore does not meet the definiteness standard.

153.    Moreover, the specifications of the Asserted Patents fail to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claims.  For example, there is a lack of an adequate written description and a lack of enablement for determination of three-dimensional positional information of nucleic acid molecules within sample.

154.    By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the 554 Patent.

155.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## REQUEST FOR RELIEF

WHEREFORE, having fully answered 10x and Harvard' SAC and having asserted Affirmative Defenses, and Counterclaims, NanoString respectfully requests the following relief:

A.    That this Court enter judgment on 10x and Harvard' SAC and NanoString's Counterclaims in favor of NanoString, against 10x and Harvard, with 10x and Harvard being awarded no relief of any kind in this action;

B.    That this Court enter judgment and/or declarations that NanoString does not infringe the Asserted Patents and that the Asserted Patents are invalid;

C.    That this Court enter a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding NanoString its attorneys' fees and prejudgment and post-judgment interest;

D.    That this Court award NanoString all of its costs of this action; and

E.    That this Court grant such other and further relief as the Court shall deem just and proper.

Dated: March 22, 2023

Respectfully submitted,

FARNAN LLP

By: */s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Phone: (650) 802-3000
edward.reines@weil.com
derek.walter@weil.com

Christopher Pepe (admitted *pro hac vice*)
Amanda Branch (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600,
Washington, DC 20036
Phone: (202) 682-7000
christopher.pepe@weil.com
amanda.branch@weil.com

Natalie C. Kennedy (admitted *pro hac vice*)
Yi Zhang (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Phone: (212) 310 8145
natalie.kennedy@weil.com
yi.zhang@weil.com

*Attorneys for Defendant*
*Nanostring Technologies, Inc.*