IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NANOSTRING TECHNOLOGIES, INC.,<br><br>　　　　Defendant. | C.A. No. 22-261-MFK |

**DEFENDANT NANOSTRING TECHNOLOGIES, INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

　　Pursuant to Federal Rules of Civil Procedure 15(a) and District of Delaware Local Rule 15.1, Defendant NanoString Technologies, Inc. ("NanoString") respectfully moves for leave to file its Second Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' First Amended Complaint in this case to assert the affirmative defense of unclean hands and new counterclaims for Sherman Act § 2 violations, related state law violations, and breach of contract by 10x Genomics, Inc. ("10x") and the President and Fellows of Harvard College ("Harvard"). Clean and redlined copies of NanoString's proposed amended pleading are submitted herewith as Exhibit A (clean) and Exhibit B (redline).

　　Pursuant to D. Del. L. R. 7.1.1, the parties met and conferred. 10x and Harvard oppose this motion.

　　A proposed order granting the motion for leave to amend Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' First Amended Complaint is attached hereto as Exhibit C.

　　In support of this opposed motion, NanoString states as follows:

1

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading "only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." Federal Rules of Civil Procedure 15(d) also provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to pleading amendments. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). In the absence of undue delay, bad faith, repeated failure to cure deficiencies by previous amendment, or dilatory motives on the part of the moving party, amendment should be freely granted, unless it would be futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. Each factor favors permitting Defendant to amend at this early stage.

NanoString's Amended Answer adds the affirmative defense of unclean hands and adds counterclaims asserting claims for Attempted Monopolization in Violation of Section 2 of the Sherman Act, Unfair Competition in Violation of California Cal. Bus. & Prof. Code § 17200 *et seq.*, Violation of California's Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, 16727, Violation of the Revised Code of Washington 19.86.020, and breach of contract. The amended affirmative defenses and additional counterclaims are based on information NanoString only discovered in recent days. Specifically, on April 22, 2023, NanoString was first made aware that the patents asserted in this case are subject to a licensing requirement. This happened because co-defendant Vizgen wanted to file a motion to stay based on Harvard's licensing commitment and asked

NanoString for its position. Vizgen assumed that NanoString knew about the Grant and the commitment and agreed to provide a copy to NanoString after learning to the contrary. *See also* Defendant's Mot. for Expedited Briefing at 4-5 (explaining that NanoString acted timely and diligently in response to the newly obtained information).

In exchange for approximately $20 million in rant funding from the National Institutes of Health, Harvard agreed to foster innovation and grant open, non-exclusive licenses for any patents that resulted from the Grant, including to commercial entities such as NanoString. *See* Defendant's Brief ISO Mot. for Temporary Restraining Order and Preliminary Injunction at 4-6 (explaining terms and conditions of the Grant). All of the asserted patents unquestionably resulted from the Grant, as stated in the specification of each asserted patent.

To be clear, this highly probative information that bars the injunctive relief sought by 10x and Harvard in this Court and abroad, should have been produced long ago in this case. For example, at least NanoString's RFP Nos. 9 and 22 squarely called for the Grant in full and all other documents related to the development of the Asserted Patents and Harvard's licensing policies. *See* Defendant's Mot. for Expedited Briefing at 6-7 (explaining that the Grant falls within the scope of NanoString's RFPs). Harvard and 10x have offered no legitimate reason why they withheld this information, and there is none. Although Harvard produced the full Grant with the licensing commitment to Vizgen in January 2023 in the face of a Vizgen FOIA request, it did ***not*** produce it to NanoString. Indeed, to this day Harvard contends that the Grant from which the patents-in-suit stem is not responsive to NanoString's document requests – which is a meritless position.

Harvard only this past Monday (April 24) agreed that Vizgen could share the full Grant with NanoString and its antitrust counterclaims based on the licensing commitment in the Grant. This happened because Vizgen had met and conferred with plaintiffs this past Friday (April 21) in

3

anticipation of its motion to stay and promptly asked Harvard if it could share the Grant with NanoString upon learning in that meet and confer that it had been withheld from NanoString. *See* Defendant's Brief ISO Mot. for Temporary Restraining Order and Preliminary Injunction at 3 (explaining the relevant facts in more details).

This newly discovered information reveals deceptive and unlawful conduct by 10x and Harvard based on a lie to the U.S. government as a condition of receiving taxpayer funds. This wrongful conduct gives rise to the affirmative defense of unclean hands and the additional counterclaims listed above. *E.g.*, *TC Tech., LLC v. Sprint Corp.*, No. 16-cv-153-RGA, 2019 U.S. Dist. LEXIS 22091 (D. Del. Feb. 11, 2019) (Judge Andrews granting a motion to amend because of new information).

NanoString seeks to amend its pleadings to assert the affirmative defense of unclean hands and counterclaims for Sherman Act § 2 violations, related state law violations, and breach of contract by 10x and Harvard.  All of these claims derive from their wrongful conduct of attempting to enjoin NanoString from allegedly practicing the Asserted Patents after promising the NIH that non-exclusive licenses would be made available to commercial entities such as NanoString.  10x and Harvard are pursuing an ill-gotten monopoly by enforcing patents that are subject to a requirement that they be licensed non-exclusively, in violation of Sherman Act § 2 and related state laws. Moreover, 10x and Harvard's conduct amounts to a breach of the Grant, of which NanoString is a third-party beneficiary.

There is also no prejudice to 10x and Harvard from filing amended affirmative defenses and counterclaims.  Discovery is in its early stages and the deadline for moving for leave to amend the pleadings is still more than five months away, October 13, 2023. D.I. 105.  Moreover, NanoString has filed this motion seeking amendment without undue delay – indeed only days after

discovering the information giving rise to the amended affirmative defense and counterclaims. In short, none of the reasons why a motion to amend should not be freely given are present here.

In view of the Court's liberal policy in favor of pleading amendments set forth in the Federal Rules of Civil Procedure and Third Circuit jurisprudence, NanoString respectfully submits that this motion for leave to file a First Amended Answer, Affirmative Defenses, and Counterclaims should be granted.

Respectfully submitted,

FARNAN LLP

OF COUNSEL:

Edward R. Reines
Derek C. Walter
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

By: */s/Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant
Nanostring Technologies, Inc.*

Date: April 27, 2023

5