**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | |
| *Plaintiffs* | C.A. No. 22-261-MFK |
| v. | **JURY TRIAL DEMANDED** |
| NANOSTRING TECHNOLOGIES, INC., | |
| *Defendant* | |
| NANOSTRING TECHNOLOGIES, INC., | |
| *Plaintiff* | C.A. No. 22-1375-MFK |
| v. | **JURY TRIAL DEMANDED** |
| 10X GENOMICS, INC., | |
| *Defendant* | |
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | |
| Plaintiffs, | C.A. No. 22-595-MFK |
| v. | **JURY TRIAL DEMANDED** |
| VIZGEN, INC., | |
| Defendant. | |

**JOINT STATUS REPORT REGARDING CASE SCHEDULING**

On April 17, 2023, in C.A. No. 22-595-MFK, Vizgen filed an Answer, Defenses and Counterclaims to Plaintiffs' Second Amended Complaint. The Counterclaims assert, among others, certain counterclaims for breach of contract, alleged violation of 15 U.S.C. § 2, alleged violation of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720 et seq, and alleged violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. (C.A. No. 22-595-MFK,

D.I. 138). On April 25, 2023, the Court (in the 595 matter) directed the parties to promptly confer "regarding a schedule for briefing any motion(s) that defendant anticipates filing regarding the defenses in question. A joint status report in this regard is to be filed on 5/2/2023." (C.A. No. 22-595-MFK, D.I. 147). On April 28, 2023, the Court held a status conference and vacated the requirements of the April 25 Order (C.A. No. 22-595-MFK, D.I. 147).  The Court ordered the parties to meet and confer regarding scheduling issues and to file a joint status report. (*Id. see also* C.A. No. 22-261-MFK, D.I. 117). On May 2, 2023[1] (in the 261 matter), NanoString filed a Motion to Amend/Correct [106] Answer to Counterclaim, Answer to Complaint, and Counterclaim (C.A. No. 22-261-MFK, D.I. 119), asserting, among other claims, certain counterclaims for breach of contract, alleged violation of 15 U.S.C. § 2, alleged violation of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720 et seq, and alleged violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. based on some of the same allegations raised in Vizgen's amended counterclaims (C.A. No. 22-595-MFK, D.I. 138). Pursuant to the Court's April 28 orders, the Parties met and conferred on May 5, 2023.

### A.   Briefing on Vizgen's Answer, Defenses and Counterclaims to Plaintiffs' Second Amended Complaint

10x, Harvard, and Vizgen agreed, subject to the Court's approval, to the following briefing schedule to address Vizgen's April 17, 2023 Answer, Defenses and Counterclaims to Plaintiffs' Second Amended Complaint (D.I. 138):

1.  May 18, 2023: 10x and Harvard to file their responses to Vizgen's Answer, Defenses and Counterclaims to Plaintiffs' Second Amended Complaint (D.I. 138) and answer to any counterclaims not subject to a Rule 12, Fed. R. Civ. P. motion.

2.  June 8, 2023: Vizgen to file its opposition to any Rule 12 motion.

---

[1] D.I. 119 in C.A. No. 22-261-MFK was filed after 5:00 on May 1, 2023, and, under Delaware Local Rule 7.1.2(b), is deemed filed on May 2.

3. June 19, 2023: 10x and Harvard file replies to Vizgen's opposition to any Rule 12 motion.

### B.     Vizgen Proposal in 595 Case Regarding Expedited Discovery and Dispositive Motion Practice

**Vizgen's Position:**

In connection with this Court's order of April 25, 2023 (D.I. 147), denying Vizgen's motion to stay, but ordering the parties to confer regarding any motions Vizgen may file regarding the defenses in question, Vizgen respectfully states the new evidence that Vizgen uncovered through its FOIA request changes the nature of this case, and has led to NanoString (in the 261 case) adopting Vizgen's positions and claims, leading to this current joint filing.  Although this Court denied Vizgen's motion to stay, Vizgen believes that Harvard's licensing commitment—as well as the NIH's requirement it be a condition of the grant—is a gating item that should be prioritized.  NanoString's filings underscore Vizgen's position and the importance of the newly uncovered evidence.

