**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF DELAWARE**

---

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | |
| Plaintiffs, | C.A. No. 22-261-MFK |
| v. | JURY TRIAL DEMANDED |
| NANOSTRING TECHNOLOGIES, INC., | |
| Defendant. | **FILED UNDER SEAL** |

---

NANOSTRING TECHNOLOGIES, INC.,

       Counterclaim-Plaintiff,

and

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

       Counterclaim-Plaintiff as to
       certain claims,

       v.

10X GENOMICS, INC.,

       Counterclaim-Defendant as to
       certain claims,

and

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

       Counterclaim-Defendant as to
       certain claims.

---

**PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S ANSWER TO
NANOSTRING TECHNOLOGIES, INC.'S FIRST AMENDED COUNTERCLAIMS TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Plaintiff Presidents and Fellows of Harvard College ("Harvard"), by and through its attorneys, responds to the Amended Counterclaims (D.I. 157) raised by Defendant NanoString Technologies, Inc. ("NanoString") as follows:

## NATURE OF THE ACTION

1.      This paragraph states legal conclusions to which no response is required. To the extent that a response is Plaintiffs admit that Defendant's Counterclaims purport to seek declaratory judgment that it has not infringed United States Patent Nos. 11,227,639 ("639 Patent"); 11,021,737 ("737 Patent"); 11,293,051 ("051 Patent"); 11,293,052 ("052 Patent"), 11,293,054 ("054 Patent"), and 11,542,554 ("554 Patent") (collectively, the "Asserted Patents") and that the Asserted Patents are invalid, arising under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq*.  Harvard also admits that NanoString purports to bring a counterclaim for alleged antitrust violations.  Harvard admits that NanoString seeks injunctive relief, specific performance, and/or a compulsory lincense.  Harvard denies that the allegations have any merit. Harvard denies the remaining allegations in this paragraph.

## THE PARTIES

2.      Admitted.

3.      Admitted.

4.      Admitted.

## JURISDICTION AND VENUE

5.      This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Harvard admits that NanoString purports to bring certain of its counterclaims pursuant to federal question jurisdiction, supplemental jurisdiction, and the Declaratory Judgment Act.  Harvard denies the remaining allegations, if any, contained in this paragraph.

6.      This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Harvard admits that Plaintiffs filed their Second Amended Complaint in this action, and that the Court has personal jurisdiction over Plaintiffs for purposes of this action. Except as so admitted, Harvard denies the remaining allegations of this paragraph.

7.      This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Harvard admits that Plaintiffs filed their original Complaint in this action, and that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) for purposes of Plaintiffs' claims and NanoString's declaratory judgment counterclaims of this action. Except as so admitted, Harvard denies the remaining allegations of this paragraph..

## **FIRST COUNT**

### **(Declaration of Non-Infringement of United States Patent No. 10,227,639)**

8.      Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-141 above as if fully set forth herein.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Harvard and NanoString regarding NanoString's infringement of the valid and enforceable claims of the 639 Patent but denies that NanoString's allegations have any merit.  Harvard denies the remaining allegations of this paragraph.

14.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

15.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

16.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

17.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

18.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

19.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

20.     Harvard admits that NanoString purports to seek a judicial determination of its rights and duties with respect to Harvard's allegations of NanoString's infringement of the 639 Patent.  Harvard denies the remaining allegations of this paragraph.

21.     Harvard admits that a determination by the Court as to its allegations in the Second Amended Complaint and the remedies requested therein, including a determination as to NanoString's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action.  Harvard denies the remaining allegations of this paragraph.

## SECOND COUNT

### (Declaration of Non-Infringement of United States Patent No. 11,021,737)

22.     Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-21 above as if fully set forth herein.

23.    Admitted.

24.    Admitted.

25.    Admitted.

26.    Admitted.

27.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Harvard and NanoString regarding NanoString's infringement of the valid and enforceable claims of the 737 Patent but denies that NanoString's allegations have any merit.  Harvard denies the remaining allegations of this paragraph.

