EXHIBIT 6

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| 10x Genomics, Inc., et al., | ) |
| v. | ) |
| Vizgen, Inc. | ) Civil Action Nos.  22-595-MFK |
| 10x Genomics, Inc. et al., | ) 22-261-MFK |
| v. | ) |
| Nanostring Technologies, Inc. | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Element Biosciences, Inc. c/o Liang Li

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place:  Latham & Watkins LLP<br>12670 High Bluff Drive<br>San Diego, CA 92130 | Date and Time:<br><br>12/15/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/28/2023

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff
10x Genomics, Inc. , who issues or requests this subpoena, are:

Marguerite Sullivan, Latham & Watkins LLP, 555 11th St., NW, Suite 1000, Washington, DC 20004
marguerite.sullivan@lw.com (202) 637-1027

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action Nos. 22-595-MFK
                   22-261-MFK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*

                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**<u>ATTACHMENT A</u>**

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.      "**You**," "**Your**," and "**Element Biosciences**" mean Element Biosciences, Inc., and its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, parents, subsidiaries, divisions, affiliates, brands, assigns and representatives, and any person or entity, past or present, acting on its behalf.

2.      "**10x**," for purposes of this subpoena, shall mean 10x Genomics, Inc. and without limitation all its corporate locations, and all predecessor subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with 10x, and others acting on behalf of 10x.

3.      "**NanoString**" shall mean and refer, individually and collectively, to NanoString Technologies, Inc., and without limitation all corporate locations, and all predecessors and successors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint-venture or partnership relationships with NanoString, and others acting on behalf of NanoString.

4.      "**Vizgen**" shall mean and refer, individually and collectively, to Vizgen Inc., and without limitation all corporate locations, and all predecessors and successors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint-venture or partnership relationships with Vizgen, and others acting on behalf of Vizgen.

5.      "**CosMx SMI**" shall mean NanoString's CosMx Spatial Molecular Imager instrument, software, and components thereof.

6.      "**CosMx Platform**" shall mean NanoString's CosMx SMI and all assays and other

consumables and instruments, software or components used with or sold with CosMx SMI.

7.      **CosMx Technology Access Program**" or "**CosMx TAP**" shall mean NanoString's CosMx services provided through its Technology Access Program (TAP).

8.      **"MERSCOPE"** shall mean Vizgen's MERSCOPE Platform, including instruments, reagents, and software thereof.

9.      **"MERSCOPE Lab Services"** shall mean Vizgen's MERSCOPE Platform lab services provided through the Vizgen Lab Services.

10.     "**Xenium Analyzer**" shall mean 10x's Xenium Analyzer instrument and components thereof.

11.     "**Xenium Platform**" shall mean 10x's Xenium Analyzer and all assays and other consumables and instruments or components used with or sold with Xenium Analyzer.

12.     **"Spatial Analysis Technology"** or "**Spatial Analysis Technologies**" refers to any technologies and products for spatial transcriptomic and/or proteomic analysis, in development, made, used, offered, or sold.

13.     **"Spatial Analysis Technology Product(s)"** refers to all instruments, assays, consumables, reagents, panel kits, software, hardware and services for Spatial Analysis Technologies.

14.     The term **"Document"** is used herein in its broadest sense under Federal Rule of Civil Procedure 34 and applicable case law and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind (including audio and video recordings), and all other data compilations from which information can be obtained that are or have been in Your actual or constructive possession or control, regardless of the medium

on which they are produced, reproduced or stored (including without limitation computer programs and files containing any requested information), including, but not limited to, information recorded on paper (e.g., memoranda; letters; drawings; specifications; handwritten notes), information recorded electronically (e.g., in emails; on computer servers, hard drives, disks or tapes; on audio disks or tapes), information recorded photographically, and any recording or writing as these terms are defined in Federal Rule of Evidence 1001.  Any document bearing marks, including without limitation initials, stamped initials, comments, or notations not part of the original text or photographic reproduction thereof, is a separate document.

15.     **"Communication"** shall mean any transmission of information in any context or situation by or between two or more persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including but not limited to conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings in any medium of oral, written, or typed communications; notes or memoranda relating to written or oral communications; company blogs, bulletin boards, or wikis; and any translation thereof.

16.     **"Person(s)"** means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

17.     "**Relate to**," "**Related to**," "**Relating to**," or "**Concerning**" shall have their ordinary meanings, including without limitation in whole or in part constituting, containing, embodying, reflecting, describing, involving, supporting, contradicting, evidencing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

18.     The use of the terms "**and**," "**or**," and "**and/or**" should be construed conjunctively

and disjunctively for the broadest possible meaning.

19.     The use of terms, phrases, and definitions is for convenience and no term, phrase, or definition shall be construed as an admission.

20.     Any word that is not defined has its usual and customary meaning.

21.     The singular use of any term or phrase includes its plural, and the plural of any term or phrase includes its singular.

22.     In the event any response or document is withheld on a claim of attorney-client privilege, attorney work-product immunity, or any other privilege from disclosure, identify:  (a) the date of the information; (b) the source of the information; (c) the names and addresses of all Persons to whom that information was disclosed; and (d) the general subject matter of the information.  To the extent such information is contained within a document for which a claim of privilege has been made, You must provide a privileged document list in a timely manner.

23.     If there are no documents or things responsive to a particular Request for Production ("Request"), You should so state in writing.  If any responsive document has been lost or destroyed, identify:  (a) the author; (b) the date of loss or destruction; (c) the reason for loss or destruction; (d) the identity of those directing the destruction, if any; and (e) the substance of the document.

24.     In response to each Request, Element Biosciences shall produce documents in a form or forms in which they are ordinarily maintained or in a reasonably usable form.  10x is amenable to discussing with Element Biosciences a mutually acceptable form of document production and entry of a stipulation or other agreement reflecting such.

25.     All Electronically Stored Information produced in response to these Requests must include native files or otherwise contain full metadata.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications concerning current and future demand for Spatial Analysis Technologies and Spatial Analysis Technology Products.  This Request includes but is not limited to all analyses, market research, consumer research, surveys, studies, reports, focus groups, or polls related to Your actual customers, potential customers or target customers for current and future Spatial Analysis Technologies or Spatial Analysis Technology Products.

### REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to show all Your efforts, considerations or plans, or Your assessment of any third party's efforts, considerations or plans, to develop, produce or sell any Spatial Analysis Technology or Spatial Analysis Technology Product that was not previously produced and/or sold prior to January 1, 2020, whether through expansion, acquisition, research / development, strategic partnerships, capital investment or otherwise.  This Request includes but is not limited to Documents sufficient to show the progress, outcome, and/or anticipated timeline of any effort, consideration or plan to enter or exit the production and/or sale of any Spatial Analysis Technology or Spatial Analysis Technology Product.

