# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Plaintiffs,<br><br>  v.<br><br>BRUKER SPATIAL BIOLOGY, INC., BRUKER NANO, INC., and BRUKER CORP.,<br><br>    Defendants. | C.A. No. 22-cv-261-MFK<br><br>**FILED UNDER SEAL**<br><br>JURY TRIAL DEMANDED |
| BRUKER SPATIAL BIOLOGY, INC., BRUKER NANO, INC., and BRUKER CORP.,<br><br>    Counterclaim-Plaintiffs,<br><br>  v.<br><br>10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Counterclaim-Defendants. | |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO ENFORCE ORDER STRIKING UNTIMELY CONTENTIONS**

Dated: January 27, 2025

OF COUNSEL:

Courtland L. Reichman
Savannah H. Carnes
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 9406
Tel: (650) 623-1401
Fax: (650) 623-1449
Bruker-10X@reichmanjorgensen.com

Sarah Jorgensen
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309
Tel: (202) 894-7310
Bruker-10X@reichmanjorgensen.com

Christine E. Lehman (admitted *pro hac vice*)
David King (admitted *pro hac vice)*
Adam Adler (admitted *pro hac vice*)
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1909 K St., NW
Washington, DC  2006
Tel: (202) 894.7310
Bruker-10X@reichmanjorgensen.com

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
Concord Cheung (admitted *pro hac vice*)
August Melcher (admitted *pro hac vice*)
Karnik F. Hajjar (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Tel: (650) 802-3000
Fax: (650) 802-3100
NanoString.10X@weil.com

Christopher Pepe (admitted *pro hac vice*)
Kristin Sanford (admitted pro hac vice)
Amanda Branch (admitted *pro hac vice*)
Anne Corbett (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000
Fax: (202) 857-0940
NanoString.10X@weil.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Eric S. Hochstadt (admitted *pro hac vice*)
Natalie C. Kennedy (admitted *pro hac vice*)
Spencer Talbot (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
NanoString.10X@weil.com

*Attorneys for Defendants Bruker Spatial Biology, Inc., Bruker Nano, Inc. and Bruker Corp.*

# TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................... 1

III. STATEMENT OF FACTS ................................................................................................... 2

    A. The Court Struck 10x's Late Contentions........................................................................ 2

    B. Plaintiff's Operative Contentions Do Not Address Extraterritoriality............................ 3

    C. Plaintiffs' Report Relies on Stricken Contentions, Defying the Court's Order. .............. 3

IV. ARGUMENT........................................................................................................................ 5

    A. The Law of the Case Precludes Plaintiffs from Offering Their Unsupported Opinions Regarding Bruker's Extraterritoriality Defense................................................................................ 5

    B. Plaintiffs' Withdrawal Of Just Two Paragraphs Does Not Give Effect to the Court's Order Striking Plaintiffs' Amended Final Contentions. ............................................................ 7

V. CONCLUSION..................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Chervon (HK) Ltd. v. One World Techs., Inc.*,
  2023 WL 2372938 (D. Del. Mar. 6, 2023) ...................................................................................... 7

*In re City of Philadelphia Litig.*,
  158 F.3d 711 (3d Cir. 1998) ........................................................................................................ 5

*In re Continental Airlines, Inc.*,
  279 F.3d 226 (3d Cir. 2002) ........................................................................................................ 5

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
  2015 WL 1883960 (D. Del. Apr. 24, 2015) .................................................................................. 6

*Hamilton v. Leavy*,
  322 F.3d 776 (3d Cir.2003) ......................................................................................................... 6

*Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. (UAW) v. Visteon Corp.*,
  2015 WL 4126742 (D. Del. July 9, 2015) ..................................................................................... 2

*TQ Delta, LLC v. ADTRAN, Inc.*,
  2019 WL 4346530 (D. Del. Sept. 12, 2019) ................................................................................. 6

**Rules**

Fed. R. Civ. P. 37(c)(1) .................................................................................................................. 6

L.R. 7.1.1 ....................................................................................................................................... 5

I.   **NATURE AND STAGE OF THE PROCEEDINGS**

Fact discovery closed on October 23, 2024, and expert discovery is ongoing. During fact discovery, the parties agreed that 10x would serve its final infringement contentions by September 27, 2024. Expert discovery closes on February 28, 2025. Trial is currently set for May 15, 2025. D.I. 359.

