IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BRUKER SPATIAL BIOLOGY, INC., BRUKER NANO, INC., and BRUKER CORP.,<br><br>    Defendants. | Case No. 22 C 261 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The Court ruled on December 13, 2024 that certain amended final infringement contentions served by plaintiff 10x Genomics were served out of time; they added new theories; allowing them would unfairly prejudice defendant Bruker; and that as a result they should be stricken. To oversimplify somewhat, the amended contentions added information relating to whether the steps in the accused methods corresponding to certain claim elements take place inside the United States. Bruker contends they do not; 10x, at least in the amended contentions, says they do. It was perhaps implicit (or perhaps a bit more than implicit) in 10x's earlier versions of the contentions that it was contending all of the relevant steps took place in the U.S., but the amended contentions explained this in detail, pulled it all together, and brought it home. Bruker persuasively argued that if the amended contentions were allowed, it would have to reopen fact discovery (which had closed) to address the new information in the amended

contentions and would have to redo, or supplement, its expert reports. The Court concluded that although it did not find 10x had acted in bad faith, Bruker would be unfairly prejudiced by the amended contentions, and the Court could not allow the amendments without undoing the trial date, which was part of an elaborately-coordinated schedule involving several separate cases concerning the same or overlapping parties and the same family (or overlapping families) of patents.

After the Court's December 13 ruling, Bruker asked 10x to amend the report of its infringement expert Dr. Quackebush to conform to the Court's ruling. 10x made modifications that, in the scheme of things, were relatively inconsequential. This led to Bruker filing the present motion, in which it asks the Court to enforce its earlier order and strike twenty-five or so paragraphs from Dr. Quackenbush's report.

The Court has heard argument on two separate occasions regarding the motion to enforce, once by telephone and once in person. The Court has come to the conclusion that its December 13 order on the motion to strike was erroneous and should be vacated. The "law of the case" doctrine, which Bruker cites in seeking to enforce the December order, does not preclude reconsideration of the earlier ruling. The doctrine "may counsel against, but does not prevent, a district court from reconsidering its prior rulings." *Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 836 (3d Cir. 2022). *See Arizona v. California*, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, [but] it does not limit the tribunal's power.").

The Court erred in part because it effectively converted an agreement of the parties (regarding the deadline for final infringement contentions) to an order by the Court, which it was not. The parties certainly had good reasons for extending the

2

deadline in the first place, but the particular revised deadline—which is the deadline that 10x's amended contentions did not meet—was not set by the Court.  The Court erred in treating it the same a court order.  The Court also notes that, as suggested earlier, the outlines of 10x's contentions that relevant steps had taken place in the U.S. were in its earlier, timely contentions—though the point was not tied together and brought home until later—which is another point the Court should have taken into account to a greater extent.  The Court was concerned, and rightly so, about protecting Bruker from unfair prejudice, but the better mechanism for that would have been to amend the relevant deadlines and adjust the trial date.  The Court—which as a visiting judge with a full civil and criminal calendar of its own has to work out-of-district trial dates into the rest of its schedule—should have been more willing at the time to resolve the prejudice issue that way rather than, at least in part, potentially making the resolution of the case turn on an arguable procedural misstep.

For these reasons, the Court vacates its December 13, 2024 ruling granting Bruker's motion to strike and instead denies that motion.  Bruker's motion to enforce therefore is denied as moot.  But this will require moving the trial date and allowing Bruker to take necessary discovery prompted by the amended contentions:

> While the law of the case doctrine "does not limit the power of trial judges to reconsider their prior decisions," [there are] two prudential considerations that limit a court's authority to do so: the trial court must explain on the record the reasoning behind its decision, and must take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling.  *Williams v. Runyon,* 130 F.3d 568, 573 (3d Cir. 1997), *citing Swietlowich v. County of Bucks,* 610 F.2d 1157, 1164 (3d Cir. 1979).

*Williams v. Hilton Grp., PLC*, 261 F. Supp. 2d 324, 331 (W.D. Pa. 2003), *aff'd,* 93 F. App'x 384 (3d Cir. 2004).

The trial date of May 15, 2025 is vacated, as are the dispositive motion/*Daubert* motion deadline, the final pretrial order deadline, and the final pretrial conference date of May 7, 2025. The trial is reset to August 4, 2025 at 9:00 a.m. The parties are directed to immediately confer in good faith to agree upon short deadlines for service and completion of any additional fact discovery reasonably occasioned by the relevant amended final infringement contentions; supplementation of expert reports; and completion of supplemental expert depositions. They are also to confer in good faith and agree upon deadlines for the filing and briefing of dispositive and *Daubert* motions that preserve the same interval between the date of the last brief and the trial date as the interval that existed in the previous schedule. A joint status report in this regard is to be filed by no later than March 7, 2025.

Date: March 6, 2025

_____
MATTHEW F. KENNELLY
United States District Judge