IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Plaintiffs,<br><br>  v.<br><br>BRUKER SPATIAL BIOLOGY, INC., BRUKER NANO, INC., and BRUKER CORP.,<br><br>    Defendants. | C.A. No. 22-261-MFK |

**JOINT STATUS REPORT**

Pursuant to this Court's March 6, 2025, Order (D.I. 515), the parties jointly submit the following Joint Status Report. The parties have met and conferred regarding the proposed revised schedule in view of the Court's resetting the trial in this matter to August 4, 2025, and have not been able to reach agreement on the following two disputes for the Court's resolution:

1. Proposed Revised Schedule
2. Scope of Discovery

The parties have reached agreement on the following issue:

1. Scope of Supplemental Reports: limited to AtoMx issues set forth in Plaintiffs' October 23, 2024, infringement contentions and the Vizgen settlement agreement.

**I.      Competing Proposals for Revised Pretrial Schedule**

The parties have competing proposals for a revised pretrial schedule for the 261 case.

***Plaintiffs' Position:*** The Court set a trial date for August 4, 2025, and asked the parties to submit a procedural schedule consistent with that resetting. Plaintiffs' proposed schedule, attached as **Attachment A**, complies with that Order.

1

Bruker's proposed schedule (**Attachment B**) ignores the Court's trial date entirely. It is instead based off of an August 25, 2025, trial date. As Plaintiffs stated earlier, Plaintiffs prefer the trial start date of August 4 given certain conflicts with the August 25 proposed start date for certain of Plaintiffs' witnesses (including teaching obligations for one of Plaintiffs' expected expert witnesses, another trial also set for the week of August 25 involving another of Plaintiffs' expected expert witnesses, and pre-planned family vacations for Harvard's intended corporate representative and for an expected Harvard witness). These commitments are as significant as those advanced by Bruker and its witnesses. If Bruker desires a trial date different from the August 4, 2025, date ordered by the Court, it should move for reconsideration.

Bruker's proposed schedule further prejudices Plaintiffs by deviating from standard expert report filing practices, by ignoring the correct order for supplemental reports, which normally simply follows the burden of proof. Plaintiffs propose a standard order of supplemental reports: If supplemental discovery is relevant to an issue for which one party bears the burden of proof, that party should submit a supplemental opening report addressing that discovery and any impact it has on the relevant issue. The opposing party should then provide a rebuttal report, after which a reply report may be filed.

Bruker's proposed schedule further prejudices Plaintiffs by allowing only four days to prepare supplemental reply expert reports followed by only three days for expert discovery. Should the Court be inclined to adopt an August 25, 2025, trial date, Bruker's proposed schedule should, at the very least, be altered to truncate the supplemental fact discovery period to allow for a more reasonable expert discovery schedule with at least one week between rebuttal and reply expert reports and at least ten days between reply expert reports and the expert discovery cutoff.

***Bruker's Position***:  As noted in a March 6, 2025 email to the Court, Bruker has an insurmountable conflict for an August 4, 2025 trial for three of its expected witnesses: Dr. Mark Munch (President of Bruker Nano Group), Dr. Joe Beechem (Chief Scientific Officer and Senior Vice President of R&D at Bruker Spatial Biology), and Ms. Beth Nye (Senior VP of Sales and Service at Bruker Spatial Biology).  Bruker has no insurmountable conflicts for an August 25, 2025 trial. Plaintiffs' previously described their conflicts with the August 25 date as "navigable."

Bruker has provided a proposed schedule (Attachment B) that allows for the August 25 date.  Because the extended discovery period is intended to remedy Bruker's prejudice by allowing it to "take necessary discovery prompted by the amended contentions," D.I. 515 at 3, Bruker believes it is appropriate for the schedule to allow: (1) Bruker to submit any necessary opening supplemental expert reports, (2) 10x to respond, and (3) Bruker to reply.  This structure ensures that Bruker has a fair opportunity to address issues arising from 10x's amended contentions while allowing both parties to present their positions fully.

