EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Delaware

| | | |
|---|---|---|
| 10x Genomics, Inc. et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  22-cv-261-MFK |
| Bruker Spatial Biology, Inc. et al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                   Dr. Sizun Jiang

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Remote deposition via Zoom (or at another mutually agreed date and time) | Date and Time: 04/18/2025 11:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic, audio, video, and audiovisual

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment A, responsive documents to be produced by April 16, 2025 electronically to: 10x_Harvard_NSTG_Service@tensegritylawgroup.com or (if preferred) to Robert Gerrity, Tensegrity Law Group, 555 Twin Dolphin Drive, Suite 650, Redwood Shores, CA 94065, or to another mutually agreeable location.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/08/2025

| | CLERK OF COURT | | |
|---|---|---|---|
| | | OR | |
| | | | /s/ Robert Gerrity |
| *Signature of Clerk or Deputy Clerk* | | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff 10x Genomics, Inc.                                                                    , who issues or requests this subpoena, are:
Robert Gerrity, Tensegrity Law Group LLP, 555 Twin Dolphin Drive, Suite 650, Redwood Shores, CA 94065, 650-802-6040, 10x_Harvard_NSTG_Service@tensegritylawgroup.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  22-cv-261-MFK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Attachment A

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.      "**You**" and "**Your**" shall each mean and refer to Sizun Jiang.

2.      "**NanoString**" shall each mean and refer, individually and collectively, to NanoString Technologies, Inc. and NS Wind Down Co., Inc., and without limitation all corporate locations, and all predecessors and successors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint-venture or partnership relationships with NanoString, and others acting on behalf of NanoString.

3.      "**Bruker**" shall each mean and refer, individually and collectively, to Bruker Corporation, Bruker Spatial Biology, Inc., and Bruker Nano, Inc., and without limitation all its corporate locations, and all predecessors and successors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Bruker Corporation, Bruker Spatial Biology, Inc., or Bruker Nano, Inc., and others acting on behalf of Bruker Corporation, Bruker Spatial Biology, Inc., or Bruker Nano, Inc..

4.      "**CosMx**" shall mean NanoString's CosMx Spatial Molecular Imager and components thereof, and all assays and other consumables and instruments or components used with or sold with CosMx.

5.      "**AtoMx**" or "**AtoMx SIP**" shall mean NanoString's AtoMx Spatial Informatics Platform.

6.      "**Document**" shall be understood to have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded,

1

graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "document(s)" as used herein shall include, without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; communications (as defined below); handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; websites; blog entries; social media postings; code; Excel spreadsheets; PowerPoint presentations; Word documents; transcripts from Slack or Microsoft Teams; company blogs, bulletin boards, or wikis; and all other tangible items of readable, recorded, or visual material of any kind.

7.    "**Communication**" shall mean any transmission of information in any context or situation by or between two or more persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including but not limited to conversations; correspondence;

electronic mails; telexes; facsimile transmissions; telecopies; recordings in any medium of oral, written, or typed communications; telephone or message logs; notes or memoranda relating to written or oral communications; transcripts from Slack or Microsoft Teams; company blogs, bulletin boards, or wikis; and any translation thereof.

8. "**Relate to**," "**Related to**," "**Relating to**," or "**Concerning**" shall have their ordinary meanings, including without limitation in whole or in part constituting, containing, embodying, reflecting, describing, involving, supporting, contradicting, evidencing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

9. As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

10. As used herein, the masculine form of a term shall be interpreted to include the feminine and vice versa.

11. Except where the context does not permit, the term "**including**" shall be without limitation.

12. Except where the context does not permit, the terms "**and**" and "**or**" shall be both conjunctive and disjunctive.

13. Except where the context does not permit, the terms "**each**" and "**any**" shall mean any and all.

14. The use of terms, phrases, and definitions is for convenience and no term, phrase, or definition shall be construed as an admission.

15. Any word that is not defined has its usual and customary meaning.

16.     In the event any response or document is withheld on a claim of attorney-client privilege, attorney work-product immunity, or any other privilege from disclosure, identify: (a) the date of the information; (b) the source of the information; (c) the names and addresses of all persons to whom that information was disclosed; and (d) the general subject matter of the information. To the extent such information is contained within a document for which a claim of privilege has been made, You must provide a privileged document list in a timely manner.