To date, Harvard has produced virtually no written discovery relating to the grant application submitted by Harvard and George Church at issue in Vizgen's recently filed Answer, Defenses, and Counterclaims.  (D.I. 138).  In order to expeditiously move this case forward and prepare for potential early summary judgment motions, Vizgen proposes the following:

- A date certain of June 30, 2023, for Harvard to produce documents related to the NIH grant application, e.g., discussions relating to the licensing commitments set forth in pages 116 to 133 of the grant; all drafts of the grant applications; George Church's documents related to the grant applications; and any documents held by Harvard, including Harvard's Office of Technology Development—the office with

which Church committed to work to provide non-exclusive licenses—relating to the grant commitments.  These documents are responsive to long-pending requests.

- A separate deposition of the principal investigator listed on the grant, George Church, on issues raised in Vizgen's new claims and defenses, i.e., license and unclean hands, with a second technical deposition to be scheduled later.

- Early depositions of Harvard and individuals other than Church involved in the grant process, including its submission to the patent office, and licensing of Church's and Harvard's patent rights first to ReadCoor and then to 10x.

- A status conference after Harvard provides discovery and after this Court rules on pending Rule 12 motions, at which Vizgen may request leave to file early summary judgment motions on its license and/or unclean hands defenses.

We understand NanoString—building off Vizgen's FOIA request and the claims filed by Vizgen—has recently adopted Vizgen's license, unclean hands and antitrust claims, and is now seeking an early trial on those issues.  Vizgen is concerned, however, that moving too quickly to an early trial will jeopardize Vizgen's ability to pursue and fully present its defenses in the first instance.  As such, Vizgen believes its proposal outlined above is the most efficient way to resolve these issues absent a stay.

Vizgen is cognizant that Harvard's cover up of the NIH grant application may have created time pressure on NanoString in connection with a German proceeding.  Indeed, it appears that 10x and Harvard are flaunting Harvard's licensing commitments by seeking worldwide injunctions and then obtaining ex parte orders to prevent enforcement of the license commitments in the U.S.  Vizgen is sympathetic to NanoString's position and understands NanoString's rapid adoption of Vizgen's license and unclean hands defense.  Vizgen believes this Court certainly has the power

to remedy this situation because 10x and Harvard—the parties pursuing an injunction in Germany—are before this Court in both the 595 and 261 actions.  Vizgen, as a separate party and not subject to any decisions of a German judge, ought not be prejudiced by 10x's and Harvard's *ex parte* actions in a separate forum.  In particular, as the party that uncovered the hidden evidence that underlies these new issues, Vizgen should be the party to take the lead in developing the claims without prejudice from an ancillary international proceeding in which it plays no role.

**10x & Harvard's Position:**

10x and Harvard believe that it would be premature to discuss bifurcating and expediting Vizgen's Counterclaims—which 10x and Harvard believe to be meritless—before briefing and a decision on 10x and Harvard's Motion to Dismiss. Accordingly, Vizgen may file a Motion to Bifurcate and/or Expedite after the Motion to Dismiss has been decided.

Regardless, and as this Court has already recognized in denying Vizgen's Motion to Stay, the issues presented by Vizgen's counterclaims are best dealt with in the normal course of litigation. (*See* C.A. No. 22-595-MFK, D.I.147). Vizgen's attempt to justify expedited relief by portraying Harvard's conduct in this matter as a "cover up" has no merit. In both its Second Amended Complaint and Counterclaims, Vizgen argues that it first "uncovered" the grant materials via a FOIA request—implying that Harvard refused to produce them. That allegation is false. Harvard produced a **complete and unredacted** copy of the grant application, as well as all other materials from Harvard's Office of Sponsored Research concerning the grant, on January 6th, 2023—more than a month before NIH responded to Vizgen's FOIA request on February 8, 2023, and more than three months before Vizgen filed its new counterclaims.  Meanwhile, Harvard is working diligently to respond to Vizgen's follow-up requests for production concerning the grant application, first served on April 21st, 2023—for which objections and a response are not due until

May 22nd, 2023. Discovery is proceeding on Vizgen's counterclaims in the normal course, has not been frustrated in any way, and there is no justification to expedite.