28.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

29.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

30.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

31.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

32.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

33.    Harvard admits that NanoString purports to seek a judicial determination of its rights and duties with respect to Harvard's allegations of NanoString's infringement of the 737 Patent.  Harvard denies the remaining allegations of this paragraph.

34.     Harvard admits that a determination by the Court as to its allegations in the Second Amended Complaint and the remedies requested therein, including a determination as to NanoString's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action.  Harvard denies the remaining allegations of this paragraph.

## THIRD COUNT

### (Declaration of Non-Infringement of United States Patent No. 11,293,051)

35.     Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-34 above as if fully set forth herein.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Admitted.

40.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Harvard and NanoString regarding NanoString's infringement of the valid and enforceable claims of the 051 Patent but denies that NanoString's allegations have any merit.  Harvard denies the remaining allegations of this paragraph.

41.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

42.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

43.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

44.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

45.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

46.     Harvard admits that NanoString purports to seek a judicial determination of its rights and duties with respect to Harvard's allegations of NanoString's infringement of the 051 Patent.  Harvard denies the remaining allegations of this paragraph.

47.     Harvard admits that a determination by the Court as to its allegations in the Second Amended Complaint and the remedies requested therein, including a determination as to NanoString's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action.  Harvard denies the remaining allegations of this paragraph.

## **FOURTH COUNT**

### **(Declaration of Non-Infringement of United States Patent No. 11,293,052)**

48.     Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-47 above as if fully set forth herein.

49.     Admitted.

50.     Admitted.

51.     Admitted.

52.     Admitted.

53.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard admits that an actual controversy within the meaning

of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Harvard and NanoString regarding NanoString's infringement of the valid and enforceable claims of the 052 Patent but denies that NanoString's allegations have any merit.  Harvard denies the remaining allegations of this paragraph.

54.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

55.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

56.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

57.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

58.     Harvard admits that NanoString purports to seek a judicial determination of its rights and duties with respect to Harvard's allegations of NanoString's infringement of the 052 Patent.  Harvard denies the remaining allegations of this paragraph.

59.     Harvard admits that a determination by the Court as to its allegations in the Second Amended Complaint and the remedies requested therein, including a determination as to NanoString's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action.  Harvard denies the remaining allegations of this paragraph.

## **FIFTH COUNT**

### **(Declaration of Non-Infringement of United States Patent No. 11,293,054)**

60.     Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-59 above as if fully set forth herein.

61.     Admitted.

62.     Admitted.

63.     Admitted.

64.     Admitted.

65.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Harvard and NanoString regarding NanoString's infringement of the valid and enforceable claims of the 054 Patent but denies that NanoString's allegations have any merit.  Harvard denies the remaining allegations of this paragraph.

66.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

67.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

68.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

69.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

70.     Harvard admits that NanoString purports to seek a judicial determination of its rights and duties with respect to Harvard's allegations of NanoString's infringement of the 054 Patent.  Harvard denies the remaining allegations of this paragraph.

71.     Harvard admits that a determination by the Court as to its allegations in the Second Amended Complaint and the remedies requested therein, including a determination as to

NanoString's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action.  Harvard denies the remaining allegations of this paragraph.

## SIXTH COUNT

### (Declaration of Non-Infringement of United States Patent No. 11,542,554)

72.     Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-71 above as if fully set forth herein.

73.     Admitted.

74.     Admitted.

75.     Admitted.

76.     Admitted.

77.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Harvard and NanoString regarding NanoString's infringement of the valid and enforceable claims of the 554 Patent but denies that NanoString's allegations have any merit.  Harvard denies the remaining allegations of this paragraph.

78.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

79.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

80.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

81.     The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required.  To the extent a response is required, denied.

82.     Harvard admits that NanoString purports to seek a judicial determination of its rights and duties with respect to Harvard's allegations of NanoString's infringement of the 052 Patent.  Harvard denies the remaining allegations of this paragraph.