### REQUEST FOR PRODUCTION NO. 3:

All Documents and Communications relating to actual or potential competition for current and future Spatial Analysis Technologies or Spatial Analysis Technology Products, including but not limited to estimations, calculations, or comparisons of market share, products, technologies, cost and price, as well as any assessments of new, potential, or likely entrants since January 1, 2020, and any barriers to entry for those entrants.  This Request includes but is not limited to: Documents and Communications concerning Your market share relating to Spatial Analysis

Technologies or Spatial Analysis Technology Products from January 2020 to the present, including any business, strategic or marketing plans for growing Your market share; Documents showing instances where 10x, Nanostring, Vizgen or any other manufacturer sold, attempted to sell, or was requested by any Person to sell Spatial Analysis Technologies or Spatial Analysis Technology Products to any customer that YOU also sell or attempt to sell Spatial Analysis Technologies or Spatial Analysis Technology Products to, and the outcome of that sale or attempted sale and/or bid.

**REQUEST FOR PRODUCTION NO. 4:**

All proposals, pitches, marketing, and/or sales materials relating to Your efforts to market, sell, or promote Your existing Spatial Analysis Technologies or Spatial Analysis Technology Products or potential future Spatial Analysis Technologies or Spatial Analysis Technology Products to any customer, including, for each existing Spatial Analysis Technology or Spatial Analysis Technology Product or potential future Spatial Analysis Technology or Spatial Analysis Technology Product: Documents comparing Your Spatial Analysis Technology or Spatial Analysis Technology Product to any 10x or third-party platform, including Vizgen's MERSCOPE technology or products and NanoString's CosMx and GeoMx technology or products.

**REQUEST FOR PRODUCTION NO. 5:**

All plans, studies, analyses, reports, memoranda, and presentations relating to the pricing of Your existing Spatial Analysis Technologies or Spatial Analysis Technology Products or potential future Spatial Analysis Technologies or Spatial Analysis Technology Products, including Documents and Communications relating to any third party's pricing of Spatial Analysis Technologies or Spatial Analysis Technology Products.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show Your sales and unit volumes of Spatial Analysis Technologies and Spatial Analysis Technology Products from January 1, 2020 to present. This Request includes but is not limited to Documents sufficient to show every customer that You have sold any Spatial Analysis Technologies or Spatial Analysis Technology Products to during that time; the product that You sold to them; and the price and/or terms of that sale.

**<u>ATTACHMENT B</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>        Plaintiffs,<br><br>   v.<br><br>VIZGEN, INC.,<br><br>        Defendant. | C.A. No. 22-595-MFK<br><br>**DEMAND FOR JURY TRIAL** |
| VIZGEN, INC.,<br><br>        Counterclaim-Plaintiff,<br><br>   v.<br><br>10X GENOMICS, INC.,<br><br>   and<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Counterclaim-Defendants. | |

**STIPULATED PROTECTIVE ORDER**

**1.  PURPOSES AND LIMITATIONS**

    10x Genomics, Inc. ("10x"), President and Fellows of Harvard College ("Harvard"), and

Vizgen, Inc. ("Vizgen") (collectively, the "Parties") assert that they may possess confidential

information in the form of trade secrets or other confidential business, personal, or technical

information related to the subject matter of the above-captioned case ("Litigation").[1] The Parties recognize that it may be necessary to disclose certain of the asserted confidential information during this Litigation. In addition, the Parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order (hereinafter, "Order" or "Protective Order").

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. DEFINITIONS

2.1.    *Challenging Party*: The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information under this Order.

2.2.    *Confidential Information*: The term "CONFIDENTIAL INFORMATION" shall mean information or material that a Designating Party believes, in good faith, embodies, contains, reflects, or refers to confidential information or material that is used by the Designating Party in, or pertaining to its business, which information or material is not generally or publicly known and which the Designating Party would normally not reveal to third parties, including but not limited to confidential research, development, commercial, proprietary, technical, business, financial, sensitive or private information or material.

---

[1]    The parties agree that they will separately negotiate protections related to the production and review of source code in the event it becomes a necessary category of discovery.

2.3.     *Counsel (without qualifier)*: The term "Counsel" shall mean Outside Counsel of Record and House Counsel (as well as their support staffs).

2.4.     *Designating Party*: The term "Designating Party" shall mean a Party or Non-Party that designates information that it produces in disclosures or in response to discovery as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION."

2.5.     *Discovery Material*: The term "Discovery Material" shall mean any document, material, item, testimony, information, or thing filed with or presented to the Court or produced, disclosed, served, or generated in connection with the discovery process or Federal Rule 26(a) disclosures in this Litigation, including without limitation, for example, initial disclosures; exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; expert reports; subpoenas; declarations; affidavits; and deposition testimony or transcripts; and all copies, extracts, summaries, compilations, presentation by parties or counsel to or in court, designations, and portions thereof.

2.6.     *House Counsel*: The term "House Counsel" shall mean attorneys who are employees of a party to this Litigation. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7.     *Litigation*: The term "Litigation" shall mean the above-captioned case (C.A. No. 22-cv-595-MFK) in the United States District Court for the District of Delaware, including any appeals therefrom.

2.8.     *Non-Party:* The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Litigation.

2.9. *Outside Attorneys' Eyes Only Information*: The term "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall mean "confidential information" of a commercially sensitive nature such as a trade secret that a designating party determines, in good faith, is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties or select employees or agents of the Receiving Party, including, but not limited to, unpublished pending domestic or foreign patent applications; non-public financial, marketing, strategic, organizational, operational or competitive information; and highly sensitive technical information relating to the design, development, research, testing and production of products.

2.10. *Outside Counsel of Record*: The term "Outside Counsel of Record" shall mean attorneys (and their employees) who are not employees, directors, or officers of a Party to this Litigation or a Party's affiliates but are retained to represent or advise a Party to this Litigation and have appeared in this Litigation on behalf of that Party or are employed by or affiliated with a law firm which has appeared on behalf of that Party in this Litigation.

2.11. *Party*: The term "Party," solely for purposes of this Protective Order, shall mean any party to this Litigation—including its officers, directors, employees, and consultants—and the party's Outside Counsel or Record.

2.12. *Producing Party*: The term "Producing Party" shall mean any Party to this Litigation or any Non-Party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery in connection with this Litigation.

2.13. *Professional Vendors*: The term "Professional Vendors" shall mean Non-Party persons or entities that provide litigation support services (e.g., photocopying, videotaping,

translating, preparing exhibits or demonstrations/illustrations, data processing, electronic discovery, and database services including and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

      2.14.    *Protected Data*: The term "Protected Data" shall mean and refer to all information originating from the European Union ("EU") that relates to an identified or identifiable natural person ("Data Subject"); an identifiable person is one who can be identified, directly or indirectly, specifically by reference to an identification number and/or to one or more factors specific to their physical, physiological, mental, economic, cultural, or social identity. The Producing Party shall specifically indicate data originating from the EU. Information that can be used to identify a natural person ("Data Subject identifiers") shall be treated as CONFIDENTIAL INFORMATION. Information may only be treated as a Data Subject identifier if it directly or indirectly identifies a specific person. If a specific person may only be identified by way of a combination of identification numbers, labels, or factors (*e.g.*, occupation, gender, and age), only the combination shall be treated as a Data Subject identifier and shall not prevent disclosure of information that does not directly or indirectly identify a specific person. A Data Subject identifier includes without limitation a data subject's name, location data (such as an address or phone number), and online identifiers (such as an email address and IP addresses). Additional examples of Data Subject identifiers include employee number; job title; salary; date of birth; social media profile, handle, or user ID; information related to work authorization or licensing (including union membership); political opinions; and information related to racial or ethnic origin. However, once a Data Subject has been identified by a Party as a deposition witness or trial witness in this Litigation, that data subject's name may be disclosed to the Parties, in Court filings, and at trial without violating this Protective Order.