II.  **INTRODUCTION AND SUMMARY OF ARGUMENT**

1. Bruker maintains that it does not infringe any of the asserted method claims because steps of the asserted claims are performed in Canada via its remote "AtoMx" platform. *See* D.I. 473 at 1. On September 27, 2024, Plaintiffs served their final infringement contentions, claiming without explanation that "Bruker is incorrect." *See, e.g.*, Ex. A (Plaintiffs' Final Infringement Chart for the '051 Patent) at 37.[1] On October 23, 2024, Plaintiffs served untimely "amended" final contentions containing significant new arguments and theories related to Bruker's extraterritoriality position. *See, e.g.*, Ex. F (Plaintiffs' Amended Final Infringement Chart for the '051 Patent) at 37-39.[2] On November 8, 2024, Plaintiffs served their infringement expert report (Ex. K ("Plaintiffs' Report")), which incorporated Plaintiffs' late-disclosed theories.

2. Bruker moved to strike Plaintiffs' untimely contentions, which the Court granted, explaining that Plaintiffs "have to be held to their agreement" and specifically noting that it would not be feasible to "cure the prejudice in any way that wouldn't do violence to the trial date." Ex.

---

[1] Plaintiffs' final infringement contentions relating to extraterritoriality were identical across the asserted patents. Ex. B (Plaintiff's Final Infringement Chart for the '052 Patent) at 34-35; Ex. C (Plaintiffs' Final Infringement Chart for the '639 Patent) at 37-38; Ex. D (Plaintiffs' Final Infringement Chart for the '737 Patent) at 29; Ex. E (Plaintiffs' Final Infringement Chart for the '054 Patent) at 34.

[2] Plaintiffs' final amended infringement contentions relating to extraterritoriality are also identical across the asserted patents. Ex. G (Plaintiff's Amended Final Infringement Chart for the '052 Patent) at 34-37; Ex. H (Plaintiff's Amended Final Infringement Chart for the '639 Patent) at 36-40; Ex. I (Plaintiff's Amended Final Infringement Chart for the '737 Patent) at 18-22; Ex. J (Plaintiff's Amended Final Infringement Chart for the '054 Patent) at 34-36.

1

L (December 13, 2024 Hearing Tr.) at 16:14-15, 16:24-25.  In light of the Court's ruling, Bruker asked Plaintiffs to comply with the Court's Order by withdrawing the unsupported portions of their infringement report ("Plaintiffs' Report").  Ex. M (December 16, 2024 Email).  Plaintiffs agreed to withdraw two paragraphs but maintain that the remainder of their extraterritoriality analysis (25 additional paragraphs) is supported by Plaintiffs' operative final contentions.  *Id*.; *see* Ex. K ¶¶ 246-271.

3. Bruker submits that the remaining 25 paragraphs relating to extraterritoriality in Plaintiffs' Report are unsupported.  Plaintiffs' bare assertion that "Bruker is incorrect" does not support 25 paragraphs of analysis over 11 pages.  Plaintiffs' token withdrawal of two paragraphs fails to give effect to the Court's previous Order.

4. Bruker therefore asks the Court to enforce its Order and strike the paragraphs in Plaintiffs' Report that rely solely on the stricken contentions (¶¶ 246-271).  Bruker would be highly prejudiced if Plaintiffs were allowed to end-run this Court's Order and introduce their new and previously undisclosed argument through their expert, including because fact discovery would need to be re-opened, supplemental expert reports would need to be served, and trial would likely be delayed.  Revisiting for a second time whether Plaintiffs adequately disclosed their arguments regarding extraterritoriality "is precisely the type of judicial inefficiency the law-of-the-case doctrine seeks to prevent."  *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. (UAW) v. Visteon Corp.*, 2015 WL 4126742, *3 (D. Del. July 9, 2015).