Bruker proposed a compromise in which 10x would serve an opening supplemental expert report, followed by Bruker's response, with no reply.  10x rejected this proposal.

In Bruker's extended discovery, Bruker intends to serve a subpoena on Amazon Web Services for information about the AtoMx servers, among other actions.  The necessity of third-party discovery was discussed during the December 13 hearing regarding 10x's amended final infringement contentions.  Bruker expects a third-party subpoena to take several weeks to receive a substantive response, thus necessitating Bruker's slightly elongated discovery deadlines.  This will not impact the Court, as both Bruker and 10x propose the same schedule for summary judgment and *Daubert* motions.  It will merely allow a more realistic timetable for Bruker to obtain information for its defense.

3

## II.     Scope of Discovery

The parties dispute the appropriate scope of the additional discovery.

***Plaintiffs' Position:*** Bruker requests one-sided discovery be had to address the amended contentions, indicating that it will elicit testimony from friendly witnesses such as its own supplier and its own customers to advance its positions. 10x would be prejudiced if it is not entitled to discovery of a similar scope, as it would otherwise be prevented from substantively responding to any new non-infringement arguments without such discovery. Allowing such balanced discovery will not affect either side's proposed schedule.

***Bruker's Position***: The Court's March 6 Order "allow[s] Bruker to take necessary discovery prompted by the amended contentions." D.I. 515 at 3. As 10x argued at the March 3 hearing, its infringement theories regarding extraterritoriality were not new to 10x because they were implicit in its original contentions. 10x was well aware of its own theories and therefore had ample opportunity to pursue discovery of these theories during the discovery period. Accordingly, the extended discovery period should permit Bruker—not 10x—to obtain discovery related to 10x's theories disclosed expressly for the first time on the last day of fact discovery. To the extent Bruker deposes additional witnesses, 10x may of course question the witness within the scope of Bruker's questioning.

Additionally, as the Court is aware, 10x recently settled its patent infringement suit against Vizgen mid-trial on February 6, 2025. *See 10x Genomics, Inc. et al. v. Vizgen, Inc*., 22-cv-595-MFK (D. Del). That settlement included licenses to some of the same patents that 10x asserts against Bruker, making the circumstances surrounding the settlement relevant to damages under the *Georgia Pacific* factors. 10x produced the Vizgen term sheet, but has not produced the formal settlement agreement, related correspondence with Vizgen relating to the agreement, or any draft

agreements. Additionally, during Bruker's deposition of 10x's damages expert, Julie Davis, regarding the Vizgen settlement, Ms. Davis was unable to answer certain questions and repeatedly deferred to 10x's in-house counsel, Eric Whitaker. Bruker has requested that 10x produce Mr. Whitaker for a deposition on this issue. Bruker requests that its Vizgen-related discovery be completed on the same proposed schedule as Bruker's extraterritoriality discovery.