17.     If there are no documents or things responsive to a particular Request for Production ("Request"), You should so state in writing. If any responsive document has been lost or destroyed, identify: (a) the author; (b) the date of loss or destruction; (c) the reason for loss or destruction; (d) the identity of those directing the destruction, if any; and (e) the substance of the document.

18.     In response to each Request, You shall produce documents in a form or forms in which they are ordinarily maintained or in a reasonably usable form. 10x is amenable to discussing with You a mutually acceptable form of document production and entry of a stipulation or other agreement reflecting such.

19.     All Electronically Stored Information produced in response to these Requests must include native files or otherwise contain full metadata.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Your research lab standard operating procedure (SOP) document(s) related to CosMx or AtoMx, use of CosMx or AtoMx, or use of data from CosMx or AtoMx.

### REQUEST FOR PRODUCTION NO. 2:

All communications between You and Bruker or any Bruker employee, representative, or agent (including Bruker's counsel) related to providing testimony or documents in this lawsuit (if any).

# Attachment B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>      Plaintiffs,<br><br>   v.<br><br>BRUKER SPATIAL BIOLOGY, INC. and BRUKER NANO, INC.<br><br>      Defendants. | C.A. No. 22-cv-261-MFK<br><br>**DEMAND FOR JURY TRIAL** |

## STIPULATED AMENDED PROTECTIVE ORDER

## 1. PURPOSES AND LIMITATIONS

Plaintiffs 10x Genomics, Inc. ("10x") and President and Fellows of Harvard College ("Harvard") and Defendants Bruker Spatial Biology, Inc. and Bruker Nano, Inc. ("Bruker") (collectively, the "Parties") assert that they may possess confidential information in the form of trade secrets or other confidential business, personal, or technical information related to the subject matter of the above-captioned case ("Litigation"). The Parties recognize that it may be necessary to disclose certain of the asserted confidential information during this Litigation. In addition, the Parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order (hereinafter, "Order" or "Protective Order").

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and

1

use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. DEFINITIONS

2.1.     *Challenging Party*: The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information under this Order.

2.2.     *Confidential Information*: The term "CONFIDENTIAL INFORMATION" shall mean information or material that a Designating Party believes, in good faith, embodies, contains, reflects, or refers to confidential information or material that is used by the Designating Party in, or pertaining to its business, which information or material is not generally or publicly known and which the Designating Party would normally not reveal to third parties, including but not limited to confidential research, development, commercial, proprietary, technical, business, financial, sensitive or private information or material.

2.3.     *Counsel (without qualifier)*: The term "Counsel" shall mean Outside Counsel of Record and House Counsel (as well as their support staffs).

2.4.     *Designating Party*: The term "Designating Party" shall mean a Party or Non-Party that designates information that it produces in disclosures or in response to discovery as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION."

2.5.     *Discovery Material*: The term "Discovery Material" shall mean any document, material, item, testimony, information, or thing filed with or presented to the Court or produced, disclosed, served, or generated in connection with the discovery process or Federal Rule 26(a) disclosures in this Litigation, including without limitation, for example, initial disclosures; exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; expert reports; subpoenas; declarations; affidavits; and deposition testimony or

2

transcripts; and all copies, extracts, summaries, compilations, presentation by parties or counsel to or in court, designations, and portions thereof.

2.6.　　*House Counsel*: The term "House Counsel" shall mean attorneys who are employees of a party to this Litigation. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7.　　*Litigation*: The term "Litigation" shall mean the above-captioned case (C.A. No. 21-cv-261-MFK) in the United States District Court for the District of Delaware, including any appeals therefrom.

2.8.　　*Vizgen Litigation*: The term "Vizgen Litigation" shall mean the case *10x Genomics, Inc. and President & Fellows of Harvard College v. Vizgen, Inc.*, C.A. No. 21-cv-595-MFK in the United States District Court for the District of Delaware, including any appeals therefrom.

2.9.　　*Non-Party:* The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Litigation.

2.10.　*Outside Attorneys' Eyes Only Information*: The term "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall mean "confidential information" of a commercially sensitive nature such as a trade secret that a designating party determines, in good faith, is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties or select employees or agents of the Receiving Party, including, but not limited to, unpublished pending domestic or foreign patent applications; non-public financial, marketing, strategic, organizational, operational or competitive information; and highly sensitive technical information relating to the design, development, research, testing and production of products.