Moreover, both Vizgen and NanoString's positions are based on the erroneous premise that "Harvard committed to non-exclusively license the patents on fair and reasonable terms worldwide" and that they are entitled to a non-exclusive license. On the face of the new counterclaims and the attached materials, there was no such enforceable commitment and the remedy Vizgen and NanoString seek is not available to them as a matter of law. If these new counterclaims survive a motion to dismiss, they can and should be handled in accordance with the schedule the Court entered on April 11 at the request of Vizgen and NanoString.

### C.      Proposals in the 261 Case regarding NanoString's Motion to Amend and Nanostring's Proposal for Expedited Discovery and Dispositive Motion Practice on Certain Counterclaims

The Parties were unable to reach an agreement regarding the briefing schedule for NanoString's Motion for Leave to File Second Amended Answer, Affirmative Defenses, and Counterclaims (D.I. 119). The parties' respective proposed schedules are shown in the table below, followed by statements of each party's position.

| Event | Default Due Date Under Del. Local Rule 7.1.2(b) | 10x and Harvard's Proposal | NanoString's Proposal |
|---|---|---|---|
| 10x's and Harvard's Opposition Brief(s) | May 16, 2023 | May 18, 2023 | May 12, 2023 |
| NanoString's Reply Brief | May 23, 2023 | June 8, 2023 | May 19, 2023 |

**10x and Harvard's Position:** Vizgen and NanoString's new counterclaims can and should be dealt with under the Court's recently issued schedule and in the normal course. Vizgen's and NanoString's new claims of urgency are belied by the fact that Vizgen has had the grant materials in its possession since January 6, 2023, when Harvard produced those materials to Vizgen and

NanoString's recent admission that it "did not prioritize" discovery of the grant materials. (*See* C.A. No. 22-261-MFK, D.I. 114, at 3). NanoString and Vizgen both recently submitted to this Court (which the Court accepted) extended case schedules based on the claim that they would be prejudiced if they were not given months of additional time to respond to allegations relating to the addition of one additional, highly related patent in each case. (*See* C.A. No. 22-261-MFK, D.I. 88). Those schedules were accepted by the Court on April 5, 2023 (C.A. No. 22-261-MFK, D.I. 103) and set forth in the case schedule submitted on April 11, 2023 (C.A. No. 22-261-MFK, D.I. 105). Now, after adding a host of new state law and antitrust counterclaims on new issues never raised before, NanoString and Vizgen seek to prejudice 10x and Harvard's ability to respond to those new counterclaims by accelerating the schedule that they just asked the Court to extend. NanoString's and Vizgen's claims that there is an urgent need to address their license defense on a truncated basis are inconsistent with their most recent statements to the Court on scheduling and would unduly prejudice 10x and Harvard.

As with Vizgen's request, there is no good reason for expediting. As explained above, Harvard has—and is—participating in discovery on the counterclaims. Harvard also did not "conceal" materials from NanoString.  Vizgen specifically requested production of grant materials in the 595 Case, and so they were produced to Vizgen. NanoString did not.  Harvard did not "withhold" responsive documents from NanoString until April of 2023. The grant materials were not requested by NanoString **until** April of 2023.

Moreover, both Vizgen and NanoString's positions are based on the erroneous premise that "Harvard committed to non-exclusively license the patents on fair and reasonable terms worldwide" and that they are entitled to a non-exclusive license. On the face of the new counterclaims and the attached materials, there was no such enforceable commitment and the remedy Vizgen and

NanoString seek is not available to them as a matter of law. If these new counterclaims survive a motion to dismiss, they can and should be handled in accordance with the schedule the Court entered on April 11 at the request of Vizgen and NanoString.

The new counterclaims should also be addressed on the same briefing schedule. There is substantial overlap between Vizgen and NanoString's new counterclaims. Both Vizgen and NanoString assert many of the same counterclaims, including for example counterclaims for breach of contract, alleged violation of 15 U.S.C. § 2, alleged violation of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720 et seq, and alleged violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. (C.A. No. 22-595-MFK, D.I. 138). Because of that overlap, 10x and Harvard's proposed briefing schedule aligns with the agreed-to briefing schedule in the Vizgen 595 Case. The three cases have been coordinated for major deadlines up until the close of fact discovery, and these deadlines should be no exception. The default local rule deadline for 10x's and Harvard's opposition to NanoString's motion to amend in the 261 Case is May 16 (because NanoString's May 1, 2023 filing was after the 5:00 pm filing deadline). 10x and Harvard's proposal to file opposition briefs in the 261 Case on the same track as their motions to dismiss on highly related issues in the 595 Case requires only two days beyond the local rule default deadline.