83.     Harvard admits that a determination by the Court as to its allegations in the Second Amended Complaint and the remedies requested therein, including a determination as to NanoString's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action.  Harvard denies the remaining allegations of this paragraph.

<u>**SEVENTH COUNT**</u>

**(Declaration of Invalidity of U.S. Patent No. 10,227,639)**

84.     Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-83 above as if fully set forth herein.

85.     Admitted.

86.     Admitted.

87.     Admitted.

88.     Admitted.

89.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Harvard and NanoString regarding NanoString's infringement of the valid and enforceable claims of the 639 Patent but denies that NanoString's allegations have any merit.  Harvard denies the remaining allegations of this paragraph.

90.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

91.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

92.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

93.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

94.     Harvard admits that NanoString purports to seek a judicial determination of its rights and duties with respect to Harvard's allegations of NanoString's infringement of the 639 Patent.  Harvard denies the remaining allegations of this paragraph.

95.     Harvard admits that a determination by the Court as to its allegations in the Second Amended Complaint and the remedies requested therein, including a determination as to NanoString's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action.  Harvard denies the remaining allegations of this paragraph.

## EIGHTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,021,737)

96.     Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-95 above as if fully set forth herein.

97.     Admitted.

98.     Admitted.

99.     Admitted.

100.    Admitted.

101.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Harvard and NanoString regarding NanoString's infringement of the valid and enforceable claims of the 737 Patent but denies that NanoString's allegations have any merit.  Harvard denies the remaining allegations of this paragraph.

102.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

103.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

104.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

105.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

106.    Harvard admits that NanoString purports to seek a judicial determination of its rights and duties with respect to Harvard's allegations of NanoString's infringement of the 737 Patent.  Harvard denies the remaining allegations of this paragraph.

107.    Harvard admits that a determination by the Court as to its allegations in the Second Amended Complaint and the remedies requested therein, including a determination as to NanoString's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action.  Harvard denies the remaining allegations of this paragraph.

## NINTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 10,227,639)

108.    Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-107 above as if fully set forth herein.

109.    Admitted.

110.    Admitted.

111.    Admitted.

112.    Admitted.

113.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Harvard and NanoString regarding NanoString's infringement of the valid and enforceable claims of the 051 Patent but denies that NanoString's allegations have any merit.  Harvard denies the remaining allegations of this paragraph.

114.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

115.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

116.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

117.    Harvard admits that NanoString purports to seek a judicial determination of its rights and duties with respect to Harvard's allegations of NanoString's infringement of the 051 Patent.  Harvard denies the remaining allegations of this paragraph.

118.    Harvard admits that a determination by the Court as to its allegations in the Second Amended Complaint and the remedies requested therein, including a determination as to NanoString's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action.  Harvard denies the remaining allegations of this paragraph.

## TENTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,293,052)

119.    Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-118 above as if fully set forth herein.

120.    Admitted.

121.    Admitted.

122.    Admitted.

123.    Admitted.

124.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Harvard and NanoString regarding NanoString's infringement of the valid and enforceable claims of the 052 Patent but denies that NanoString's allegations have any merit.  Harvard denies the remaining allegations of this paragraph.

125.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

126.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

127.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

128.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

129.     Harvard admits that NanoString purports to seek a judicial determination of its rights and duties with respect to Harvard's allegations of NanoString's infringement of the 052 Patent.  Harvard denies the remaining allegations of this paragraph.

130.     Harvard admits that a determination by the Court as to its allegations in the Second Amended Complaint and the remedies requested therein, including a determination as to NanoString's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action.  Harvard denies the remaining allegations of this paragraph.

## **ELEVENTH COUNT**

### **(Declaration of Invalidity of U.S. Patent No. 11,293,054)**

131.     Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-130 above as if fully set forth herein.

132.     Admitted.

133.     Admitted.

134.     Admitted.

135.     Admitted.

136.     This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Harvard and NanoString regarding NanoString's infringement of the valid and enforceable claims of the 054 Patent but denies that

NanoString's allegations have any merit.  Harvard denies the remaining allegations of this paragraph.