Nothing in this Order shall be interpreted as a limitation on the discoverability of Protected Data. Designating information as Protected Data shall not be used as a basis for withholding documents or information, or as a basis for preventing the filing of documents with the Court. Protected Data is subject to the same discovery procedures as non-Protected Data.

Any Party receiving Protected Data shall take technical and organizational security measures that are appropriate to the risks, such as unauthorized access, presented by the processing. Any person acting under the authority of a Receiving Party must not process the data except on instructions from the Receiving party. Any Party receiving Protected Data shall have in place procedures so that any third-party it authorizes to have access to the personal data will respect and maintain the confidentiality and security of the Protected Data.

Protected Data may only be processed, used, or communicated for purposes of the Litigation as described within this Protective Order and may not be further transferred to any other third-party except as expressly allowed under this Protective Order

2.15.    *Protected Material*:  The term "Protected Material" shall mean and refer to all information and material subject to this Order that constitutes or contains a trade secret or other confidential research, development, or commercial information, including but not limited to non-public technical, business, or financial information, marketing plans, customer lists, vendor lists and proposals, pricing and cost data, business plans, user information, and all information, documents, and things referring or relating to the foregoing, including copies, abstracts, and summaries of the same, as well as "Protected Data." "Protected Material" includes "Protected Data," "CONFIDENTIAL INFORMATION" and "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" as those terms are defined above. The scope of this Order shall be understood to encompass not only Protected Material which is expressly designated as "Protected Data,"

6

"OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and "CONFIDENTIAL INFORMATION", but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information.

2.16.  *Receiving Party*:  The term "Receiving Party" shall mean any Party to this Litigation that receives Discovery Material from a Producing Party.

## 3.  SCOPE

3.1.  The protections conferred by this Order cover Protected Material (as defined above) and (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties that might reveal Protected Material.

3.2.  The protections conferred by this Order do not cover: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.3.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.  DURATION

After final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the

completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

5.2.    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of (a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

In addition to designation of Protected Data as described above, designation in conformity with this Order further requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material

it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" to each page that contains Protected Material.

(b)     For testimony given in deposition, the Designating Party shall identify on the record before the close of the deposition, or in writing within thirty (30) days after receipt of the final certified transcript, all protected testimony and specify the level of protection being asserted. Unless agreed otherwise, the entire transcript shall be treated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" until thirty (30) days after delivery of the final certified transcript.

If a deposition, hearing, or other proceeding may reasonably be expected to include Protected Material, reasonable notice shall be given so that attendance can be restricted to authorized individuals who have signed the "Acknowledgment of Protective Order" (EXHIBIT A). The use of a document as an exhibit at a deposition shall not in any way affect its designation as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION".

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c)     For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION".

5.4.    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. An inadvertent failure to designate qualified information or items is subject to the further provisions in Section 13 below (PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL).

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    <u>Timing of Challenges</u>. A Receiving Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for the challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party three (3) business days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall seek resolution of the discovery dispute, including seeking an order to maintain the designation. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or deemed produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

7.2.    Disclosure of "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION." Protected Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" may be disclosed by a Receiving Party only to:

1. the Receiving Party's Outside Counsel of Record and their staff;

2. persons, including deponent or trial witnesses, if it appears that the person authored or received a copy of the Protected Material, has or would be expected to have prior knowledge of it, or is employed by the party who produced the information, document or thing, or if the designating party consents to such disclosure;

3. the Court, its technical advisor, its personnel, and the jury in this Litigation;

4. court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation;

5. persons or entities engaged by a Party or counsel for a Party as Professional Vendors, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

6. approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

7. persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

8. persons or entities engaged by a Party or counsel for a Party to prepare graphics, visual aids, illustrative exhibits, or demonstrative exhibits provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", such

persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order; and

9.  any other person the Designating Party consents to in writing.

    7.3.    <u>Disclosure of "CONFIDENTIAL INFORMATION"</u>. Protected Material marked as "CONFIDENTIAL INFORMATION" may be disclosed by a Receiving Party only to:

1.  the Receiving Party's Outside Counsel of Record and their staff;

2.  persons, including deponent or trial witnesses, if it appears that the person authored or received a copy of the Protected Material, has or would be expected to have prior knowledge of it, or is employed by the party who produced the information, document or thing, or if the designating party consents to such disclosure;

3.  the Court, its technical advisor, its personnel, and the jury in this Litigation;

4.  court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation;

5.  persons or entities engaged by a Party or counsel for a Party as Professional Vendors, provided that, prior to receiving "CONFIDENTIAL INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

6.  approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate, or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "CONFIDENTIAL INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

7.  persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "CONFIDENTIAL

INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

8. persons or entities engaged by a Party or counsel for a Party to prepare graphics, visual aids, illustrative exhibits, or demonstrative exhibits provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

9. no more than three (3) officers, directors, and employees (including House Counsel) of a Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the undertaking attached as EXHIBIT A agreeing to be bound by the terms of this Order;

10. during the course of a deposition, any deponent who is an officer or employee of the Designating Party, but only to the extent that such disclosures relate to developing a claim or defense in this Litigation;

11. mock jurors or focus group members (who may not receive or retain physical copies of any CONFIDENTIAL INFORMATION), provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Order; and

12. any other person the Designating Party consents to in writing.

## 8. CONSULTANTS AND EXPERTS: CONDITIONS ON ACCESS TO PROTECTED MATERIAL

8.1. <u>Written Notice</u>. Prior to a Receiving Party's giving, showing, disclosing, making available, or communicating Protected Material to any expert or consultant under Section 7 (ACCESS TO AND USE OF PROTECTED MATERIAL), the Receiving Party shall: provide written notice to the Producing Party that includes (i) the person's name and business address; (ii) the person's present employer and title; (iii) the person's up-to-date curriculum vitae or

resume; (iv) a listing of all cases in which the expert has provided a written report or given sworn testimony (by deposition, at a hearing, or at trial), and a listing of all companies with which the person has consulted or by which the person has been employed for the past five years, unless prohibited by pre-existing confidentiality obligations, in which case the person shall disclose the existence of the confidentiality obligation; and (v) any previous or current relationship (personal or professional) with any of the Parties. If the up-to-date curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided. The Receiving Party shall include with such notice, a copy of the Acknowledgment of Protective Order, in the form attached as EXHIBIT A, signed by the proposed expert or consultant agreeing to be bound by the terms of this Order.