## III. STATEMENT OF FACTS

### A. The Court Struck 10x's Late Contentions.

On December 13, 2024, the Court struck Plaintiffs' untimely amended final infringement contentions.  The Court determined that Plaintiffs had no good cause for their late contentions and noted that "the plaintiffs have to be held to their agreement" about the service deadline.  Ex. L at

2

16:14-15. Permitting the untimely contentions, the Court explained, would "pretty clear[ly]" necessitate postponing the May 2025 trial date. *Id*. at 17:3-5.

### B. Plaintiff's Operative Contentions Do Not Address Extraterritoriality.

Plaintiffs' contentions served on September 27, 2024 now stand as the operative contentions. They contain two near-identical sentences addressing Bruker's extraterritoriality defense:



Ex. A at 37. Three documents are cited, but no explanation is provided. Those documents do not provide support for (or even reveal the basis of) Plaintiffs' extraterritoriality theories:

### C. Plaintiffs' Report Relies on Stricken Contentions, Defying the Court's Order.

The Court's December 13 Order struck Plaintiffs' amended contentions as untimely. Ex. L at 16:6-17:16. Following the Court's ruling, Bruker asked Plaintiffs to identify which

3

paragraphs of Plaintiffs' Report they intended to withdraw to comply with the Court's Order. Ex. M. Plaintiffs volunteered just two paragraphs, asserting that the remaining 25 paragraphs across 11 pages were adequately disclosed in their September 27 contentions (the "Operative Contentions"). *Id*. The only opinions that Plaintiffs voluntarily struck were the following two paragraphs:

███████████████████████████████████
███████████████████████████████████
████████████████████

Ex. K. ¶ 254, and:

███████████████████████████████████
███████████████████████████████████
████████████████████

Ex. K. ¶ 258.

Plaintiffs' Operative Contentions offer no basis for the detailed theories now advanced in Plaintiffs' Report. *Compare*, *e.g.*, Ex. A at 37-39, *with* Ex. K at ¶¶ 246-271. Plaintiffs' refusal to withdraw these opinions is a violation of the Court's Order. Plaintiffs' Operative Contentions contain two nearly identical sentences acknowledging Bruker's extraterritoriality defense. Despite this lack of disclosure, Plaintiffs' Report introduces sweeping new theories, including:

- ███████████████████████████████████████████████████████████████████,

*see*, *e.g.*, Ex. K at ¶¶ 246, 264, 270-271;

- █████████████████████████████████████████████████████████████
████;

- █████████████████████████████████████
██████████

4

▇▇▇▇ *see id.* at ¶¶ 251, 254, 269, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, *see id.* at ¶¶ 255-256, 265-267, 270-271, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, *see id.* at ¶¶ 251, 254-256, 259, 269, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, *see id.* at ¶¶ 255-256, 265-267, 270-271).

These detailed theories and arguments are not described in Plaintiffs' Operative Contentions, despite the fact that Bruker has argued throughout this litigation that it does not infringe because CosMx data is processed in Canada on AtoMx, *see* D.I. 473 at 1. Plaintiffs also had documents and testimony available before the September 27 infringement contentions deadline that are now cited in their Report (but are notably absent from the Operative Contentions).[3] As the Court recognized at the December 13 hearing, Plaintiffs could have negotiated a different agreement, asked for an extension, or sought leave to amend their contentions, rather than attempting to introduce these arguments in violation of the agreed procedure. *See* Ex. L, 16:6-17:16.

The parties met and conferred on December 30, 2024 in compliance with L.R. 7.1.1, but Plaintiffs maintained their position.[4] Bruker now asks the Court to enforce its order by striking all portions of Plaintiffs' Report that rely on stricken contentions, *i.e.*, Ex. K, ¶¶246-271.