Respectfully Submitted,

| RICHARDS, LAYTON & FINGER P.A. | Morris James LLP |
|---|---|
| */s/ Alexandra M. Ewing* | */s/ Kenneth L. Dorsney* |
| Frederick L. Cottrell, III (#2555) | Kenneth L. Dorsney (#3726) |
| Jason J. Rawnsley (#5379) | Cortlan S. Hitch (#6720) |
| Alexandra M. Ewing (#6407) | MORRIS JAMES LLP |
| Gabriela Z. Monasterio (#7240) | 500 Delaware Avenue, Suite 1500 |
| RICHARDS, LAYTON & FINGER, P.A. | Wilmington, DE 19801 |
| 920 North King Street | (302) 888-6800 |
| Wilmington, DE 19801 | Kdorsney@morrisjames.com |
| (302) 651-7700 | Chitch@morrisjames.com |
| cottrell@rlf.com | |
| rawnsley@rlf.com | Of Counsel: |
| ewing@rlf.com | Geoffrey M. Raux, Esq. |
| monasterio@rlf.com | Ruben J. Rodrigues, Esq. |
| | Sarah E. Rieger, Esq. |
| *Of Counsel:* | Lea Gulotta James, Esq. |
| Matthew D. Powers | Foley & Lardner LLP |
| Paul T. Ehrlich | 111 Huntington Avenue, Suite 2500 |
| William P. Nelson | Boston, MA 02199 |
| Stefani C. Smith | (617) 502-3284 |
| Robert Gerrity | (617) 502-3228 |
| Li Shen | BOST-F-10Xv.Nanostring@foley.com |
| TENSEGRITY LAW GROUP, LLP | |
| 555 Twin Dolphin Drive, Suite 650 | Sarah E. Rieger, Esq. |
| Redwood Shores, CA 94065 | Foley & Lardner LLP |
| | 777 East Wisconsin Avenue |
| Azra M. Hadzimehmedovic | Milwaukee, WI 53202 |
| Aaron M. Nathan | (414) 319-7101 |
| Samantha A. Jameson | BOST-F-10Xv.Nanostring@foley.com |

| | |
|---|---|
| Ronald J. Pabis<br>Kiley White<br>Joanna R. Schacter<br>Parshad Brahmbhatt<br>Grace Gretes<br>TENSEGRITY LAW GROUP, LLP<br>1676 International Dr.<br>Suite 910<br>McLean, VA 22102<br><br>Marguerite M. Sullivan<br>Molly M. Barron<br>Christopher John Brown<br>Brian Barrows Goodell<br>Sahdia Khan<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2200<br><br>Kelly Fayne<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 391-0600<br><br>10x_Harvard_NSTG_Service@tensegritylawgroup.com<br><br>**Attorneys for 10x Genomics, Inc.** | Jarren N. Ginsburg, Esq.<br>Foley & Lardner LLP<br>Washington Harbour<br>3000 K Street NW, Suite 600<br>Washington, DC 20007<br>(202) 295-4071<br>jginsburg@foley.com<br><br>**Attorneys for President and Fellows of Harvard College** |
| FARNAN LLP<br><br>*/s/ Brian E. Farnan*<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>FARNAN LLP<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 777-0300<br>Fax: (302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Of Counsel:*<br>Edward R. Reines | |

6

Derek C. Walter
Karnik F. Hajjar
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: 650-802-3000
edward.reines@weil.com
derek.walter@weil.com
karnik.hajjar@weil.com

Amanda Branch
Christopher Pepe
Kristin Sanford
Anne Corbett
John E. Scribner
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
amanda.branch@weil.com
christopher.pepe@weil.com
kristin.sanford@weil.com
anne.corbett@weil.com
John.Scribner@weil.com

Eric S. Hochstadt
Natalie C. Kennedy
Spencer Talbot
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
eric.hochstadt@weil.com
Natalie.Kennedy@weil.com
Spencer.Talbot@weil.com

Nanostring.10X@weil.com

Courtland L. Reichman
Savannah H. Carnes
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
Telephone: (650) 623-1401
Fax: (650) 623-1449
creichman@reichmanjorgensen.com

| | |
|---|---|
| scarnes@reichmanjorgensen.com<br><br>Sarah Jorgensen<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>1201 West Peachtree Street, Suite 2300<br>Atlanta, GA 30309<br>Telephone: (202) 894-7310<br>sjorgensen@reichmanjorgensen.com<br><br>Christine E. Lehman<br>Adam Adler<br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>1909 K St, NW<br>Suite 800<br>Washington, DC 20006<br>Telephone: (202) 894-7310<br>clehman@reichmanjorgensen.com<br>aadler@reichmanjorgensen.com<br><br>***Counsel for Bruker Spatial Biology, Inc., Bruker Nano, Inc., and Bruker Corp.***<br><br>Dated: March 7, 2025 | |