2.11.    *Outside Counsel of Record*: The term "Outside Counsel of Record" shall mean attorneys (and their employees) who are not employees, directors, or officers of a Party to this Litigation or a Party's affiliates but are retained to represent or advise a Party to this Litigation and have appeared in this Litigation on behalf of that Party or are employed by or affiliated with a law firm which has appeared on behalf of that Party in this Litigation.

2.12.    *Party*: The term "Party," solely for purposes of this Protective Order, shall mean any party to this Litigation—including its officers, directors, employees, and consultants—and the party's Outside Counsel or Record.

2.13.    *Producing Party*: The term "Producing Party" shall mean any Party to this Litigation or any Non-Party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery in connection with this Litigation.

2.14.    *Professional Vendors*: The term "Professional Vendors" shall mean Non-Party persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations/illustrations, data processing, electronic discovery, and database services including and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.    *Protected Data*: The term "Protected Data" shall mean and refer to all information originating from the European Union ("EU") that relates to an identified or identifiable natural person ("Data Subject"); an identifiable person is one who can be identified, directly or indirectly, specifically by reference to an identification number and/or to one or more factors specific to their physical, physiological, mental, economic, cultural, or social identity. The Producing Party shall specifically indicate data originating from the EU. Information that can be used to identify a natural

4

person ("Data Subject identifiers") shall be treated as CONFIDENTIAL INFORMATION. Information may only be treated as a Data Subject identifier if it directly or indirectly identifies a specific person. If a specific person may only be identified by way of a combination of identification numbers, labels, or factors (*e.g.*, occupation, gender, and age), only the combination shall be treated as a Data Subject identifier and shall not prevent disclosure of information that does not directly or indirectly identify a specific person. A Data Subject identifier includes without limitation a data subject's name, location data (such as an address or phone number), and online identifiers (such as an email address and IP addresses). Additional examples of Data Subject identifiers include employee number; job title; salary; date of birth; social media profile, handle, or user ID; information related to work authorization or licensing (including union membership); political opinions; and information related to racial or ethnic origin. However, once a Data Subject has been identified by a Party as a deposition witness or trial witness in this Litigation, that data subject's name may be disclosed to the Parties, in Court filings, and at trial without violating this Protective Order.

Nothing in this Order shall be interpreted as a limitation on the discoverability of Protected Data. Designating information as Protected Data shall not be used as a basis for withholding documents or information, or as a basis for preventing the filing of documents with the Court. Protected Data is subject to the same discovery procedures as non-Protected Data.

Any Party receiving Protected Data shall take technical and organizational security measures that are appropriate to the risks, such as unauthorized access, presented by the processing. Any person acting under the authority of a Receiving Party must not process the data except on instructions from the Receiving party. Any Party receiving Protected Data shall have in place

5

procedures so that any third-party it authorizes to have access to the personal data will respect and maintain the confidentiality and security of the Protected Data.

Protected Data may only be processed, used, or communicated for purposes of the Litigation as described within this Protective Order and may not be further transferred to any other third-party except as expressly allowed under this Protective Order

2.16.    *Protected Material*:  The term "Protected Material" shall mean and refer to all information and material subject to this Order that constitutes or contains a trade secret or other confidential research, development, or commercial information, including but not limited to non-public technical, business, or financial information, marketing plans, customer lists, vendor lists and proposals, pricing and cost data, business plans, user information, and all information, documents, and things referring or relating to the foregoing, including copies, abstracts, and summaries of the same, as well as "Protected Data." "Protected Material" includes "Protected Data," "CONFIDENTIAL INFORMATION" and "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" as those terms are defined above. The scope of this Order shall be understood to encompass not only Protected Material which is expressly designated as "Protected Data," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and "CONFIDENTIAL INFORMATION", but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information.

2.17.    *Receiving Party*:  The term "Receiving Party" shall mean any Party to this Litigation that receives Discovery Material from a Producing Party.

## 3.  SCOPE

3.1.    The protections conferred by this Order cover Protected Material (as defined above) and (a) any information copied or extracted from Protected Material; (b) all copies,

excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties that might reveal Protected Material.