In contrast, NanoString's proposed schedule is too compressed and requires 10x and Harvard to file their opposition briefs on NanoString's new breach of contract and antitrust-based claims merely three days after the joint status report is due and before the Court's May 16 telephonic status hearing, even though the Court has held NanoString's motion in abeyance. NanoString's proposal would create uncertainty in scheduling until right before 10x and Harvard's oppositions are due and leave 10x and Harvard scrambling at the last minute to finalize their oppositions. This would prejudice 10x and Harvard. NanoString also ignores that briefing on these

issues will not be completed in the 595 Case until mid-June, and rushing the briefs in the 261 Case is inconsistent with the Court's guidance to coordinate briefing schedules, permitting the Court to consider these related issues together.

NanoString's assertion that it is requesting a "standard briefing schedule" is disingenuous. As shown in the table above, the default due date for 10x's and Harvard's opposition briefs (May 16) is closer to 10x and Harvard's proposed date (May 18) than NanoString's (May 12). NanoString calculated the "standard briefing schedule" based on the filing date of its April 27, 2023 Motion to Amend (D.I. 110), not the current May 2, 2023 Motion to Amend (D.I. 119), which is the motion at issue in this status report. NanoString has no basis in any federal or local rules to assert that a superseding motion can somehow adopt the briefing schedule of an earlier motion. NanoString asserts that 10x and Harvard had notice of NanoString's amendment, but the local rules calculate the briefing schedule based on the service date of the actual motion, not when the opposing party is on notice. *See* Del. Local Rule 7.1.2(b). In addition, NanoString's reliance on the alleged "standard briefing schedule" is contrary to the Court's April 28 Oral Order as the Court has held NanoString's motion in abeyance, stopping the clock for the briefing schedule.

NanoString invokes the German proceeding as the reason for an expedited schedule but does not explain how exactly NanoString will be prejudiced by the four-day difference in the parties' briefing proposals. If time is of essence to NanoString, it would not have missed the 5pm filing cutoff on May 1 and filed its motion on May 2 instead.

As with Vizgen's request to bifurcate and expedite certain counterclaims, NanoString's request is also premature before briefing and a decision on 10x and Harvard's Motion to Dismiss is considered. Accordingly, NanoString may file a Motion to Bifurcate and/or Expedite after the Motion to Dismiss has been decided.

With regard to NanoString's request for an additional five pages for a reply brief, that also is premature considering NanoString not having received 10x and Harvard's Opposition to the Motion to Amend.  That NanoString chose to only justify its amendment with five pages of briefing in its opening Motion is a strategy decision that NanoString made and that it should now live with.

**NanoString's Position:** NanoString requests a standard briefing schedule on its motion to amend with use of the full pages allotted under the Local Rules. NanoString also agrees with Vizgen's proposal to expedite document discovery related to Harvard's licensing commitment in the NIH Grant, and further requests that the Court set a schedule for completion of discovery, early summary judgment motions, and a trial for that issue.

First, NanoString requests the Court enter the standard briefing schedule for its motion to amend its pleading to add a defense of unclean hands and counterclaims of an antitrust violation and related state law claims, including for breach of contract. D.I. 119. NanoString requests 10x/Harvard's opposition be due May 12 (14 days after service of an amended pleading consistent with FRCP 15(a)(3) and D. Del.  LR 7.1.2) and NanoString's reply be due May 19 (7 days, consistent with D. Del. LR 7.1.2).

Additionally, NanoString requests that it be allowed to submit a reply up to 15 pages. NanoString did not then and does not yet know Plaintiffs' basis for opposing the amended pleading, so it could not address those grounds in its opening brief.  As a result, NanoString used only 5 of 20 pages allotted for its opening brief. D.I. 119.  NanoString simply requests that it be allowed to use a portion of those unused pages for its reply.