137.   This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

138.   This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

139.   This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

140.   This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

141.   Harvard admits that NanoString purports to seek a judicial determination of its rights and duties with respect to Harvard's allegations of NanoString's infringement of the 054 Patent.  Harvard denies the remaining allegations of this paragraph.

142.   Harvard admits that a determination by the Court as to its allegations in the Second Amended Complaint and the remedies requested therein, including a determination as to NanoString's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action.  Harvard denies the remaining allegations of this paragraph.

## TWELFTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,542,554)

143.   Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-142 above as if fully set forth herein.

144.   Admitted.

145.   Admitted.

146.    Admitted.

147.    Admitted.

148.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Harvard and NanoString regarding NanoString's infringement of the valid and enforceable claims of the 554 Patent but denies that NanoString's allegations have any merit.  Harvard denies the remaining allegations of this paragraph.

149.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

150.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

151.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

152.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

153.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, denied.

154.    Harvard admits that NanoString purports to seek a judicial determination of its rights and duties with respect to Harvard's allegations of NanoString's infringement of the 554 Patent.  Harvard denies the remaining allegations of this paragraph.

155.    Harvard admits that a determination by the Court as to its allegations in the Second Amended Complaint and the remedies requested therein, including a determination as to

NanoString's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action.  Harvard denies the remaining allegations of this paragraph.

## **THIRTEENTH COUNT**

**(Attempted Monopolization of the Single-Cell Spatial Transcriptomics Market in Violation of Section 2 of the Sherman Act)**

156.    Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-155 above as if fully set forth herein.

157.    This paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Harvard denies that Nanostring's Sherman Act claim has any merit.  Additionally, Harvard denies throughout that Nanostring has pled a sufficient and/or relevant market.

158.    Denied.

*The NIH Grant*

159.    Harvard admits that Dr. Church's lab submitted a grant application to NIH in 2009, which was given the number Grant No. 1P50HG005550.  Harvard admits that the quoted language appears in the grant application but states that the language is provided without proper context.  Harvard denies the remaining allegations of this paragraph.

160.    Harvard admits that the NIH Grant application refers to a "Center for the Causal Transcriptional Consequences of Human Genetic Variation (CTCHGV)" and that Dr. George Church was the principal investigator and program director for CTCHGV. Harvard denies the remaining allegations of this paragraph.

161.    Harvard admits that Dr. Church and Harvard received funds in accordance with the NIH Grant. Harvard admits that Exhibit A purports to be a copy of certain NIH Grant materials, which speak for themselves. 10x denies the remaining allegations of this paragraph.

162.    Harvard admits that the quoted language appears in the grant application but states that the language is provided without proper context.  Harvard denies the remaining allegations of this paragraph, including specifically denying any implication that the grant award is governed by contract law, that Harvard made any commitment to license patents arising from NIH-funded research in any particular way, or that Harvard waived any rights with respect to how patents should be licensed.

163.    Harvard admits that the quoted language appears in the grant application but states that the language is provided without proper context.  Harvard denies the remaining allegations of this paragraph, including specifically denying any implication that the grant award is governed by contract law, that Harvard made any commitment to license patents arising from NIH-funded research in any particular way, or that Harvard waived any rights with respect to how patents should be licensed.

164.    Harvard admits that the quoted language appears in the grant but states that the language is provided without proper context.  Harvard denies the remaining allegations of this paragraph, including specifically denying any implication that the grant award is governed by contract law, that Harvard made any commitment to license patents arising from NIH-funded research in any particular way, or that Harvard waived any rights with respect to how patents should be licensed.