      8.2.    <u>Objections to Proposed Consultants and Experts</u>. The Producing Party shall be entitled to object to such disclosure to the expert or consultant if the objection is made within five (5) business days after receipt of written notice by stating specifically in writing the reasons why such expert or consultant should not receive the Protected Material. Outside Counsel of Record for the Producing Party and Outside Counsel of Record for the Receiving Party shall meet and confer for the purpose of attempting to resolve the objection within three (3) business days after the Producing Party serves its objection. If the objection is not resolved by the Parties, the objecting party must file within seven (7) calendar days after such meet and confer a motion to prevent disclosure. Otherwise, the objecting party shall be deemed to have waived or withdrawn its objection. In any motion before the Court, the objecting party shall describe the meet and confer efforts to resolve the dispute and shall bear the burden of showing the need for confidentiality and the grounds for its objection. No disclosure of Protected Material shall be made to the proposed expert or consultant until the objection is waived as described above, withdrawn, or sustained by

the Court. The filing and pendency of objections shall not limit, delay, or defer any disclosures of Protected Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct such discovery.

8.3.    <u>Authorization and Acknowledgment</u>. To the extent required by this Section, each person authorized to receive Designated Material under this Order to whom Designated Material is to be given, shown, disclosed, made available or communicated in any way, shall first execute an Acknowledgment of Protective Order in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order, acknowledging that Designated Material is subject to this Order, that the person is authorized to receive Designated Material marked as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" that the person has read this Order, that such person agrees to comply with, and be bound by, this Order, and that such person is aware that contempt sanctions may be entered for violation of this Order.

## 9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Litigation and designated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION". Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall disclose that fact the discovery propounding party and be permitted reasonable time to comply with their

obligations to the Non-Party prior to production. The Parties shall meet and confer in good faith and seek assistance from the Court if necessary regarding the production of Non-Party confidential information.

## 10. OTHER PROCEEDINGS

10.1.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" pursuant to this order shall promptly notify the Designating Party of the motion so that the Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed.

10.2.    If a Receiving Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this action as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", or "CONFIDENTIAL INFORMATION" by a Designating Party, the Receiving Party must:

(d)    promptly notify in writing the Designating Party, including in such notification a copy of the subpoena or court order;

(e)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, including in such notification a copy of this Stipulated Protective Order; and

(f)    cooperate with respect to all reasonable procedures to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as

"OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11. PROSECUTION BAR

11.1.    Application of Prosecution Bar.  Absent written consent from the Producing Party, any attorney, patent agent, expert, or consultant of, for, or representing the Receiving Party who gains access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall not be involved in the prosecution of patents or patent applications relating to technology for spatial analysis of tissue, including without limitation spatial analysis of RNA, gene, and protein expression. The patents covered by this prosecution bar include without limitation the patents asserted in this Litigation and any patent or application claiming priority to or otherwise related to the patents asserted in this Litigation, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). This prosecution bar is personal to the person who has gained access to such "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and shall not be imputed to any other person or entity. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims on behalf of the patent owner (for example, original prosecution, reissue and reexamination proceedings).

11.2.    Permitted Activities.  Thus, the term "prosecution" as used in this paragraph does not encompass the following activities:

1.  Preparing a patent owner's declarants—including the inventors—for depositions in any proceeding challenging the validity of any patents asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

2.  Taking depositions of an accused infringer's declarants in any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

3.  Reviewing the inventors' documents relating to conception and reduction to practice of their invention;

4.  Discussing, with employees of a patent holder and inventors, discovery in, and the status of, any proceedings challenging the validity of any of that party's patents asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

5.  Discussing discovery in, and the status of, proceedings challenging the validity of the Asserted Patents with the patent holder's post-grant counsel;

6.  Discussing responses to the arguments advanced by the party attacking the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

7.  Drafting patent owner's response and patent owner's preliminary response to any petition challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates; or

8.  Drafting declarations in support of patent owner's response to any petition challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates.

To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, or inter partes review).

11.3. <u>Prohibited Activities</u>. On the other hand, the term "prosecution" as used in this paragraph does encompass the following activities:

1. Drafting any claim amendments to be proposed in any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

2. Providing advice on the direction that claims should take in any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates; and

3. Discussing potential claim amendments with counsel in connection with any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates.

11.4. <u>Duration</u>. This Prosecution Bar shall begin when access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" is first received by the affected individual and shall end two (2) years after final termination of this Litigation.

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment of Protective Order" that is attached hereto as EXHIBIT A.

## 13. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Counsel shall exert their best efforts to identify information (including documents or material) protected from discovery by the attorney-client privilege, the work-product doctrine or

any other applicable privilege or immunity prior to the disclosure of any such documents or material. If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless produced, whether inadvertent or otherwise, such production is not a waiver or estoppel of the privilege or protection from discovery in this case or in any other federal or state proceeding. This stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information from production.

If a Producing Party discloses information that it believes is protected privileged or otherwise immune from discovery, the Party shall so advise the Receiving Party in writing within seven (7) business days upon discovery of the disclosure and request the information be returned or destroyed ("Clawback Request"). If that request is made, no Party to this Litigation shall thereafter assert on this basis that the disclosure waived any privilege or immunity. If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall immediately take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; (3) shall immediately, and not later than three business days after receipt of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies thereof; and (4) shall confirm to the

Producing Party the destruction of all copies of the information not returned to the Producing Party. If requested within five days after the Producing Party Provides the Clawback Request, the Producing Party shall have one calendar week to provide a privilege log for those materials. The privilege log shall identify for each withheld document: all senders/authors and recipients; the date of authorship or transmission; the subject(s) of the withheld information; the basis of the privilege (e.g., attorney-client privilege); and any attorney authors or recipients along with their affiliations. No one shall use the fact or circumstances of production of the information in this Litigation to argue that any privilege or protection has been waived. Notwithstanding this provision, no Party or its Outside Counsel of Record shall be required to return or destroy any information that may exist on any disaster recovery or backup system.

The Receiving Party may file a motion to compel the production of information identified by the Producing Party as privileged or protected on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this Litigation. Any such motion shall not disclose or otherwise use the content of the produced document or information (beyond any information appearing on the privilege log) in any way. The Parties expressly acknowledge that documents subject to a Clawback Request cannot be sequestered by a Receiving Party for submission to the Court.

A Producing Party's failure to designate Discovery Material as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" pursuant to this Protective Order shall not constitute a waiver of its rights to subsequently make an appropriate designation, provided that the Producing Party notifies the Receiving Party of the correct designation within ten (10) days of learning of its failure to so designate. The Producing Party shall

provide replacement pages bearing the appropriate confidentiality legend and an overlay production load file as soon as reasonably possible.