## IV.  ARGUMENT

### A.  The Law of the Case Precludes Plaintiffs from Offering Their Unsupported Opinions Regarding Bruker's Extraterritoriality Defense.

The law of the case doctrine precludes Plaintiffs from attempting to reintroduce their

---

[3] For example, the following sources relied on in Plaintiffs' Report were each disclosed prior to September 27, 2024: CosMx – Primary Data Processing (NANO10XH01189285); CosMx x AtoMx Data Flows (NANO10XH00009305); Cloud Basics & More (NANO10XH01469186); SMI Target Matching Results Interface Control Document (NANO10XH01695301); Data Analysis (NANO10XH00008018); and the He-Beechem Article (10XH-00005084). *See*, *e.g.*, Ex. K, ¶¶ 244-271.

[4] Pursuant to the Court's Scheduling Order (D.I. 55 at 8(g)), Defendants identified to the Court that the parties had a dispute regarding the Court's Order striking Plaintiffs' untimely contentions. Bruker filed this motion pursuant to further instruction from the Court.

5

stricken theories in their expert report. That doctrine "limits relitigation of an issue once it has been decided" in an earlier stage of the same litigation, *In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir.2002), to promote finality, consistency, and judicial economy, *In re City of Philadelphia Litig.*, 158 F.3d 711, 717–18 (3d Cir.1998). Plaintiffs have been on notice that their untimely extraterritoriality theories were stricken, *see* Ex. L, and offer no good answer for re-raising these untimely arguments in their Report or failing to include these theories in their final infringement contentions. *See Hamilton v. Leavy*, 322 F.3d 776, 787 (3d Cir.2003). ("[I]f the evidence at the two stages of litigation is 'substantially similar,' … the law of the case doctrine will apply.").

Because the Court's prior order striking Plaintiffs' "amended" final contentions "plainly contemplated that the untimely contentions were no longer to be asserted in this proceeding in any form," *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, No. CV 12-540-LPS, 2015 WL 1883960, at *2, n.2 (D. Del. Apr. 24, 2015), Plaintiffs' Report violates the principle that "[o]pening expert reports are not the appropriate time to disclose new infringement allegations." *TQ Delta, LLC v. ADTRAN, Inc.*, No. CV 14-954-RGA, 2019 WL 4346530 at *2 (D. Del. Sept. 12, 2019) (Andrews, J.). Fed. R. Civ. P. 37(c)(1) provides that "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." As the Court recognized, Plaintiffs' failure to disclose its extraterritoriality arguments was not substantially justified, because Plaintiffs could have negotiated a different agreement or sought leave to amend their contentions. *See* Ex. L, 16:6-17:16. And Plaintiffs' failure was not harmless, the Court explained, because the prejudice could not be fixed in a way "that wouldn't do violence to the trial date." *Id*. at 16:24-25. Accordingly, "this issue"—the timeliness of Plaintiffs' expert

6

opinions—"was already decided" by the Court's previous Order on Plaintiffs' untimely contentions. *Fairchild*, 2015 WL 1883960, at *2, n.2.

Because the Court already struck Plaintiffs' untimely contentions and explained that Plaintiffs' failure to disclose its extraterritoriality arguments in a timely manner was not substantially justified or harmless, Plaintiffs' refusal to withdraw the unsupported sections of their Report defies the Court's Order and the law of the case. And even if *Pennypack* did apply to a failure to disclose theories in final contentions, *see*, *e.g.*, *Chervon (HK) Ltd. v. One World Techs., Inc.*, No. 19-1293, 2023 WL 2372938, at *3 (D. Del. Mar. 6, 2023) (Williams, J.), that test is not applicable here because the Court already explained that five *Pennypack* factors—every factor except "bad faith"—supports exclusion of Plaintiffs' untimely theories. *See* Ex. L at 15:20-17:16.