3.2.     The protections conferred by this Order do not cover: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.3.     Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.  DURATION

After final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.  DESIGNATING PROTECTED MATERIAL

5.1.     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

5.2.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3.     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of (a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

In addition to designation of Protected Data as described above, designation in conformity with this Order further requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" to each page that contains Protected Material.

(b)    For testimony given in deposition, the Designating Party shall identify on the record before the close of the deposition, or in writing within fourteen (14) days after receipt of the final transcript, all protected testimony and specify the level of protection being asserted. Unless agreed otherwise, the entire transcript shall be treated as OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" until fourteen (14) days after delivery of the final certified transcript.

If a deposition, hearing, or other proceeding may reasonably be expected to include Protected Material, reasonable notice shall be given so that attendance can be restricted to authorized individuals who have signed the "Acknowledgment of Protective Order" (EXHIBIT A). The use of a document as an exhibit at a deposition shall not in any way affect its designation as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION".

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c)    For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION".

5.4.    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. An inadvertent failure to designate qualified

information or items is subject to the further provisions in Section 13 below (PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL).

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.  <u>Timing of Challenges</u>. A Receiving Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for the challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party three (3) business days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall seek resolution of the discovery dispute, including seeking an order to maintain the designation. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or deemed produced by another Party or by a Non-Party in connection with this case only for (a) prosecuting, defending, or attempting to settle this Litigation, (b) in 10x Genomics, Inc. v. Bruker Spatial Biology, Inc. and Bruker Nano, Inc., Case No. 21-cv-00653-MFK (District of Delaware) ("653 Case") to the extent permitted by the cross-use agreement in Section 1(e) of the Stipulated Discovery Order (D.I. 28), or (c) in the Vizgen Litigation to the extent permitted by the cross-use agreement in Section 7.4. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. For the avoidance of doubt, cross-produced materials, including any discovery produced by any Party or Non-Party in the Vizgen Litigation, may not be used in this Litigation unless the Party or Non-Party's entire production for such material has been produced in this Litigation with the exception of a Party or Non-Party's source code, including materials properly designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

7.2.     Disclosure of "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."

Protected Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" may be disclosed by a Receiving Party only to:

1.  the Receiving Party's Outside Counsel of Record and their staff;

2.  persons, including deponent or trial witnesses, if it appears that the person authored or received a copy of the Protected Material, has or would be expected to have prior knowledge of it, or is employed by the party who produced the information, document or thing, or if the designating party consents to such disclosure;

3.  the Court, its technical advisor, its personnel, and the jury in this Litigation and/or the Vizgen Litigation, to the extent permitted by the cross-use agreement in Section 7.4;

4.  court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation and/or the Vizgen Litigation, to the extent permitted by the cross-use agreement in Section 7.4;

5.  persons or entities engaged by a Party or counsel for a Party as Professional Vendors, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

6.  approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

7.  persons or entities engaged by a Party or counsel for a Party to provide jury or trial

12

consulting services, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

8. persons or entities engaged by a Party or counsel for a Party to prepare graphics, visual aids, illustrative exhibits, or demonstrative exhibits provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order; and

9. any other person the Designating Party consents to in writing.

7.3. <u>Disclosure of "CONFIDENTIAL INFORMATION"</u>. Protected Material marked as "CONFIDENTIAL INFORMATION" may be disclosed by a Receiving Party only to:

1. the Receiving Party's Outside Counsel of Record and their staff;

2. persons, including deponent or trial witnesses, if it appears that the person authored or received a copy of the Protected Material, has or would be expected to have prior knowledge of it, or is employed by the party who produced the information, document or thing, or if the designating party consents to such disclosure;

3. the Court, its technical advisor, its personnel, and the jury in this Litigation and/or the Vizgen Litigation, to the extent permitted by the cross-use agreement in Section 7.4;

4. court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation and/or the Vizgen Litigation, to the extent permitted by the cross-use agreement in Section 7.4;

5. persons or entities engaged by a Party or counsel for a Party as Professional Vendors, provided that, prior to receiving "CONFIDENTIAL INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A

agreeing to be bound by the terms of this Order;

6. approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate, or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "CONFIDENTIAL INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

7. persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "CONFIDENTIAL INFORMATION", such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

8. persons or entities engaged by a Party or counsel for a Party to prepare graphics, visual aids, illustrative exhibits, or demonstrative exhibits provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

9. no more than three (3) officers, directors, and employees (including House Counsel) of a Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the undertaking attached as EXHIBIT A agreeing to be bound by the terms of this Order;

10. during the course of a deposition, any deponent who is an officer or employee of the Designating Party, but only to the extent that such disclosures relate to developing a claim or defense in this Litigation and/or the Vizgen Litigation, to the extent permitted by the cross-use agreement in Section 7.4;

11. mock jurors or focus group members (who may not receive or retain physical copies of any CONFIDENTIAL INFORMATION), provided that, prior to receiving

"CONFIDENTIAL INFORMATION," such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Order; and

12. any other person the Designating Party consents to in writing.