Harvard and 10x seek to extend the briefing schedule.  This is unjustified and as explained further below, time is of the essence due to the co-pending German proceedings that threaten to enjoin the sale of NanoString products imminently.  Moreover, there is no justification for

extending the briefing schedule beyond the default standard.  Plaintiffs have had ample notice of the subject of NanoString's amendments, which are based on Harvard and 10x's own conduct to date.  NanoString first served its amended pleading on April 27, only modifying it on May 1 to avoid a conflict with the German court.  Plaintiffs' contention that it did not know the substance of NanoString's amendments until May 2 is therefore without merit.  Further, NanoString's amendments have much in common with Vizgen's amended pleading, served in its coordinated case on April 17.  Thus under NanoString's Rules-based schedule, Plaintiffs will have had nearly a month to assess the substance of NanoString's amendments.

Harvard and 10x are seeking delay to align with the extended briefing schedule it has agreed to with Vizgen.  However, Vizgen is also a competitor with NanoString and would not suffer harm if NanoString's products are wrongly enjoined in Germany and of course Harvard and 10x want NanoString out of the market notwithstanding their licensing commitment.  Simply put, NanoString respectfully requests the standard briefing process and not an extended schedule that harms only NanoString.  NanoString's briefing schedule will also facilitate a more meaningful discussion at the May 16 status conference concerning the proposed expedited discovery and schedule concerning the licensing commitment issue, as Plaintiffs will have already submitted their opposition brief setting forth the basis for their assertion that the NIH Grant includes "no such enforceable commitment" and that "the remedy Vizgen and NanoString seek is not available to them as a matter of law."

Second, NanoString agrees with Vizgen's request for expedited document production and related discovery to determine the scope of the non-exclusive licensing commitment made by Harvard in the NIH Grant, as well as a status conference with the Court upon completion of said discovery.  NanoString, however, further requests a date certain for the completion of discovery,

dispositive motions, and a trial concerning the licensing commitment issue, in accordance with the following schedule[2]:

- Completion of Discovery Regarding Licensing Commitment: August 11, 2023

- Opening Summary Judgment Motions: August 18, 2023

- Responsive Summary Judgment Motions: September 1, 2023

- Reply Summary Judgment Motions: September 11, 2023

- Trial: October 2, 2023 (2-3 days)

To briefly recap, the patents-in-suit state on their faces that "[t]his invention was made with government support under HG005550 awarded by the [NIH]." *See, e.g.,* U.S. Patent No. 10,227,639. In its application for Grant HG005550, Harvard committed to non-exclusively license the resulting technology and innovations. NIH responded that the licensing commitments were a condition of the grant. Despite this, Harvard and 10x entered into an exclusive licensing agreement for the resulting patents, via 10x's acquisition of the lead inventor's company. Yet Harvard and 10x concealed these non-exclusive licensing commitments from the public and withheld the Grant from production to NanoString until April 2023 – over a year into the case and just days before a German court was due to issue a determination on infringement of the foreign counterpart to one of the patents-in-suit. If a German injunction goes into effect – notwithstanding Harvard's NIH commitments – that would cause NanoString irreparable harm as documented in the declaration of Nicole Droste. D.I. 113 (Droste Decl.).

---

[2] NanoString concurrently with this status letter has filed a motion to bifurcate the licensing commitment issue and a motion to expedite discovery concerning that issue.

Because Harvard committed to non-exclusively license the patents on fair and reasonable terms worldwide, NanoString is entitled to a non-exclusive license.  It is very likely that if a Court finds Harvard has a licensing obligation that would resolve the disputes efficiently and promptly.

Further, expediting the discovery and adjudication of the threshold issue of Harvard's licensing commitments is also necessary so that the proper forum decides this core issue.  The appropriate venue for the resolution of the licensing commitment made in the NIH Grant is a U.S. court – the commitment was made in the U.S. by a U.S. entity to the U.S. government for the receipt of U.S. taxpayer funds, and the patents at issue are now being asserted in an effort to enjoin another U.S. entity—NanoString—from selling products and services globally that were developed and are now manufactured substantially within the U.S.