165.    Harvard admits that the quoted language appears in the grant award but states that the language is provided without proper context.  Harvard denies the remaining allegations of

this paragraph, including specifically denying any implication that the grant award is governed by contract law, that Dr. Church or Harvard made any alleged "promises," that Harvard made any commitment to license patents arising from NIH-funded research in any particular way, or that Harvard waived any rights with respect to how patents should be licensed.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Harvard admits that ReadCoor and Harvard entered into a license agreement that included an exclusive license to certain patents.  Harvard denies the remaining allegations of this paragraph, including specifically denying that Dr. Church or Harvard made any alleged "promises" and any implication that the grant award is governed by contract law, that Harvard made any commitment to license patents arising from NIH-funded research in any particular way, or that Harvard waived any rights with respect to how patents should be licensed.

172.    Harvard admits that, on information and belief, 10x acquired ReadCoor in 2020. Harvard admits that Dr. Church and Harvard, as ReadCoor shareholders, received certain 10x stock as a result of 10x's acquisition of ReadCoor.  Harvard denies the remaining allegations of this paragraph, including specifically denying that Harvard or Dr. Church made any alleged "promises" and any implication that any patent applications have improper priority claims.

173.    Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

174.    Denied, including specifically denying that Harvard or Dr. Church made any alleged "promises."

175.    Harvard admits that it agreed to provide grant related materials to Nanostring upon Nanostring's first request for them.  Harvard otherwise denies the remaining allegations of this paragraph, including specifically denying that it withheld any requested material from discovery, that Dr. Church or Harvard made any "promises" and any implication that the grant award is governed by contract law, that Harvard made any commitment to license patents arising from NIH-funded research in any particular way, or that Harvard waived any rights with respect to how patents should be licensed

176.    Denied.

177.    Harvard admits that in April 2023, NanoString requested for the first time a non-exclusive license from Harvard.  Harvard denies the remaining allegations of this paragraph, including specifically denying any implication that Harvard withheld materials from discovery, that Dr. Church or Harvard made any "promises" and any implication that the grant award is governed by contract law, that Harvard made any commitment to license patents arising from NIH-funded research in any particular way, or that Harvard waived any rights with respect to how patents should be licensed.

*Antitrust Violation*

178.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, Harvard denies the allegations in this paragraph.

179.    Harvard admits that on April 5, 2022, an infringement suit was initiated in a regional court in Germany against NanoString based on NanoString's infringement of European Patent EP 2 794 928 B1, that Harvard joined that suit on November 23, 2022, and that the

Munich regional court held a hearing on March 23, 2023.  Harvard further admits that the Munich court informed the parties that a decision would be expected on May 17, 2023, and the Munich court provided its decision on May 17, 2023 finding that NanoString's CosMx products for RNA detection infringe EP 2 794 928 B1.  Harvard otherwise denies the remaining allegations of this paragraph.

180.   Denied.

181.   Denied.

182.   Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

183.   Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

184.   Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

185.   Harvard admits that Harvard joined a patent infringement lawsuit brought by 10x against Vizgen.  Harvard denies the remaining allegation of this paragraph.

186.   Denied.

*The Worldwide SST Market*

187.   Harvard denies that Nanostring has pled a sufficient and/or relevant market throughout.  Additionally, Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

188.   Harvard denies that Nanostring has pled a sufficient and/or relevant market throughout.  Additionally, Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

189.    Harvard denies that Nanostring has pled a sufficient and/or relevant market throughout.  Additionally, Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

190.    Harvard denies that Nanostring has pled a sufficient and/or relevant market throughout.  Additionally, Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

191.    Harvard denies that Nanostring has pled a sufficient and/or relevant market throughout.  Additionally, Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

192.    Harvard denies that Nanostring has pled a sufficient and/or relevant market throughout.  Additionally, Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

193.    Harvard denies that Nanostring has pled a sufficient and/or relevant market throughout.  Additionally, Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

194.    Harvard denies that Nanostring has pled a sufficient and/or relevant market throughout.  Additionally, Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

195.    Harvard denies that Nanostring has pled a sufficient and/or relevant market throughout.  Additionally, Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

196.    Harvard denies that Nanostring has pled a sufficient and/or relevant market throughout.  Additionally, Harvard denies that Nanostring has pled a sufficient and/or relevant

market throughout.  Additionally, Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

197.    Harvard denies that Nanostring has pled a sufficient and/or relevant market throughout.  Additionally, Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

*Dangerous Probability of Success*

198.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Denied.