A Receiving Party's use of Protected Material (either that is subject to a claim of privilege or immunity or to a claim of confidentiality) before receiving a Clawback Request or notice of failure to designate shall not constitute a violation of the Protective Order. Upon receiving such notice, the Receiving Party shall treat such material according to its designation under the confidentiality designation of this Protective Order or according to the above procedures for privileged or immune materials. In the event the material has been distributed in a manner inconsistent with this Protective Order, a Receiving Party will take the steps necessary to conform distribution to the designation: i.e., returning all copies in its possession, or notes or extracts thereof, to the persons authorized to possess such documents. In the event distribution has occurred to a person not under the control of a Receiving Party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not promptly agreed to in writing, or in the event there is no response, or if the Receiving Party deems the making of the request to be a futile act, the Receiving Party shall promptly notify the Producing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party. This provision shall not preclude the filing of a motion challenging the propriety of the designation or assertion of privilege.

To the extent that any such produced material has been used, included, referenced or summarized in a pleading, deposition or other proceeding, nothing in this paragraph shall require a Receiving Party to purge, redact or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material. Upon a request for return of the produced material, the Receiving Party shall refrain from any further use or dissemination

of the inadvertently produced material pending determination of the privilege or confidentiality status of the produced material pursuant to this Order and all applicable laws and rules.

## 14. MISCELLANEOUS

14.1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court.

14.2.    <u>Rights to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3.    Parties agree that the following will not be discoverable: (a) drafts of expert reports, affidavits, or declarations; (b) counsel's communications with experts, affiants, or declarants, or communications between experts, their staff or assistants, and/or counsel, except to the extent such communications are excepted by Federal Rule of Civil Procedure 26(b)(4)(C)(i)-(iii); and (c) experts', affiants', and declarants' notes, drafts, and working papers regarding documents such as reports, disclosures, declarations, affidavits, statements, or any other form of testimony. Communications shall be discoverable only to the extent that the expert in a disclosure has expressly relied on that communication as a basis for an opinion.

## 15. FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party

must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all: docket items, including pleadings and motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence including email; deposition and trial exhibits; expert reports; attorney work product, including draft and final discovery requests and written responses; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*Of Counsel*:

TENSEGRITY LAW GROUP LLP
Matthew Powers
Paul Ehrlich
Stefani Smith
Robert Gerrity
Li Shen
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065
Tel: (650) 802-6000

Samantha Jameson
Kiley White
8260 Greensboro Dr.
Suite 260
McLean, VA 22102-3848
Tel: (650) 802-6000

*/s/ Cameron P. Clark*
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for 10x Genomics, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Of Counsel*:

QUINN EMANUEL URQUHART & SULLIVAN LLP

David Bilsker
Sam Stake
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Kevin Johnson
Victoria Maroulis
Andrew Bramhall
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

*/s/ Pilar G. Kraman*
James L. Higgins (No. 5021)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
jhiggins@ycst.com
pkraman@ycst.com

*Attorneys for Vizgen, Inc.*

MORRIS JAMES LLP

*/s/ Cortlan S. Hitch*

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
Kdorsney@morrisjames.com
Chitch@morrisjames.com

*Attorneys for President and Fellows of Harvard College*

*Of Counsel*:

FOLEY & LARDNER LLP

Michael Tuteur
Geoff Raux
Ruben J. Rodrigues
111 Huntington Ave., Suite 2500
Boston, MA 02199
(617) 342-4000

October 1, 2022

SO ORDERED.

Dated: October 3, 2022

MATTHEW F. KENNELLY
United States District Court Judge

**EXHIBIT A**
**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE <br><br> Plaintiffs, <br><br> v. <br><br> VIZGEN, INC., <br><br> Defendant. | C.A. No. 22-595-MFK <br><br> **DEMAND FOR JURY TRIAL** |
| VIZGEN, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> 10X GENOMICS, INC., <br><br> and <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br><br> Counterclaim-Defendants. | |

I state that:

I have read and reviewed in its entirety the annexed Stipulated Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about

1

which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 20____.

Signature: _____

Typed/Printed Name: _____

**EXHIBIT B**
**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>      Plaintiffs,<br><br>  v.<br><br>VIZGEN, INC.,<br><br>      Defendant. | C.A. No. 22-595-MFK<br><br>**DEMAND FOR JURY TRIAL** |
| VIZGEN, INC.,<br><br>      Counterclaim-Plaintiff,<br><br>  v.<br><br>10X GENOMICS, INC.,<br><br>  and<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>      Counterclaim-Defendants. | |

    1.    This agreement is made between:

_____ [NAME OF COUNSEL or CONSULTANT]

and _____ [NAME OF PARTICIPANT], residing at

_____ [ADDRESS OF

PARTICIPANT].

    2.    I understand that, in connection with the research project in which I am

1

participating today, I may receive information that is confidential, and that I may not share or disclose that information with anyone (including members of my family) outside of this research group.

       3.      I agree not to disclose any information I learn here today to anyone outside of this research group, or to not use such information in any way outside of my participation in this research project today.

       4.      I agree that, at the end of the research project today, I will not keep or take with me any documents or other materials shown to me, or any notes or other records I may make about those documents or other materials shown to me today.

Signed:       _____

Name:       _____

Date:       _____

**ATTACHMENT C**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

10X GENOMICS, INC. and PRESIDENT AND
FELLOWS OF HARVARD COLLEGE,

      Plaintiffs,

  v.

NANOSTRING TECHNOLOGIES, INC.,

      Defendant.

C.A. No. 22-cv-261-MFK

## STIPULATED PROTECTIVE ORDER

## 1.  PURPOSES AND LIMITATIONS

Plaintiffs 10x Genomics, Inc. ("10x") and President and Fellows of Harvard College ("Harvard") and Defendant NanoString Technologies, Inc. ("NanoString") (collectively, the "Parties") assert that they may possess confidential information in the form of trade secrets or other confidential business, personal, or technical information related to the subject matter of the above-captioned case ("Litigation"). The Parties recognize that it may be necessary to disclose certain of the asserted confidential information during this Litigation. In addition, the Parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order (hereinafter, "Order" or "Protective Order").

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and

use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. DEFINITIONS

2.1.    *Challenging Party*: The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information under this Order.

2.2.    *Confidential Information*: The term "CONFIDENTIAL INFORMATION" shall mean information or material that a Designating Party believes, in good faith, embodies, contains, reflects, or refers to confidential information or material that is used by the Designating Party in, or pertaining to its business, which information or material is not generally or publicly known and which the Designating Party would normally not reveal to third parties, including but not limited to confidential research, development, commercial, proprietary, technical, business, financial, sensitive or private information or material.

2.3.    *Counsel (without qualifier)*: The term "Counsel" shall mean Outside Counsel of Record and House Counsel (as well as their support staffs).

2.4.    *Designating Party*: The term "Designating Party" shall mean a Party or Non-Party that designates information that it produces in disclosures or in response to discovery as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION."

2.5.    *Discovery Material*: The term "Discovery Material" shall mean any document, material, item, testimony, information, or thing filed with or presented to the Court or produced, disclosed, served, or generated in connection with the discovery process or Federal Rule 26(a) disclosures in this Litigation, including without limitation, for example, initial disclosures; exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; expert reports; subpoenas; declarations; affidavits; and deposition testimony or

transcripts; and all copies, extracts, summaries, compilations, presentation by parties or counsel to or in court, designations, and portions thereof.