**B.     Plaintiffs' Withdrawal Of Just Two Paragraphs Does Not Give Effect to the Court's Order Striking Plaintiffs' Amended Final Contentions.**

In addition to the two paragraphs that Plaintiffs voluntarily withdrew, the Court should enforce its previous Order by striking paragraphs 246-271 of Plaintiffs' Report. Plaintiffs' new and unsupported opinions focus heavily on ▇▇▇, *see* Ex. K at ¶¶ 246-251, ▇▇▇, *see id*, ¶¶ 246-254, and ▇▇▇, *see id.*, ¶¶ 254-259, 264-266, 268-271. But Plaintiffs' Operative Contentions describe no theory of infringement that relies on users processing their own data outside of AtoMx. The Operative Contentions do not explain, for example, 10X's theories that users (a) ▇▇▇, *see* Ex. K, ¶¶ 255-256, 264-267, 270-271, (b) ▇▇▇, *see id.*, ¶¶ 254-259, 267-268, or (c) ▇▇▇, *see id.* ¶¶ 251, 254-256, 259, 269.

7

Failing to strike those new and unsupported portions of Plaintiffs' Report leaves intact Plaintiffs' unsupported ███████████████████████████████ ██████.

Had Bruker known Plaintiffs' position by the September 27 deadline, Bruker could have sought additional third-party discovery related to extraterritoriality—including information regarding the location of AtoMx on Amazon's AWS servers and evidence that consumers do not re-decode or re-segment outside of AtoMx. As the Court recognized during the December 13 hearing, reopening discovery to address these issues would require pushing back the May trial date. *See* Ex. L at 17:3-5 ("I think if I were to do this, if I were to allow the late infringement contentions and not strike them, in other words, it's pretty clear I'd have to move the trial date."). A month and a half later, the prejudice Bruker would face if forced to respond to Plaintiffs' undisclosed expert opinions has only grown larger. With expert discovery concluding on February 28 and summary judgment motions due in March, mitigating the prejudice associated with these unsupported opinions would, at a minimum, require reopening fact discovery to take additional depositions of third-party fact witnesses (*e.g.*, Amazon employees responsible for hosting AtoMx on Amazon's Canadian AWS servers). This would severely disrupt the case schedule. The Court should instead strike Plaintiffs' untimely new expert theories.

## V.     CONCLUSION

Bruker respectfully requests that the Court enforce its December 13, 2024 Order by striking the portions of Plaintiffs' Report that rely on stricken contentions. Plaintiffs' strategic decision to advance wholly new theories this late in the case should not be rewarded and Plaintiffs can make their case based on their timely-filed final infringement contention disclosures.

Dated: January 27, 2025

OF COUNSEL:

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
Concord Cheung (admitted *pro hac vice*)
August Melcher (admitted *pro hac vice*)
Karnik F. Hajjar (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
NanoString.10X@weil.com

Christopher Pepe (admitted *pro hac vice*)
Kristin Sanford (admitted pro hac vice)
Amanda Branch (admitted *pro hac vice*)
Anne Corbett (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000
Fax: (202) 857-0940
NanoString.10X@weil.com

Eric S. Hochstadt (admitted *pro hac vice*)
Natalie C. Kennedy (admitted *pro hac vice*)
Spencer Talbot (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
NanoString.10X@weil.com

Courtland L. Reichman
Savannah H. Carnes
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 9406
Tel: (650) 623-1401
Fax: (650) 623-1449
Bruker-10X@reichmanjorgensen.com

Sarah Jorgensen
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1201 West Peachtree Street, Suite 2300

Respectfully submitted,

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

9

Atlanta, GA 30309
Tel: (202) 894-7310
Bruker-10X@reichmanjorgensen.com

Christine E. Lehman (admitted *pro hac vice*)
David King (admitted *pro hac vice)*
Adam Adler (admitted *pro hac vice*)
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1909 K St., NW
Washington, DC  2006
Tel: (202) 894.7310
Bruker-10X@reichmanjorgensen.com

*Attorneys for Defendants Bruker Spatial Biology, Inc., Bruker Nano, Inc. and Bruker Corp.*