7.4.     Cross-Production and Cross-Use. The parties have agreed to permit the cross-use and cross-designation of certain agreed-upon discovery produced in this Litigation by (1) 10x, (2) Harvard, and/or (3) Bruker in the Vizgen Litigation under the same confidentiality designations as those documents were originally produced in this Litigation and have further agreed that such discovery may be disclosed only to the categories of persons under the conditions described in this Order.  Specifically, 10x and Harvard have agreed to permit the cross-use and cross-designation of all discovery produced by 10x and Harvard in the Vizgen Litigation. For the avoidance of doubt, (1) 10x, (2) Harvard, and (3) Bruker as Receiving Parties are authorized to re-produce to the Vizgen Litigation all Party materials originally produced in this Litigation.

## 8.   CONSULTANTS AND EXPERTS: CONDITIONS ON ACCESS TO PROTECTED MATERIAL

8.1.     Written Notice. Prior to a Receiving Party's giving, showing, disclosing, making available, or communicating Protected Material to any expert or consultant under Section 7 (ACCESS TO AND USE OF PROTECTED MATERIAL), the Receiving Party shall:  provide written notice to the Producing Party that includes (i) the person's name and business address; (ii) the person's present employer and title; (iii) the person's up-to-date curriculum vitae or resume; (iv) a listing of all cases in which the expert has provided a written report or given sworn testimony (by deposition, at a hearing, or at trial), and a listing of all companies with which the person has consulted or by which the person has been employed for the past five years, unless prohibited by pre-existing confidentiality obligations, in which case the person shall disclose the existence of the confidentiality obligation; and (v) any previous or current relationship (personal

or professional) with any of the Parties. If the up-to-date curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided. The Receiving Party shall include with such notice, a copy of the Acknowledgment of Protective Order, in the form attached as EXHIBIT A, signed by the proposed expert or consultant agreeing to be bound by the terms of this Order.

8.2.     Objections to Proposed Consultants and Experts. The Producing Party shall be entitled to object to such disclosure to the expert or consultant if the objection is made within three (3) business days after receipt of written notice by stating specifically in writing the reasons why such expert or consultant should not receive the Protected Material. Outside Counsel of Record for the Producing Party and Outside Counsel of Record for the Receiving Party shall meet and confer for the purpose of attempting to resolve the objection within three (3) business days after the Producing Party serves its objection. If the objection is not resolved by the Parties, the objecting party must file within seven (7) calendar days after such meet and confer a motion to prevent disclosure. Otherwise, the objecting party shall be deemed to have waived or withdrawn its objection. In any motion before the Court, the objecting party shall describe the meet and confer efforts to resolve the dispute and shall bear the burden of showing the need for confidentiality and the grounds for its objection. No disclosure of Protected Material shall be made to the proposed expert or consultant until the objection is waived as described above, withdrawn, or sustained by the Court. The filing and pendency of objections shall not limit, delay, or defer any disclosures of Protected Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct such discovery.

8.3.     Authorization and Acknowledgment. To the extent required by this Section, each person authorized to receive Designated Material under this Order to whom Designated Material is to be given, shown, disclosed, made available or communicated in any way, shall first execute an Acknowledgment of Protective Order in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order, acknowledging that Designated Material is subject to this Order, that the person is authorized to receive Designated Material marked as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" that the person has read this Order, that such person agrees to comply with, and be bound by, this Order, and that such person is aware that contempt sanctions may be entered for violation of this Order.

## 9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Litigation and designated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION". Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall disclose that fact the discovery propounding party and be permitted reasonable time to comply with their obligations to the Non-Party prior to production. The Parties shall meet and confer in good faith and seek assistance from the Court if necessary regarding the production of Non-Party confidential information.