NanoString's proposal for an early licensing adjudication is fully supported by the Court's inherent authority to control its docket, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936), and FRCP 42(b)'s express allowance "of a separate trial of one or more separate issues" to allow "[f]or convenience, to avoid prejudice, or to expedite and economize."  Importantly, the expedited discovery and adjudication proposal would not otherwise impact the case schedule, in that it does not propose to stay discovery on any other issues, and therefore differs from the stay request the Court previously denied.  Rather, NanoString's proposal simply calls for a prompt resolution of the gating licensing issue that will have a substantial impact on other issues in the case (as well as other related cases) while other remaining discovery remains ongoing in parallel.  In light of this new material information, NanoString's proposal is fully consistent with, and supported by, FRCP 1's guidance to apply the Rules to ensure the "just, speedy, and inexpensive determination" of this action.

Finally, NanoString's expedited schedule to adjudicate Harvard's licensing commitment would not cause harm to Vizgen.  A ruling on Harvard's licensing commitment in NanoString's case would have no preclusive effect on Vizgen, who would be free to raise its own defenses based on the evidence it gathers in accordance with its proposed discovery schedule for that issue.

### D.       The German proceedings between 10x and NanoString

On May 2, 2023, in the *10x and Harvard v. NanoString* patent infringement suit pending in Germany (File Ref. 7 O 2693/22), the German Court entered an order updating the date by which the German Court expects to issue its decision. The German Court now expects to issue its decision by May 17, 2023.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Cameron P. Clark
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Of Counsel:*
Matthew D. Powers (*pro hac vice*)
Paul T. Ehrlich (*pro hac vice*)
Stefani C. Smith (*pro hac vice*)
Robert Gerrity (*pro hac vice*)
Li Shen (*pro hac vice*)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065

Samantha A. Jameson (*pro hac vice*)
Ronald J. Pabis (*pro hac vice*)
Kiley White (*pro hac vice*)
TENSEGRITY LAW GROUP, LLP

RICHARDS, LAYTON & FINGER, P.A.

/s/ Jason J. Rawnsley
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Alexandra M. Ewing (#6407)
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com

*Of Counsel:*

TENSEGRITY LAW GROUP LLP
Matthew Powers
Paul Ehrlich
Stefani Smith
Robert Gerrity
Li Shen
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065
Tel: (650) 802-6000

8260 Greensboro Drive, Suite 260
McLean, VA 22102

10x_Harvard_NSTG_Service@tensegritylaw
group.com

***Attorneys for 10x Genomics, Inc.***

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Of Counsel:*
Edward R. Reines
Derek C. Walter
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: 650-802-3000
edward.reines@weil.com
derek.walter@weil.com

Amanda Branch
Christopher Pepe
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
amanda.branch@weil.com
christopher.pepe@weil.com

Natalie C. Kennedy
Yi Zhang
Weil, Gotshal & Manges LLP

Samantha Jameson
Ron J. Pabis
Kiley White
8260 Greensboro Dr.
Suite 260
McLean, VA 22102-3848
Tel: (650) 802-6000
10x_NSTG_Service@tensegritylawgroup.com

***Attorneys for 10x Genomics, Inc.***

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Pilar G. Kraman
James L. Higgins (#5021)
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
jhiggins@ycst.com
pkraman@ycst.com

*Of Counsel*:

QUINN EMANUEL URQUHART & SULLIVAN LLP

David Bilsker
Sam Stake
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Kevin Johnson
Victoria Maroulis
Andrew Bramhall
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Angus Chen
Catherine T. Mattes
51 Madison Avenue, 22nd Floor
New York, NY 10010

vizgen@quinnemanuel.com

***Attorneys for Vizgen, Inc.***

15

767 Fifth Avenue
New York, NY 10153-0119
Natalie.Kennedy@weil.com
Yi.Zhang@weil.com

Nanostring.10X@weil.com

***Counsel for NanoString Technologies, Inc.***

MORRIS JAMES LLP

/s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
Kdorsney@morrisjames.com
Chitch@morrisjames.com

*Of Counsel:*
Geoffrey M. Raux, Esq.
Ruben J. Rodrigues, Esq.
Michael J. Tuteur, Esq.
Sarah E. Rieger, Esq.
Foley & Lardner LLP
111 Huntington Avenue, Suite 2500
Boston, MA 02199
(617) 502-3284
(617) 502-3228
BOST-F-10Xv.Nanostring@foley.com

Sarah E. Rieger, Esq.
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 319-7101
BOST-F-10Xv.Nanostring@foley.com

***Attorneys for President and Fellows of Harvard College***

**Dated: May 9, 2023**