199.    Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

200.    Harvard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

201.    Denied.

202.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Harvard denies the allegations in this paragraph.

203.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Harvard denies the allegations in this paragraph.

204.    Denied.

205.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Harvard denies the allegations in this paragraph.

206.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Harvard denies the allegations in this paragraph.

207.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Harvard denies the allegations in this paragraph.

## FOURTEENTH COUNT

**(Unfair Competition in Violation of California Cal. Bus. & Prof. Code § 17200 *et seq*.)**

208.    Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-207 above as if fully set forth herein.

209.    This paragraph includes a statement of law to which no response is required. To the extent that a response is required, Harvard denies that NanoString's unfair competition claim under California Business and Professions Code § 17200 has any merit.

210.    Denied.

211.    Denied.

212.    Denied.

## FIFTEENTH COUNT

**(Violation of California's Cartwright Act, Cal. Bus. & Prof. Code § 16720, 16727)**

213.    Harvard realleges and incorporates by reference the responses set forth in paragraphs 1-212 above as if fully set forth herein.

214.    This paragraph includes a statement of law to which no response is required. To the extent that a response is required, Harvard denies that NanoString's Cartwright Act claim has any merit.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Denied.

## SIXTEENTH COUNT

### (Violation of the Revised Code of Washington 19.86.020)

221.    Harvard realleges and incorporates by reference the responses set forth in

paragraphs 1-220 above as if fully set forth herein.

222.    This paragraph includes a statement of law to which no response is required. To

the extent that a response is required, Harvard denies that NanoString's claim under the Revised

Code of Washington 19.86.020 has any merit.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

## REQUEST FOR RELIEF

Except as specifically admitted, Harvard denies every allegation contained in Paragraphs 1-230 of NanoString's Amended Counterclaims and denies that NanoString is entitled to any of the relief requested in the Request for Relief.

## AFFIRMATIVE DEFENSES

Harvard expressly reserves the right to plead additional affirmative and other defenses should any such defenses be revealed by any discovery in this case, or required by any amendments to NanoString's Counterclaims. By setting forth the following allegations and defenses, Harvard does not assume the burden of proof on matters and issues other than those on which Harvard bears the burden of proof as a matter of law.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

1.      The allegations in the Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Frauds)

2.      The Counterclaims are barred, in whole or in part, by the Statute of Frauds.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver / Estoppel / Laches)

3.      NanoString's right to relief is barred or limited by its own acquiescence to the purported misconduct alleged herein as provided by the doctrines of estoppel, laches, and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4.      NanoString's right to relief is barred or limited by its own misconduct.

**FIFTH AFFIRMATIVE DEFENSE**
**(Lack of Injury / No Loss or Damage / No Causation)**

5.      NanoString has not been injured by any alleged misconduct nor has it accrued any form of monetary loss or loss to property, so NanoString therefore lacks any basis for recovery. Furthermore, no purported loss of money or property could be attributed to any alleged unfair or deceptive practice, meaning that NanoString cannot demonstrate causation between any loss alleged and any alleged unfair or deceptive practice, whether factual or proximate.

**SIXTH AFFIRMATIVE DEFENSE**
**(Mass. Gen. Laws ch. 231, § 85K)**

6.      NanoString's requested relief is barred, at least in part, because of the statutory cap on liability imposed by Mass. Gen. Laws ch. 231, § 85K.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Federal Preemption / The *Noerr-Pennington* Doctrine / First Amendment)**

7.      The Counterclaims are preempted by U.S. federal law, which provides for the acquisition and enforcement of U.S. Patent rights. The Counterclaims are further barred or limited by the *Noerr-Pennington* doctrine that limits liability for the actions of patent owners in asserting patent rights under Federal Law.  The Counterclaims are also barred by the First Amendment to the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Location of Alleged Acts / Cal. Bus. & Prof. Code § 17200)**

8.      NanoString's right to relief is barred by the fact that Cal. Bus. & Prof. Code § 17200 does reach claims based on transactions occurring outside of California, and the alleged violations of the law did not occur in California.