2.6. *House Counsel*: The term "House Counsel" shall mean attorneys who are employees of a party to this Litigation. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7. *Litigation*: The term "Litigation" shall mean the above-captioned case (C.A. No. 21-cv-261-MFK) in the United States District Court for the District of Delaware, including any appeals therefrom.

2.8. *Non-Party:* The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Litigation.

2.9. *Outside Attorneys' Eyes Only Information*: The term "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall mean "confidential information" of a commercially sensitive nature such as a trade secret that a designating party determines, in good faith, is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties or select employees or agents of the Receiving Party, including, but not limited to, unpublished pending domestic or foreign patent applications; non-public financial, marketing, strategic, organizational, operational or competitive information; and highly sensitive technical information relating to the design, development, research, testing and production of products.

2.10. *Outside Counsel of Record*: The term "Outside Counsel of Record" shall mean attorneys (and their employees) who are not employees, directors, or officers of a Party to this Litigation or a Party's affiliates but are retained to represent or advise a Party to this Litigation and

3

have appeared in this Litigation on behalf of that Party or are employed by or affiliated with a law firm which has appeared on behalf of that Party in this Litigation.

2.11. *Party*: The term "Party," solely for purposes of this Protective Order, shall mean any party to this Litigation—including its officers, directors, employees, and consultants—and the party's Outside Counsel or Record.

2.12. *Producing Party*: The term "Producing Party" shall mean any Party to this Litigation or any Non-Party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery in connection with this Litigation.

2.13. *Professional Vendors*: The term "Professional Vendors" shall mean Non-Party persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations/illustrations, data processing, electronic discovery, and database services including and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14. *Protected Data*: The term "Protected Data" shall mean and refer to all information originating from the European Union ("EU") that relates to an identified or identifiable natural person ("Data Subject"); an identifiable person is one who can be identified, directly or indirectly, specifically by reference to an identification number and/or to one or more factors specific to their physical, physiological, mental, economic, cultural, or social identity. The Producing Party shall specifically indicate data originating from the EU. Information that can be used to identify a natural person ("Data Subject identifiers") shall be treated as CONFIDENTIAL INFORMATION. Information may only be treated as a Data Subject identifier if it directly or indirectly identifies a specific person. If a specific person may only be identified by way of a combination of

4

identification numbers, labels, or factors (*e.g.*, occupation, gender, and age), only the combination shall be treated as a Data Subject identifier and shall not prevent disclosure of information that does not directly or indirectly identify a specific person. A Data Subject identifier includes without limitation a data subject's name, location data (such as an address or phone number), and online identifiers (such as an email address and IP addresses). Additional examples of Data Subject identifiers include employee number; job title; salary; date of birth; social media profile, handle, or user ID; information related to work authorization or licensing (including union membership); political opinions; and information related to racial or ethnic origin. However, once a Data Subject has been identified by a Party as a deposition witness or trial witness in this Litigation, that data subject's name may be disclosed to the Parties, in Court filings, and at trial without violating this Protective Order.

Nothing in this Order shall be interpreted as a limitation on the discoverability of Protected Data. Designating information as Protected Data shall not be used as a basis for withholding documents or information, or as a basis for preventing the filing of documents with the Court. Protected Data is subject to the same discovery procedures as non-Protected Data.

Any Party receiving Protected Data shall take technical and organizational security measures that are appropriate to the risks, such as unauthorized access, presented by the processing. Any person acting under the authority of a Receiving Party must not process the data except on instructions from the Receiving party. Any Party receiving Protected Data shall have in place procedures so that any third-party it authorizes to have access to the personal data will respect and maintain the confidentiality and security of the Protected Data.

Protected Data may only be processed, used, or communicated for purposes of the Litigation as described within this Protective Order and may not be further transferred to any other third-party except as expressly allowed under this Protective Order

2.15.   *Protected Material*:  The term "Protected Material" shall mean and refer to all information and material subject to this Order that constitutes or contains a trade secret or other confidential research, development, or commercial information, including but not limited to non-public technical, business, or financial information, marketing plans, customer lists, vendor lists and proposals, pricing and cost data, business plans, user information, and all information, documents, and things referring or relating to the foregoing, including copies, abstracts, and summaries of the same, as well as "Protected Data." "Protected Material" includes "Protected Data," "CONFIDENTIAL INFORMATION" and "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" as those terms are defined above. The scope of this Order shall be understood to encompass not only Protected Material which is expressly designated as "Protected Data," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and "CONFIDENTIAL INFORMATION", but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information.

2.16.   *Receiving Party*:  The term "Receiving Party" shall mean any Party to this Litigation that receives Discovery Material from a Producing Party.

## 3.  SCOPE

3.1.   The protections conferred by this Order cover Protected Material (as defined above) and (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties that might reveal Protected Material.

3.2.     The protections conferred by this Order do not cover: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.3.     Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.  DURATION

After final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.  DESIGNATING PROTECTED MATERIAL

5.1.     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

5.2.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of

protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of (a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

In addition to designation of Protected Data as described above, designation in conformity with this Order further requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" to each page that contains Protected Material.

(b) For testimony given in deposition, the Designating Party shall identify on the record before the close of the deposition, or in writing within fourteen (14) days after receipt of the final

transcript, all protected testimony and specify the level of protection being asserted. Unless agreed otherwise, the entire transcript shall be treated as OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" until fourteen (14) days after delivery of the final certified transcript.

If a deposition, hearing, or other proceeding may reasonably be expected to include Protected Material, reasonable notice shall be given so that attendance can be restricted to authorized individuals who have signed the "Acknowledgment of Protective Order" (EXHIBIT A). The use of a document as an exhibit at a deposition shall not in any way affect its designation as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION".

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c)      For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION".

5.4.      <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. An inadvertent failure to designate qualified information or items is subject to the further provisions in Section 13 below (PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL).

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.     <u>Timing of Challenges</u>. A Receiving Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for the challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party three (3) business days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall seek resolution of the discovery dispute, including seeking an order to maintain the designation. The burden of persuasion in any such challenge

proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or deemed produced by another Party or by a Non-Party in connection with this case only for (a) prosecuting, defending, or attempting to settle this Litigation or (b) in 10x Genomics, Inc. v. NanoString Technologies, Inc., Case No. 21-cv-00653-MFK (District of Delaware) ("653 Case") to the extent permitted by the cross-use agreement in Section 1(e) of the Stipulated Discovery Order (D.I. __). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

7.2.     <u>Disclosure of "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."</u> Protected Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" may be disclosed by a Receiving Party only to:

1.   the Receiving Party's Outside Counsel of Record and their staff;

2.   persons, including deponent or trial witnesses, if it appears that the person authored or received a copy of the Protected Material, has or would be expected to have prior knowledge of it, or is employed by the party who produced the information, document or thing, or if the designating party consents to such disclosure;

3.   the Court, its technical advisor, its personnel, and the jury in this Litigation;

4.   court reporters and videographers engaged for depositions, inspections, and other

proceedings in this Litigation;

5. persons or entities engaged by a Party or counsel for a Party as Professional Vendors, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

6. approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

7. persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

8. persons or entities engaged by a Party or counsel for a Party to prepare graphics, visual aids, illustrative exhibits, or demonstrative exhibits provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order; and

9. any other person the Designating Party consents to in writing.