## 10. OTHER PROCEEDINGS

10.1.     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" pursuant to this order shall promptly notify the Designating Party of the motion so that the Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed.

10.2.     If a Receiving Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this action as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION", or "CONFIDENTIAL INFORMATION" by a Designating Party, the Receiving Party must:

(d)     promptly notify in writing the Designating Party, including in such notification a copy of the subpoena or court order;

(e)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, including in such notification a copy of this Stipulated Protective Order; and

(f)     cooperate with respect to all reasonable procedures to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party

shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11. PROSECUTION BAR

11.1.    <u>Application of Prosecution Bar</u>.  Absent written consent from the Producing Party, any attorney, patent agent, expert, or consultant of, for, or representing the Receiving Party who gains access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall not be involved in the prosecution of patents or patent applications relating to technology for spatial analysis of tissue, including without limitation spatial analysis of RNA, gene, and protein expression. The patents covered by this prosecution bar include without limitation the patents asserted in this Litigation and any patent or application claiming priority to or otherwise related to the patents asserted in this Litigation, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). This prosecution bar is personal to the person who has gained access to such "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall not be imputed to any other person or entity. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims on behalf of the patent owner (for example, original prosecution, reissue and reexamination proceedings).

11.2.    <u>Permitted Activities</u>.  Thus, the term "prosecution" as used in this paragraph does not encompass the following activities:

    1.    Preparing a patent owner's declarants—including the inventors—for depositions in any proceeding challenging the validity of any patents asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

    2.    Taking depositions of an accused infringer's declarants in any proceeding challenging the validity of any patent asserted in this case or other U.S.

litigations between any of the same parties or their affiliates;

3. Reviewing the inventors' documents relating to conception and reduction to practice of their invention;

4. Discussing, with employees of a patent holder and inventors, discovery in, and the status of, any proceedings challenging the validity of any of that party's patents asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

5. Discussing discovery in, and the status of, proceedings challenging the validity of the Asserted Patents with the patent holder's post-grant counsel;

6. Discussing responses to the arguments advanced by the party attacking the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

7. Drafting patent owner's response and patent owner's preliminary response to any petition challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates; or

8. Drafting declarations in support of patent owner's response to any petition challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates.

To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, or inter partes review).

11.3.    Prohibited Activities.  On the other hand, the term "prosecution" as used in this paragraph does encompass the following activities:

1. Drafting any claim amendments to be proposed in any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates;

2. Providing advice on the direction that claims should take in any proceeding

challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates; and

3.  Discussing potential claim amendments with counsel in connection with any proceeding challenging the validity of any patent asserted in this case or other U.S. litigations between any of the same parties or their affiliates.

11.4.    <u>Duration</u>.    This Prosecution Bar shall begin when access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – SOURCE CODE" is first received by the affected individual and shall end two (2) years after final termination of this Litigation.

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment of Protective Order" that is attached hereto as EXHIBIT A.

## 13. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Counsel shall exert their best efforts to identify information (including documents or material) protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity prior to the disclosure of any such documents or material. If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless produced, whether inadvertent or otherwise, such production is not a waiver or estoppel of the privilege or protection from discovery

in this case or in any other federal or state proceeding. This stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information from production.

If a Producing Party discloses information that it believes is protected privileged or otherwise immune from discovery, the Party shall so advise the Receiving Party in writing within seven (7) business days upon discovery of the disclosure and request the information be returned or destroyed ("Clawback Request"). If that request is made, no Party to this Litigation shall thereafter assert on this basis that the disclosure waived any privilege or immunity. If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall immediately take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; (3) shall immediately, and not later than three (3) business days after receipt of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies thereof; and (4) shall confirm to the Producing Party the destruction of all copies of the information not returned to the Producing Party. If requested within five (5) days after the Producing Party Provides the Clawback Request, the Producing Party shall have one calendar week to provide a privilege log for those materials. The privilege log shall identify for each withheld document: all senders/authors and recipients; the date

of authorship or transmission; the subject(s) of the withheld information; the basis of the privilege (e.g., attorney-client privilege); and any attorney authors or recipients along with their affiliations. No one shall use the fact or circumstances of production of the information in this Litigation to argue that any privilege or protection has been waived. Notwithstanding this provision, no Party or its Outside Counsel of Record shall be required to return or destroy any information that may exist on any disaster recovery or backup system.