**NINTH AFFIRMATIVE DEFENSE**
**(No Public Harm / Cal. Bus. & Prof. Code § 16720 et seq.)**

9.     NanoString's right to relief is barred by the fact that there was no public harm arising from Harvard's alleged violations of the law.

**TENTH AFFIRMATIVE DEFENSE**
**(Location of Alleged Acts / RCW 19.86.020)**

10.     NanoString's Counterclaims are barred because the actions and transactions constituting the alleged unfair method of competition or alleged deceptive act or practice did not occur primarily and substantially within the state of Washington.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Public Harm / RCW 19.86.020)**

11.     NanoString's right to relief is barred by the fact that there was no harm to the people of Washington arising from Harvard's alleged violations of the law.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

12.     NanoString's Counterclaims are barred, in whole or in part, because it failed to mitigate its alleged damages, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Conduct of Any Trade or Commerce)**

13.     NanoString's alleged right to relief is barred or limited by the fact that Harvard is a Massachusetts charitable non-profit organization, and that the conduct accused of was in furtherance of Harvard's charitable purpose—and not Trade or Commerce for the purposes of Mass. Gen. Laws ch. 93A.

**ADDITIONAL DEFENSES**

14.     Harvard has not knowingly or intentionally waived any applicable defenses and reserves the right to assert or rely on additional defenses as they become known to it, including

through discovery. Accordingly, Harvard reserves the right to amend this Answer to add, delete, or modify defenses based upon evidence or legal theories that may be disclosed through clarification of NanoString's claims and/or discovery in this matter.

Dated: August 1, 2023

*Of Counsel*:

Michael J. Tuteur (*pro hac vice*)
Ruben J. Rodrigues (*pro hac vice*)
Geoffrey M. Raux (*pro hac vice*)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
(617) 502-3284
mtuteur@foley.com
rrodrigues@foley.com
graux@foley.com

Sarah E. Rieger (*pro hac vice*)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 297-2400
srieger@foley.com

   */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Counterclaim-Defendant*
*President and Fellows of Harvard College*

**<u>CERTIFICATE OF SERVICE</u>**

I, Kenneth L. Dorsney, hereby certify that on August 1, 2023, the attached document

was electronically filed with the Clerk of the Court using CM/ECF which will send notification

to the registered attorney(s) of record that the document has been filed.

I further certify that on the same date the attached document was electronically mailed to

the following person(s):

Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant*
*NanoString Technologies, Inc.*

Edward Reines
Derek Walter
Amber Zhang
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 944065
edward.reines@weil.com
derek.walter@weil.com
amber.zhang@weil.com

Christopher Pepe
Amanda Branch
Weil, Gotshal & Manges LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
christopher.pepe@weil.com
amanda.branch@weil.com

Natalie Kennedy
Eric Hochstadt
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
natalie.kennedy@weil.com
eric.hochstadt@weil.com
Nanostring.10X@weil.com

*Attorneys for Defendant*
*NanoString Technologies, Inc.*

Karen Jacobs
Cameron Clark
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for 10x Genomics, Inc.*

Matthew Powers
Paul Ehrlich
Stefani Smith
Robert Gerrity
Li Shen
Samantha Jameson
Kiley White
Tensegrity Law Group LLP
Matthew.Powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
Stefani.Smith@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
li.shen@tensegritylawgroup.com
Samantha.Jameson@tensegritylawgroup.com
Kiley.White@tensegritylawgroup.com
10x_Harvard_NSTG_Service@tensegritylawgroup.com

*Attorneys for 10x Genomics, Inc.*

Dated: August 1, 2023

  */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Counterclaim-Defendant*
*President and Fellows of Harvard College*