7.3.     Disclosure of "CONFIDENTIAL INFORMATION". Protected Material marked as "CONFIDENTIAL INFORMATION" may be disclosed by a Receiving Party only to:

1. the Receiving Party's Outside Counsel of Record and their staff;

2.  persons, including deponent or trial witnesses, if it appears that the person authored or received a copy of the Protected Material, has or would be expected to have prior knowledge of it, or is employed by the party who produced the information, document or thing, or if the designating party consents to such disclosure;

3.  the Court, its technical advisor, its personnel, and the jury in this Litigation;

4.  court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation;

5.  persons or entities engaged by a Party or counsel for a Party as Professional Vendors, provided that, prior to receiving "CONFIDENTIAL INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

6.  approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate, or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "CONFIDENTIAL INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

7.  persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "CONFIDENTIAL INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

8.  persons or entities engaged by a Party or counsel for a Party to prepare graphics, visual aids, illustrative exhibits, or demonstrative exhibits provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

9. no more than three (3) officers, directors, and employees (including House Counsel) of a Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the undertaking attached as EXHIBIT A agreeing to be bound by the terms of this Order;

10. during the course of a deposition, any deponent who is an officer or employee of the Designating Party, but only to the extent that such disclosures relate to developing a claim or defense in this Litigation;

11. mock jurors or focus group members (who may not receive or retain physical copies of any CONFIDENTIAL INFORMATION), provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Order; and

12. any other person the Designating Party consents to in writing.

## 8. CONSULTANTS AND EXPERTS: CONDITIONS ON ACCESS TO PROTECTED MATERIAL

8.1.      <u>Written Notice</u>. Prior to a Receiving Party's giving, showing, disclosing, making available, or communicating Protected Material to any expert or consultant under Section 7 (ACCESS TO AND USE OF PROTECTED MATERIAL), the Receiving Party shall:  provide written notice to the Producing Party that includes (i) the person's name and business address; (ii) the person's present employer and title; (iii) the person's up-to-date curriculum vitae or resume; (iv) a listing of all cases in which the expert has provided a written report or given sworn testimony (by deposition, at a hearing, or at trial), and a listing of all companies with which the person has consulted or by which the person has been employed for the past five years, unless prohibited by pre-existing confidentiality obligations, in which case the person shall disclose the existence of the confidentiality obligation; and (v) any previous or current relationship (personal or professional) with any of the Parties. If the up-to-date curriculum vitae or resume of the expert

or consultant provides the information required under this paragraph, then the information need not be separately provided. The Receiving Party shall include with such notice, a copy of the Acknowledgment of Protective Order, in the form attached as EXHIBIT A, signed by the proposed expert or consultant agreeing to be bound by the terms of this Order.

8.2.     <u>Objections to Proposed Consultants and Experts</u>. The Producing Party shall be entitled to object to such disclosure to the expert or consultant if the objection is made within three (3) business days after receipt of written notice by stating specifically in writing the reasons why such expert or consultant should not receive the Protected Material. Outside Counsel of Record for the Producing Party and Outside Counsel of Record for the Receiving Party shall meet and confer for the purpose of attempting to resolve the objection within three (3) business days after the Producing Party serves its objection. If the objection is not resolved by the Parties, the objecting party must file within seven (7) calendar days after such meet and confer a motion to prevent disclosure. Otherwise, the objecting party shall be deemed to have waived or withdrawn its objection. In any motion before the Court, the objecting party shall describe the meet and confer efforts to resolve the dispute and shall bear the burden of showing the need for confidentiality and the grounds for its objection. No disclosure of Protected Material shall be made to the proposed expert or consultant until the objection is waived as described above, withdrawn, or sustained by the Court. The filing and pendency of objections shall not limit, delay, or defer any disclosures of Protected Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct such discovery.

8.3.     <u>Authorization and Acknowledgment</u>. To the extent required by this Section, each person authorized to receive Designated Material under this Order to whom Designated Material

is to be given, shown, disclosed, made available or communicated in any way, shall first execute an Acknowledgment of Protective Order in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order, acknowledging that Designated Material is subject to this Order, that the person is authorized to receive Designated Material marked as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" that the person has read this Order, that such person agrees to comply with, and be bound by, this Order, and that such person is aware that contempt sanctions may be entered for violation of this Order.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Litigation and designated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION". Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall disclose that fact the discovery propounding party and be permitted reasonable time to comply with their obligations to the Non-Party prior to production. The Parties shall meet and confer in good faith and seek assistance from the Court if necessary regarding the production of Non-Party confidential information.

## 10. OTHER PROCEEDINGS

10.1.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and

subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" pursuant to this order shall promptly notify the Designating Party of the motion so that the Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed.

      10.2.    If a Receiving Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this action as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", or "CONFIDENTIAL INFORMATION" by a Designating Party, the Receiving Party must:

(d)    promptly notify in writing the Designating Party, including in such notification a copy of the subpoena or court order;

(e)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, including in such notification a copy of this Stipulated Protective Order; and

(f)    cooperate with respect to all reasonable procedures to be pursued by the Designating Party whose Protected Material may be affected.

      If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material,

and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11. PROSECUTION BAR

11.1.     <u>Application of Prosecution Bar</u>.  Absent written consent from the Producing Party, any attorney, patent agent, expert, or consultant of, for, or representing the Receiving Party who gains access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall not be involved in the prosecution of patents or patent applications relating to technology for spatial analysis of tissue, including without limitation spatial analysis of RNA, gene, and protein expression. The patents covered by this prosecution bar include without limitation the patents asserted in this Litigation and any patent or application claiming priority to or otherwise related to the patents asserted in this Litigation, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). This prosecution bar is personal to the person who has gained access to such "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall not be imputed to any other person or entity. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims on behalf of the patent owner (for example, original prosecution, reissue and reexamination proceedings).

11.2.     <u>Permitted Activities</u>.  Thus, the term "prosecution" as used in this paragraph does not encompass the following activities:

1.     Preparing a patent owner's declarants—including the inventors—for depositions in any proceeding challenging the validity of any patents asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

2.     Taking depositions of an accused infringer's declarants in any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

3.     Reviewing the inventors' documents relating to conception and reduction to practice of their invention;

4.     Discussing, with employees of a patent holder and inventors, discovery in, and the status of, any proceedings challenging the validity of any of that party's patents asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

5.     Discussing discovery in, and the status of, proceedings challenging the validity of the Asserted Patents with the patent holder's post-grant counsel;

6.     Discussing responses to the arguments advanced by the party attacking the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

7.     Drafting patent owner's response and patent owner's preliminary response to any petition challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates; or

8.     Drafting declarations in support of patent owner's response to any petition challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates.

To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, or inter partes review).