The Receiving Party may file a motion to compel the production of information identified by the Producing Party as privileged or protected on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this Litigation. Any such motion shall not disclose or otherwise use the content of the produced document or information (beyond any information appearing on the privilege log) in any way. The Parties expressly acknowledge that documents subject to a Clawback Request cannot be sequestered by a Receiving Party for submission to the Court.

A Producing Party's failure to designate Discovery Material as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" pursuant to this Protective Order shall not constitute a waiver of its rights to subsequently make an appropriate designation, provided that the Producing Party notifies the Receiving Party of the correct designation within ten (10) days of learning of its failure to so designate. The Producing Party shall provide replacement pages bearing the appropriate confidentiality legend and an overlay production load file as soon as reasonably possible.

A Receiving Party's use of Protected Material (either that is subject to a claim of privilege or immunity or to a claim of confidentiality) before receiving a Clawback Request or notice of

failure to designate shall not constitute a violation of the Protective Order. Upon receiving such notice, the Receiving Party shall treat such material according to its designation under the confidentiality designation of this Protective Order or according to the above procedures for privileged or immune materials. In the event the material has been distributed in a manner inconsistent with this Protective Order, a Receiving Party will take the steps necessary to conform distribution to the designation: i.e., returning all copies in its possession, or notes or extracts thereof, to the persons authorized to possess such documents. In the event distribution has occurred to a person not under the control of a Receiving Party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not promptly agreed to in writing, or in the event there is no response, or if the Receiving Party deems the making of the request to be a futile act, the Receiving Party shall promptly notify the Producing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party. This provision shall not preclude the filing of a motion challenging the propriety of the designation or assertion of privilege.

To the extent that any such produced material has been used, included, referenced or summarized in a pleading, deposition or other proceeding, nothing in this paragraph shall require a Receiving Party to purge, redact or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material. Upon a request for return of the produced material, the Receiving Party shall refrain from any further use or dissemination of the inadvertently produced material pending determination of the privilege or confidentiality status of the produced material pursuant to this Order and all applicable laws and rules.

## 14. MISCELLANEOUS

14.1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court.

14.2.   <u>Rights to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3.   Parties agree that the following will not be discoverable: (a) drafts of expert reports, affidavits, or declarations; (b) counsel's communications with experts, affiants, or declarants, or communications between experts, their staff or assistants, and/or counsel, except to the extent such communications are excepted by Federal Rule of Civil Procedure 26(b)(4)(C)(i)-(iii); and (c) experts', affiants', and declarants' notes, drafts, and working papers regarding documents such as reports, disclosures, declarations, affidavits, statements, or any other form of testimony. Communications shall be discoverable only to the extent that the expert in a disclosure has expressly relied on that communication as a basis for an opinion.

## 15. FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all: docket items, including pleadings and motion papers; trial,

deposition, and hearing transcripts; legal memoranda; correspondence including email; deposition and trial exhibits; expert reports; attorney work product, including draft and final discovery requests and written responses; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| RICHARDS, LAYTON & FINGER, P.A. | MORRIS JAMES LLP |
|---|---|
| /s/ *Jason J. Rawnsley* | /s/ *Cortlan S. Hitch* |
| Frederick L. Cottrell, III (#2555) | Kenneth L. Dorsney (#3726) |
| Jason J. Rawnsley (#5379) | Cortlan S. Hitch (#6720) |
| Alexandra M. Ewing (#6407) | MORRIS JAMES LLP |
| 920 North King Street | 500 Delaware Avenue, Suite 1500 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 651-7700 | (302) 888-6800 |
| cottrell@rlf.com | Kdorsney@morrisjames.com |
| rawnsley@rlf.com | Chitch@morrisjames.com |
| ewing@rlf.com | |
| | *Of Counsel:* |
| *Of Counsel:* | Geoffrey M. Raux, Esq. |
| Matthew D. Powers | Ruben J. Rodrigues, Esq. |
| Paul T. Ehrlich | Michael J. Tuteur, Esq. |
| William P. Nelson | Lea Gulotta James, Esq. |
| Stefani C. Smith | John W. Custer, Esq. |
| Robert Gerrity | FOLEY & LARDNER LLP |
| Li Shen | 111 Huntington Avenue, Suite 2500 |
| TENSEGRITY LAW GROUP, LLP | Boston, MA 02199 |
| 555 Twin Dolphin Drive, Suite 650 | (617) 502-3284 |
| Redwood Shores, CA 94065 | (617) 502-3228 |
| | BOST-F-10Xv.Nanostring@foley.com |
| Azra M. Hadzimehmedovic | |
| Aaron M. Nathan | Sarah E. Rieger, Esq. |
| Samantha A. Jameson | Kate E. Gehl, Esq |
| Ronald J. Pabis | Ian T. Hampton, Esq. |
| Kiley White | FOLEY & LARDNER LLP |
| Joanna R. Schacter | 777 East Wisconsin Avenue |
| TENSEGRITY LAW GROUP, LLP | Milwaukee, WI 53202 |
| 1676 International Dr. | (414) 319-7101 |
| Suite 910 | BOST-F-10Xv.Nanostring@foley.com |
| McLean, VA 22102 | |