11.3.   <u>Prohibited Activities</u>. On the other hand, the term "prosecution" as used in this paragraph does encompass the following activities:

1.     Drafting any claim amendments to be proposed in any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

2.     Providing advice on the direction that claims should take in any proceeding challenging the validity of any patent asserted in this case or other U.S.

litigations between any of the same parties or their affiliates; and

3.    Discussing potential claim amendments with counsel in connection with any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates.

11.4.    <u>Duration</u>.    This Prosecution Bar shall begin when access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – SOURCE CODE" is first received by the affected individual and shall end two (2) years after final termination of this Litigation.

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment of Protective Order" that is attached hereto as EXHIBIT A.

## 13. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Counsel shall exert their best efforts to identify information (including documents or material) protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity prior to the disclosure of any such documents or material. If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless produced, whether inadvertent or otherwise, such production is not a waiver or estoppel of the privilege or protection from discovery

in this case or in any other federal or state proceeding. This stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information from production.

If a Producing Party discloses information that it believes is protected privileged or otherwise immune from discovery, the Party shall so advise the Receiving Party in writing within seven (7) business days upon discovery of the disclosure and request the information be returned or destroyed ("Clawback Request"). If that request is made, no Party to this Litigation shall thereafter assert on this basis that the disclosure waived any privilege or immunity. If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall immediately take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; (3) shall immediately, and not later than three (3) business days after receipt of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies thereof; and (4) shall confirm to the Producing Party the destruction of all copies of the information not returned to the Producing Party. If requested within five (5) days after the Producing Party Provides the Clawback Request, the Producing Party shall have one calendar week to provide a privilege log for those materials. The privilege log shall identify for each withheld document: all senders/authors and recipients; the date

of authorship or transmission; the subject(s) of the withheld information; the basis of the privilege (e.g., attorney-client privilege); and any attorney authors or recipients along with their affiliations. No one shall use the fact or circumstances of production of the information in this Litigation to argue that any privilege or protection has been waived. Notwithstanding this provision, no Party or its Outside Counsel of Record shall be required to return or destroy any information that may exist on any disaster recovery or backup system.

The Receiving Party may file a motion to compel the production of information identified by the Producing Party as privileged or protected on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this Litigation. Any such motion shall not disclose or otherwise use the content of the produced document or information (beyond any information appearing on the privilege log) in any way. The Parties expressly acknowledge that documents subject to a Clawback Request cannot be sequestered by a Receiving Party for submission to the Court.

A Producing Party's failure to designate Discovery Material as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" pursuant to this Protective Order shall not constitute a waiver of its rights to subsequently make an appropriate designation, provided that the Producing Party notifies the Receiving Party of the correct designation within ten (10) days of learning of its failure to so designate. The Producing Party shall provide replacement pages bearing the appropriate confidentiality legend and an overlay production load file as soon as reasonably possible.

A Receiving Party's use of Protected Material (either that is subject to a claim of privilege or immunity or to a claim of confidentiality) before receiving a Clawback Request or notice of

failure to designate shall not constitute a violation of the Protective Order. Upon receiving such notice, the Receiving Party shall treat such material according to its designation under the confidentiality designation of this Protective Order or according to the above procedures for privileged or immune materials. In the event the material has been distributed in a manner inconsistent with this Protective Order, a Receiving Party will take the steps necessary to conform distribution to the designation: i.e., returning all copies in its possession, or notes or extracts thereof, to the persons authorized to possess such documents. In the event distribution has occurred to a person not under the control of a Receiving Party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not promptly agreed to in writing, or in the event there is no response, or if the Receiving Party deems the making of the request to be a futile act, the Receiving Party shall promptly notify the Producing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party. This provision shall not preclude the filing of a motion challenging the propriety of the designation or assertion of privilege.

To the extent that any such produced material has been used, included, referenced or summarized in a pleading, deposition or other proceeding, nothing in this paragraph shall require a Receiving Party to purge, redact or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material. Upon a request for return of the produced material, the Receiving Party shall refrain from any further use or dissemination of the inadvertently produced material pending determination of the privilege or confidentiality status of the produced material pursuant to this Order and all applicable laws and rules.

## 14. MISCELLANEOUS

14.1.     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court.

14.2. <u>Rights to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3. Parties agree that the following will not be discoverable: (a) drafts of expert reports, affidavits, or declarations; (b) counsel's communications with experts, affiants, or declarants, or communications between experts, their staff or assistants, and/or counsel, except to the extent such communications are excepted by Federal Rule of Civil Procedure 26(b)(4)(C)(i)-(iii); and (c) experts', affiants', and declarants' notes, drafts, and working papers regarding documents such as reports, disclosures, declarations, affidavits, statements, or any other form of testimony. Communications shall be discoverable only to the extent that the expert in a disclosure has expressly relied on that communication as a basis for an opinion.

## 15. FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all: docket items, including pleadings and motion papers; trial,

deposition, and hearing transcripts; legal memoranda; correspondence including email; deposition and trial exhibits; expert reports; attorney work product, including draft and final discovery requests and written responses; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

*Of Counsel*:

TENSEGRITY LAW GROUP LLP
Matthew Powers
Paul Ehrlich
Stefani Smith
Robert Gerrity
Li Shen
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065
Tel: (650) 802-6000

Samantha Jameson
Kiley White
8260 Greensboro Dr.
Suite 260
McLean, VA 22102-3848
Tel: (650) 802-6000
10x_NSTG_Service@tensegritylawgroup.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Cameron P. Clark*
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiffs 10x Genomics, Inc. and*
*President and Fellows of Harvard College*

*Of Counsel*:

WEIL, GOTSHAL & MANGES LLP

Edward R. Reines
Derek C. Walter
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Amanda Branch
Christopher Pepe
2001 M Street NW, Suite 600
Washington, DC 20036

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant*

Dated: July 15, 2022

SO ORDERED.

MATTHEW F. KENNELLY
United States District Court Judge

Dated: July 15, 2022

**EXHIBIT A**
**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br><br> Plaintiffs, <br><br> v. <br><br> NANOSTRING TECHNOLOGIES, INC., <br><br> Defendant. | C.A. No. 22-cv-261-MFK |

I state that:

I have read and reviewed in its entirety the annexed Stipulated Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 20_____.


Signature: _____

Typed/Printed Name: _____

**EXHIBIT B**
**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Plaintiffs,<br><br>    v.<br><br>NANOSTRING TECHNOLOGIES, INC.,<br><br>        Defendant. | C.A. No. 22-cv-261-MFK |

1.     This agreement is made between:

_____ [NAME OF COUNSEL or CONSULTANT]

and _____ [NAME OF PARTICIPANT], residing at

_____ [ADDRESS OF

PARTICIPANT].

2.     I understand that, in connection with the research project in which I am participating today, I may receive information that is confidential, and that I may not share or disclose that information with anyone (including members of my family) outside of this research group.

3.     I agree not to disclose any information I learn here today to anyone outside of this research group, or to not use such information in any way outside of my participation in this research project today.

4.     I agree that, at the end of the research project today, I will not keep or take with me any documents or other materials shown to me, or any notes or other records I may make about

those documents or other materials shown to me today.

Signed:    _____

Name:     _____

Date:     _____