| | |
|---|---|
| Marguerite M. Sullivan<br>Molly M. Barron<br>Jesse Aaron Vella<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2200<br>10x_Harvard_NSTG_Service@tensegritylaw<br>group.com<br><br>**Attorneys for Plaintiff 10x Genomics, Inc.**<br><br>Dated: July 19, 2024 | Jarren N. Ginsburg, Esq.<br>Alan D. Rutenberg, Esq.<br>FOLEY & LARDNER LLP<br>Washington Harbour<br>3000 K Street NW, Suite 600<br>Washington, DC 20007<br>(202) 295-4071<br>BOST-F-10Xv.Nanostring@foley.com<br><br>**Attorneys for Plaintiff President and Fellows of Harvard College** |
| FARNAN LLP<br><br>/s/ *Brian E. Farnan*<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>FARNAN LLP<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 777-0300<br>Fax: (302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Of Counsel:*<br>Edward R. Reines<br>Derek C. Walter<br>Karnik F. Hajjar<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, California 94065<br>Telephone: 650-802-3000<br><br>Amanda Branch<br>Christopher Pepe<br>Kristin Sanford<br>Anne Corbett<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: (202) 682-7000 | |

| Eric S. Hochstadt | |
| Natalie C. Kennedy | |
| Yi Zhang | |
| Spencer Talbot (*pro hac motion pending*) | |
| WEIL, GOTSHAL & MANGES LLP | |
| 767 Fifth Avenue | |
| New York, NY 10153-0119 | |
| Nanostring.10X@weil.com | |
| | |
| ***Counsel for Bruker Spatial Biology, Inc.*** | |
| ***and Bruker Nano, Inc.*** | |
| | |
| Dated: July 19, 2024 | |

SO ORDERED.

MATTHEW F. KENNELLY
United States District Court Judge

Dated:  July 19, 2024

# EXHIBIT A
## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

### UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

|  |  |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>   Plaintiffs,<br><br> v.<br><br>Bruker Spatial Biology, Inc. and Bruker Nano, Inc.,<br><br>   Defendants. | C.A. No. 22-cv-261-MFK<br><br>**DEMAND FOR JURY TRIAL** |

I state that:

I have read and reviewed in its entirety the annexed Stipulated Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 20____.


Signature:      _____

Typed/Printed Name:   _____

**EXHIBIT B**
**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>         Plaintiffs,<br><br>   v.<br><br>Bruker Spatial Biology, Inc. and Bruker Nano, Inc.,<br><br>         Defendants. | C.A. No. 22-cv-261-MFK<br><br>**DEMAND FOR JURY TRIAL** |

1.      This agreement is made between:

_____ [NAME OF COUNSEL or CONSULTANT]

and _____ [NAME OF PARTICIPANT], residing at

_____                [ADDRESS       OF

PARTICIPANT].

2.      I understand that, in connection with the research project in which I am participating today, I may receive information that is confidential, and that I may not share or disclose that information with anyone (including members of my family) outside of this research group.

3.      I agree not to disclose any information I learn here today to anyone outside of this research group, or to not use such information in any way outside of my participation in this research project today.

4.      I agree that, at the end of the research project today, I will not keep or take with me any documents or other materials shown to me, or any notes or other records I may make about

1

those documents or other materials shown to me today.

Signed:         _____

Name:          _____

Date:           _____